1   WILLIAM G. MALCOLM #129271
    DON ROBINSON #123411
2   MALCOLM ♦ CISNEROS
    2112 Business Center Drive
3   2nd Floor
    Irvine, California 92612
4   Telephone:    (949) 252-9400
    Telecopier:   (949) 252-1032
5
    Counsel for CENTRAL MORTGAGE COMPANY and DEUTSCHE
6   BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR
    DOWNEY 2006-AR1
7

8                    UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10  SHAHIDA ALI,                          Case No.   CV10-3798 GAF (FMOx)

11               Plaintiff,

12                                        **NOTICE OF MOTION AND MOTION TO
                                          DISMISS COMPLAINT AGAINST CENTRAL**
13       vs.                              **MORTGAGE COMPANY AND DEUTSCHE
                                          BANK NATIONAL TRUST COMPANY AS**
14                                        **TRUSTEE FOR DOWNEY 2006-AR1 FOR
                                          FAILURE TO STATE A CLAIM UPON WHICH**
15  DOWNEY SAVINGS AND LOAN;              **RELIEF MAY BE GRANTED;**
    CENTRAL MORTGAGE                      **MEMORANDUM OF POINTS AND**
16  COMPANY; DEUTSCHE BANK                **AUTHORITIES IN SUPPORT THEREOF**
    NATIONAL TRUST COMPANY; and
17  DOES 1-100, Inclusive,                **[F. R. Civ. P. 12(b)(6)]**

18               Defendants.             **Date:   June 28, 2010**
                                         **Time:  9:30 a.m.**
19                                       **Ctrm:  740**

20

21

22  **TO  THE  HONORABLE  GARY  A.  FEESS,  UNITED  STATES  DISTRICT  COURT**

23  **JUDGE, AND PLAINTIFF:**

24       PLEASE TAKE NOTICE that on June 28, 2010 at 9:30 a.m., or soon thereafter as the

25  matter may be heard in Courtroom 740 of the above entitled Court, located at 312 N. Spring

26  Street, Los Angeles, California 90012, Defendants Central Mortgage Company and Deutsche

27  Bank National Trust Company as Trustee for Downey 2006-AR1 will and hereby do move the

28  Court to dismiss the Complaint herein for failure to state a claim upon which relief may be

granted.   This Motion is made and based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure.  This Motion will be based upon this Notice, the attached Memorandum of Points and Authorities, the Request for Judicial Notice and Declaration of William G. Malcolm filed in conjunction with the Motion, and upon all pleadings, papers and documents on file herein, and any oral argument which may be presented at the time of the hearing.

Dated:  May 24, 2010

MALCOLM ◆ CISNEROS

By: _____
WILLIAM G. MALCOLM
Attorneys for CENTRAL MORTGAGE COMPANY and
DEUTSCHE BANK NATIONAL TRUST COMPANY
AS TRUSTEE FOR DOWNEY 2006-AR1

1                     **MEMORANDUM OF POINTS AND AUTHORITIES**

2        **I.       STATEMENT OF FACTS**

3                     On December 16, 2005, Plaintiff Shahida Ali ("Ali") executed a promissory note

4        ("Note") promising to pay Defendant Downey Savings and Loan Association, F.A. ("Downey")

5        $477,600.00 secured by a deed of trust ("Deed of Trust") on the real property located at 688

6        Featherwood Drive, Diamond Bar, California 91765 ("Property"). Request for Judicial Notice,

7        Exh. 1.   The Deed of Trust identified Downey as the "Lender" and "beneficiary" and DSL

8        Service Company ("DSL") as the "Trustee."   *Id.*, Exh. 1, pp. 1-2.   Downey subsequently

9        transferred the note and Deed of Trust to Mortgage Electronic Registration Systems, Inc.

10       ("MERS").

11                    On April 3, 2009, MTC Financial Inc. dba Trustee Corps ("Trustee Corps")

12       recorded a Notice of Default and Election to Sell Under Deed of Trust.   Request for Judicial

13       Notice, Exh. 2.   On July 1, 2009, MERS executed an Assignment of Deed of Trust ("CMC

14       Assignment") transferring the note and Deed of Trust to Defendant Central Mortgage Company

15       ("CMC").   *Id.*, Exh. 3.   The CMC Assignment was recorded on October 6, 2009.   CMC

16       executed a Substitution of Trustee naming Trustee Corps as the Trustee on July 1, 2009.   *Id.*,

17       Exh. 4.  The Substitution of Trustee was also recorded on October 6, 2009.  On the same day,

18       Trustee Corps recorded a Notice of Trustee's Sale. *Id.*, Exh. 5.

19                    On December 22, 2009, an Assignment of Deed of Trust ("Deutsch Bank

20       Assignment") from CMC to Defendant Deutsche Bank National Trust Company as Trustee for

21       Downey 2006-AR1 ("Deutsche Bank"), executed on July 1, 2009, was recorded.  Request for

22       Judicial Notice, Exh. 6.   A Trustee's Deed Upon Sale, showing the Property was sold to

23       Deutsche Bank was also recorded on December 22, 2009.  Id., Exh. 7.

24                    On March 15, 2010, Ali filed the Complaint for Declaratory Relief and for

25       Damages Arising From: 1. Declaratory Relief; 2. Fraud; 3. Tortious Violation of Statute; 4.

26       Quiet Title; 5. Reformation; 6. Violation of Business and Professions Code Section 17200; 7.

27       Violation of CA Civ. Code § 2923.6; 8. Violation of CA Civ. Code 2923.5[1]; 9. Violation of CA

28       _____

[1] The cause of action appears in the caption but not in the body of the Complaint.

1    Civ. Code 2924; 10. Violation of CA Civ. Code § 1788.17; 11. Injunctive Relief ("Complaint")

2    in the Los Angeles County Superior Court.  The Complaint was subsequently removed to this

3    Court.

4       II.    **DISCUSSION**

5          A.    **Dismissal Is Appropriate Under Rule 12(b)(6)**

6              "A motion to dismiss will be granted where the plaintiff fails to state a claim

7    upon which relief can be granted. Fed.R.Civ.P. 12(b)(6)." *McManus v. American Express Tax*

8    *and Business Services, Inc.*, 67 F.Supp.2d 1083, 1086 (D. Ariz. 1999). Rule 12(b)(6) allows a

9    defendant "to test whether, as a matter of law, the plaintiff is entitled to legal relief even if

10   everything in the alleged complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

11   Review is limited to the contents of the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d

12   752, 754 (9th Cir. 1994).

13              However, exhibits attached to the complaint, as well as matters of public
              record may be considered in determining whether dismissal was proper without
14            converting to the motion to one for summary judgment. See *Parks School of*
              *Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995); *Mack v. South Bay*
15            *Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986).

16   *Carpenter v. FDIC (In re Carpenter)*, 205 B.R. 600, 604 (BAP 9th Cir. 1997).

17              In the present case, the Deed of Trust, the CMC Assignment, the Deutsche Bank

18   Assignment, Substitution of Trustee, Notice of Default, Notice of Sale, and Trustee's Deed

19   Upon Sale are matters of public record.  As such, these documents may be considered without

20   converting the 12(b)(6) motion to a motion for summary judgment.   See, e.g., *Branch v.*

21   *Tunnell*, 14 F.3d 449, 453-454 (9th Cir. 1994).

22              In the past, courts held that a dismissal is warranted only where "it appears

23   beyond doubt that the Plaintiff *can prove no set of facts* which would entitle him [or her] to

24   relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (emphasis

25   added).  The United States Supreme Court rejected this test  in *Bell Atlantic Corp. v. Twombly*,

26   550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and held that in order to survive a

27   motion to dismiss for failure to state a claim a complaint must set forth "enough facts to state a

28   claim for relief that is *plausible on its face*." *Id.*, 550 U.S. at 570 (emphasis added).

1    Ali's Complaint fails to do so.  Consequently, the Complaint must be dismissed.

2    The declaratory relief cause of action is based upon a theory rejected by every court to consider

3    the issue.  The fraud causes of action are barred by the statute of limitations, fail to plead fraud

4    with particularity, and are based upon representations by parties other than CMC or Deutsche

5    Bank.  Although the caption of the complaint contains a ninth cause of action for violation of

6    Civil Code § 2924, the ninth cause of action actually alleges a violation of Civil Code § 1572,

7    which relates to "actual fraud."  That cause of action fails to state a claim for relief for the same

8    reason as the other fraud causes of action.

9    The cause of action for tortuous violation of statute is too conclusory to state a

10   claim for relief and would be barred by the statute of limitations if it were amended to state a

11   claim for relief. The reformation cause of action is largely a restatement of the fraud cause of

12   action and does not name CMC or Deutsche Bank as defendants.  The quiet title cause of action

13   is fatally defective in that it is not accompanied by a valid and viable tender of payment of the

14   indebtedness owing.   The cause of action for violation of Business and Professions Code §

15   17200 does not allege or identify any violation of the statute and is barred by the statute of

16   limitations.

17   Ali lacks standing to allege a violation of Civil Code § 2923.6 and cannot state a

18   claim for violation of the Rosenthal Fair Debt Collection Practices Act since foreclosing on a

19   property pursuant to a deed of trust is not debt collection within the meaning of the statute.  The

20   injunction cause of action is moot since the foreclosure sale has already occurred.

21   Lack of a valid legal claim makes trial unnecessary even if the alleged facts are

22   true.   11 Moore's Federal Practice, ¶ 56.02, pp. 56-20 – 56-21 n. 8 (3d ed. 2003) (citing

23   *Gonzalez v. Torres*, 915 F.Supp. 511, 515 (D.P.R. 1996)).

24

25
### C.   The Declaratory Relief Cause of Action Fails to State a Claim for Relief and Should Be Dismissed

26   In the first cause of action, Ali alleges that "[a]n actual controversy exists in

27   which the parties must ascertain their rights, duties and right to title in the Subject Property."

28   Complaint, p. 5, ¶ 17.   The existence of an actual controversy hinges upon the Court's

1  determination that Ali has set forth valid claims for relief in the Complaint's general allegations

2  and other causes of action.   Since she has not done so, the controversy is illusory and

3  declaratory relief is unnecessary.

4        Ali bases the assertion that an actual controversy exists on the allegation "(a) that

5  Plaintiff tendered the full amount owing as of the date of tender as more particularly alleged in

6  paragraph 9; (b) Defendants are not entitled to proceed with the foreclosure until such

7  compliance occurs; and (c) on information and belief, that Defendants are not otherwise entitled

8  to continue with said foreclosure because of the lack of proper statutory execution of the deed of

9  trust as more fully alleged in paragraphs 12 through 15." Complaint, p. 5, ¶ 20.

10        CMC and Deutsche Bank have no record of Ali's alleged tender and neither

11  paragraph 9 nor any other paragraph of the Complaint "more particularly" describes Ali's

12  alleged tender.  Paragraph 9 simply provides:

13      9.   Plaintiff further alleges on information and belief that none of these
alleged beneficiaries or representatives of the Beneficiary have the original note to
14  prove that they are in fact the party authorized to conduct the foreclosure.

15  Complaint, p. 3, ¶ 9.

16        Inasmuch as the Complaint fails to indicate when Ali tendered payment, to

17  whom, and in what form, the cause of action fails to state a claim for relief.

18        The allegation that Defendants are not entitled to proceed with the foreclosure

19  until "such compliance occurs" is meaningless since Ali has failed to identify any statute or

20  regulation with which defendants must comply or have failed to comply.

21        The allegation that none of defendants have the original note in their possession

22  is yet another example of what the United States for the Southern District of California recently

23  characterized in an unpublished decision as "thousands of these "Produce the Note" suits - suits

24  one judge found to be frivolous and generic ...." *Sicairos v. NDEX West, LLC*, 2009 U.S. Dist.

25  LEXIS 11223 (S.D. Cal. Feb. 13, 2009).[2]

26        The allegation that a lender foreclosing under a deed of trust must have the

27  original promissory note in its possession, produce it to the borrower (who signed the note and

28  [2] A copy of this decision is attached to the Malcolm Declaration as Exhibit A.

6

presumably has a copy), or provide it to the trustee has been rejected by virtually every court to consider the issue.[3]  While most of these decisions are unpublished, published decisions provide support for their reasoning.   As the United States District Court for the Northern District of California recently stated:

> Under California law, there is no requirement for the production of an original promissory note prior to initiation of a nonjudicial foreclosure. Therefore, the absence of an original promissory note in a nonjudicial foreclosure does not render a foreclosure invalid.

*Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009) (citations omitted); See also *California Trust Co. v. Smead Inv. Co.*, 6 Cal. App. 2d 432, 434-435 (1935) (failure of a lender to deliver the trust deed and the note to the trustee is not sufficient to invalidate a trustee's sale); *Resolution Trust Corp. v. Love*, 36 F.3d 972, 974-975 (10th Cir. 1994) (party seeking to enforce a note need not possess it under Wyoming law); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1172, 1181 (D. Ariz. 2009) (rejecting the "show me the note" theory under Arizona law).

Contrary to Ali's assumption, Civil Code 2932.5 does not require an assignment to be physically attached to the note; it simply requires the assignment to be duly acknowledged and recorded, which occurred in the present case.  Request for Judicial Notice, Exhs. 3, 6.  Since there is no requirement to possess a copy of the promissory note or physically attach the assignment to the note in order to initiate a foreclosure, the cause of action for declaratory relief fails to state a claim for relief as a matter of law.

## D.   The Fraud And Reformation Causes of Action Fail To State Claims For Relief And Should Be Dismissed

In the second cause of action for fraud, Ali alleges that Defendants defrauded her

---

[3] See, e.g., *Hernandez v. California Reconveyance Co.*, 2009 U.S. Dist. LEXIS 13936 (E.D. Cal. 2009) ("No requirement exists under the statutory framework to produce the original note to initiate non-judicial foreclosure"); *Gamboa v. Trustee Corps*, 2009 U.S. Dist. LEXIS 19613 (N.D. Cal. 2009) ("Plaintiffs' allegations regarding Central's possession of a note … do not allege violations of the statutes governing non-judicial foreclosures"); *Tina v. Countrywide Home Loans, Inc.*, 2009 U.S. LEXIS 17050 (S.D. Cal. 2009) ("Under California law, an allegation that the trustee did not have the original note ... is insufficient to render the foreclosure proceeding invalid").

1    by representing:

2    •   they were the owner of the Trust Deed and Note as either the Trustee or
         the Beneficiary regarding Plaintiff's real property. Based on this
3        representation, they caused a Notice of Default to be issued and recorded
         without disclosing their true role, and thereafter a notice of intent to
4        foreclose and finally they executed a foreclosure, which was completed,
         permanently affecting Plaintiff's right, title and interest in the Subject
5        Property." Complaint, p. 6, ¶ 23.

6    •   that Plaintiff did qualify for underwriting, and that the loan was within
         Plaintiff's personal financial needs and limitations given the confidential
7        financial information that Plaintiff shared with Defendants. Complaint, p.
         7, ¶ 25.
8
9    •   that the loan was the best they could obtain for her and well within
         Plaintiff's financial needs and limitations. Complaint, p. 7, ¶ 27.

10   •   Defendants, and each of them, were working for the benefit of Plaintiff
         and in their (sic) particular best interest to obtain for them (sic) the best
11       loan and at the best rates available. Complaint, p. 7, ¶ 28

12       The ninth cause of action is simply a restatement of the second cause of action

13   based on an alleged violation of Civil Code § 1572, which governs "actual fraud."

14       The fraud causes of action are fatally defective for myriad reasons. First, there is

15   no allegation that CMC and Deutsche Bank, the moving parties, made any representations

16   whatsoever. Neither CMC nor Deutsche Bank made the loan, told Ali that she qualified for

17   underwriting or that the loan met her personal financial needs, or represented that the loan was

18   the best that they could obtain for her at the best available rate.

19       Second, both CMC and Deutsche Bank became beneficiaries of the Deed of

20   Trust by assignment. Thus, if either represented that it was the beneficiary of the Deed of Trust,

21   that representation was true. Request for Judicial Notice, Exhs. 3, 6.

22       Third, Ali has failed to comply with the heightened pleading requirements of

23   Fed.R.Civ.P. 9(b), which provides that "[i]n all averments of fraud or mistake, the

24   circumstances constituting fraud or mistake shall be stated with particularity." "The complaint

25   must specify such facts as the times, dates, places, benefits received, and other details of the

26   alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). "Further, a

27   pleader must identify the individual who made the alleged representation and the content of the

28   alleged representation." *In re Hansen Natural Corp. Sec. Litigation*, 527 F. Supp. 2d 1142,

1   1151 (C.D. Cal. 2007) (internal quotations and citation omitted).   "[M]ere conclusory

2   allegations of fraud are insufficient."   *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531,

3   540 (9th Cir. 1989).  The fraud causes of action fail to identify a single individual who allegedly

4   made a misrepresentation, provide the day, month or year that the misrepresentation was

5   allegedly made, or explain why CMC or Deutsche Bank, which did not make the loan, should be

6   held liable for any alleged misrepresentations made by other parties.

7       The Complaint lacks any specifics as to time, place, and contents of the alleged

8   false representations, other than the allegation that unidentified Defendants falsely represented

9   that Plaintiff could repay the loan.  That alleged misrepresentation fails to state a claim for relief

10  on the basis of fraud since it is a prediction or opinion as to Plaintiff's ability to repay the loan

11  rather than a misstatement of an existing fact.

12      As the United States District Court for the Central District of California has

13  noted:

14              The alleged misrepresentation must ordinarily be an affirmation of
                past or existing facts to be an actionable fraud claim; predictions as to future
15              events are deemed opinions, and not actionable by fraud. 5 Witkin, Summary of
                Cal. Law (9th ed. 1988) Torts, § 676-678, pp. 778-80; *San Francisco Design*
16              *Center Assoc. v. Portman Co.*, 41 Cal. App. 4th 29, 50 Cal. Rptr. 2d 716, 724
                (1995). The alleged misrepresentation must also ordinarily be a specific factual
17              assertion; generalized statements are usually not actionable as fraud. *In re All*
                *Terrain Vehicle Litigation*, 771 F. Supp. 1057, 1060 (C.D. Cal. 1991), modified on
18              other grounds in, 978 F.2d 1265, 979 F.2d 755 (9th Cir. 1992).

19  *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1093 (C.D. Cal. 1999).

20      Finally, the fraud causes of action are barred by the statute of limitations.  The

21  statute of limitations for fraud is three years.  Cal. Civ. Proc. Code § 338(d); *Ritchey v. Upjohn*

22  *Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. Cal. 1998).  The loan was executed on December 16,

23  2005.  Ali filed the Complaint on March 15, 2010, almost five years later.

24      The fourth cause of action for reformation is largely a restatement of the fraud

25  cause of action and suffers from the same fatal defects, in addition to three defects unique to that

26  cause of action.[4]   First, the cause of action does not name CMC or Deutsche Bank as

27  _____

28  [4] The cover page of the Complaint identifies reformation as the fifth cause of action.  It is listed as
    the fourth cause of action in the body of the Complaint.

1    defendants.  The second defect is reflected in the prayer for relief, which seeks damages but

2    does not request reformation of the Note and Deed of Trust.  Complaint, p. 45, ¶¶ 1-5.

3           The final defect stems from Ali's allegation that she was defrauded into entering

4    into the contract.  Complaint, p. 34, ¶¶ 154-155.  As the Ninth Circuit Court of Appeals has

5    observed:

6           Section 3399 of the California Civil Code, Cal. Civ. Code § 3399 (West
            1970), states with respect to reformation: When, through fraud or a mutual mistake
7           of the parties, or a mistake of one party, which the other at the time knew or
            suspected, a written contract does not truly express the intention of the parties, it
8           may be revised on the application of a party aggrieved, so as to express that
            intention, so far as it can be done without prejudice to rights acquired by third
9           persons, in good faith and for value.

10          Reformation is only appropriate to effectuate a common intention of the
            parties that was incorrectly reduced to writing; it is not an appropriate remedy to
11          alter a contract that would not have been entered into at all save for a mistake.
            *Lemoge Electric v. County of San Mateo*, 46 Cal. 2d 659, 663, 297 P.2d 638, 640-
12          41 (1956); B. Witkin, 1 Summary of California Law, Contracts § 304, at 255-56
            (8th ed. 1973); see also *Anderson v. Yousem*, 177 Cal. App. 2d 135, 143, 1 Cal.
13          Rptr. 889, 894 (1960).

14   *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 460 (9th Cir. Cal. 1986).

15          Since Ali is alleging that she would not have entered into the contract but for the

16   fraud of the Defendants, reformation is inappropriate.

17       **E.    The Third Cause of Action For Tortious Violation Of Statute Fails
                 To State A Claim For Relief**
18

19          In the third cause of action, Ali alleges that Defendants violated the Real Estate

20   Settlement Procedures Act ("RESPA") "as more particularly alleged in paragraphs."

21   Complaint, p. 33, ¶ 148.  The paragraphs in question are never identified and how Defendants

22   allegedly violated RESPA remains a mystery.

23          The allegations are conclusory and devoid of factual detail.  It is impossible to

24   determine what CMC or Deutsche Bank or any other defendant is alleged to have done and how

25   their actions violated the statute.  Defendants should not be required to guess. See *Associated

26   Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct.

27   897, 74 L. Ed. 2d 723 (1983) (in deciding a motion to dismiss, the court must not "assume that

28   the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the ...

1    laws in ways that have not been alleged.").

2              As a Bankruptcy Court observed:

3              A complaint is worthy of dismissal when "the factual detail . . . [is] so
        sketchy that the complaint does not provide the type of notice of the claim to
4        which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v.
        A.T. & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).
5

6    *Miller v. Ameriquest Mortg. Co. (In re Laskowski)*, 384 B.R. 518, 532-533 (Bankr. N.D. Ind.

7    2008).

8              That is clearly the case here.  There is not a single allegation in the Complaint

9    from which the Court could infer that CMC or Deutsche Bank violated RESPA.  "Conclusory

10    allegations of law ... are insufficient to defeat a motion to dismiss." *Lee v. City of Los Angeles*,

11    250 F.3d 668, 679 (9th Cir. 2001).

12              Moreover, Ali's cause of action for an alleged violation of the RESPA § 2607 is

13    barred by the statute of limitations set forth in 12 U.S.C. § 2614, which provides:

14              Any action pursuant to the provisions of section 6, 8, or 9 [12 USCS §
        2605, 2607, or 2608] may be brought in the United States district court or in any
15        other court of competent jurisdiction, for the district in which the property
        involved is located, or where the violation is alleged to have occurred, within ... 1
16        year in the case of a violation of section 8 or 9 [12 USCS § 2607 or 2608] from the
        date of the occurrence of the violation ....
17

18    12 U.S.C. § 2614; See also *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176,

19    191 (D. Tex. 2007).

20              Since the loan closed on December 16, 2005, the statute of limitations had

21    expired by the time Ali filed the Complaint on March 15, 2010.

22              Ali's assertion that the claims "are not time barred as the purpose of the fees was

23    not explained to Plaintiff at the time of the closing and signing of the subject loan" is frivolous.

24    Complaint, p. 33, ¶ 151.  As assignees, CMC and Deutsche Bank did not make the loan and had

25    no responsibility to explain fees they did not charge Ali.

26    **F.    The Fifth Cause of Action to Quiet Title and Set Aside the
        Foreclosure Fail To State A Claim For Relief**
27

28              The fifth cause of action to quiet title and set aside the foreclosure proceedings is

1    based on the fraud cause of action, which fails to state a claim for relief.  Complaint, pp. 36-37,

2    ¶ 166.  The cause of action also fails to state a claim for relief because Ali has failed to tender

3    payment of the undisputed portion of the indebtedness owing.

4                    It is settled law in California that an action to set aside a trustee's foreclosure sale

5    under a deed of trust must be accompanied by a valid and viable tender of payment of the

6    indebtedness owing. *Great Western Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1225 (1985).

7                    In a situation similar to the one at bench, the court in *Leonard v. Bank of
        America etc. Assn.*, 16 Cal.App.2d 341, 344 held "…[Our] Supreme Court, in one
8        of its earliest decisions on the subject, said:

9                    "… It is apparent from the general tenor of the decisions that an action to
        set aside the sale, unaccompanied by an offer to redeem, would not state a cause of
10       action which a court of equity would recognize."  [*Copsey v. Sacramento Bank*,
        133 Cal. 659, 662 (1901)].
11
                    In giving determinative force to the application of the principle of equity-
12       jurisprudence just enunciated, the court has taken requisite cognizance of the fact
        that it appears without any conflict that the plaintiff was both at the time of the
13       exercise of the power of foreclosure and is now in substantial default in the
        performance of the obligation of her contract and that she has in no manner shown
14       by the evidence any ability to presently relieve herself from such defaults.  Equity
        will not interpose its remedial power in the accomplishment of what would
15       seemingly would be nothing but an idly and expensively futile act, nor will it
        purposely speculate in a field where there has been no proof as to what beneficial
16       purpose may be subserved through its intervention.

17   *Karlsen v. American Savings and Loan Assn.*, 15 Cal.App.3d 112, 117-118 (1971).

18                   The same is true of action to quiet title.  As the California Supreme Court noted

19   almost 75 years ago, "[i]t is settled in California that a mortgagor cannot quiet his title against

20   the mortgagee without paying the debt secured."  *Shimpones v. Stickney*, 219 Cal. 637, 649

21   (1934).

22                   Having failed to tender payment, Ali has failed to state a claim against any of the

23   defendants to quiet title or set aside the foreclosure proceedings.

24       **G.    The Sixth Cause of Action for Violation of Business and Professions
             Code §17200 Fails To State A Claim For Relief and Should Be
25           Dismissed**

26                   The sixth cause of action against Downey and CMC alone alleges that as a direct

27   result of defendants' unspecified acts Ali has incurred actual damages consisting of "mental and

28   emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry,

mortification, shock, humiliation, indignity, pain and suffering, and other injuries." Complaint, p. 38, ¶ 171. Curiously, the cause of action does not allege or identify any violation of Business and Professions Code 17200. For that reason alone, it fails to state a claim for relief.

In addition, the cause of action is barred by the statute of limitations and does not even purport to state a claim for relief against Deutsche Bank. The statute of limitations for unfair competition claims in violation of California Business and Professions Code § 17200 et seq. is four years, which begin to run on the date the cause of action accrued, not on the date of discovery. Cal. Bus. & Prof. Code § 17208; *Karl Storz Endoscopy-Am., Inc. v. Surgical Techs.*, Inc., 285 F.3d 848, 857 (9th Cir. 2002). The loan agreement was executed on December 16, 2005. Consequently, the statute of limitations had expired by the time Ali filed the Complaint on March 15, 2010. As such, amendment of the cause of action would be futile and the cause of action should be dismissed with prejudice.

**H.    The Seventh Cause of Action for Violation of Civil Code § 2923.6 Fails to State a Claim for Relief**

In the seventh cause of action, Ali alleges that Civil Code § 2923.6 requires loan servicers "to accept loan modifications with borrowers." Complaint, p. 39, ¶ 178. Ali alleges that she is "willing, able, and ready to execute a modification of her loan" by reducing the principal to $350,000 payable over a period of 30 years at an interest rate of 3.0%. *Id.*, pp. 39-40, ¶ 182. The Notice of Trustee's Sale recorded on October 6, 2009 shows that the principal of the loan was then $603,212.26. Request for Judicial Notice, Exh. 5. Ali alleges that "pursuant to California Civil Code § 2823.6 (sic), Defendants are now contractually bound to accept the loan modification as provided above." *Id.*, p. 40, ¶ 188.

Civil Code § 2923.6 provides:

(a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:

(1) The loan is in payment default, or payment default is reasonably foreseeable.

(2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

(b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

(c) This section shall remain in effect only until January 1, 2013, and as of that date is repealed, unless a later enacted statute, that is enacted before January 1, 2013, deletes or extends that date.

Declaring that a servicer "acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan" and declaring it is the intent of the Legislature that a lender offer a loan modification or workout plan "if such a modification or plan is consistent with its contractual … authority" is not tantamount to requiring lenders to offer workout plans.  It is clear that the statute is intended to encourage lenders to offer workouts without requiring them to do so.  Interpreting the statute as Ali suggests would run afoul of the Contract Clause of United States Constitution, Article I, section 10, clause 1, which prohibits the states from enacting any law "impairing the Obligation of Contracts …."

Indeed, Courts have found that nothing in California Civil Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers for violation of the statute.  *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1188 (N.D. Cal. 2009); See also *Farner v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 5303, 4-5 (S.D. Cal. Jan. 26, 2009).[5]

As such, the cause of action fails to state a claim for relief as a matter of law and should be dismissed with prejudice.

I.     **The Eighth Cause of Action for Violation of the Rosenthal Fair Debt Collection Practices Act Fails to State a Claim for Relief**

In the eighth cause of action, Ali alleges that Defendants violated the state and federal Fair Debt Collection Practices Act.  Ali draws no distinction between defendants, although none of the allegations arguably relevant to the lender or trustee under the Deed of Trust apply to CMC or Deutsche Bank, assignees of the Deed of Trust.

---

[5] A copy of this decision is attached to the Malcolm Declaration as Exhibit B.

1   The Federal Rules of Civil Procedure require a plaintiff to provide a defendant
2   with "'a short and plain statement of the claim'" that will give the defendant fair notice of what
3   the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47,
4   78 S. Ct. 99, 2 L. Ed. 2d 80, *overruled* in part by *Bell Atlantic Corp. v. Twombly*, *supra*, 550
5   U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929. The eighth cause of action not only fails to give
6   CMC and Deutsche Bank fair notice of what the claim is and the grounds upon which it rests,
7   but must be dismissed on the grounds that defendants are not "debt collectors" for purposes of
8   the statute.

9   Both the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and its
10  federal counterpart, the Fair Debt Collection Act ("FDCA"), were enacted to protect consumers
11  from abusive practices by debt collectors. See Cal. Civ. Code § 1788.10(e); 15 U.S.C. §
12  1692(e). However, the law is clear that foreclosing on a property pursuant to a deed of trust is
13  not debt collection within the meaning of the RFDCPA or the FDCA. See *Izenberg v. ETS*
14  *Servs., LLC*, 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008); *Hulse v. Ocwen Federal Bank,*
15  *FSB*, 195 F.Supp.2d 1198, 1204 (D. Ore. 2002); *Heinemann v. Jim Walter Homes, Inc.*, 47
16  F.Supp.2d 716, 722 (N.D. W.Va. 1998).

17  Consequently, the cause of action fails to state a claim against any of the
18  defendants.

19  **J.    The Tenth Cause of Action for an Injunction Fails to State a Claim**
20  **for Relief**

21  In the final cause of action, Ali reiterates the argument that Defendants lack
22  standing to enforce the note and to foreclose on Ali's home. Complaint, pp. 43-44, ¶ 208. Ali
23  alleges that "[i]njunctive relief is necessary to enjoin Defendants from foreclosing upon
24  Plaintiff's Home ...." *Id.*, p. 44, ¶ 211.

25  Ali bases the injunctive relief cause of action solely on the merits of other causes
26  of action. Since those causes of action fails to state claims for relief, Ali has failed to establish a
27  reasonable probability of success on the merits and there is no basis for an injunction.
28  "'Injunctive relief is a remedy and not, in itself, a cause of action ....' *Shell Oil Co. v. Richter*

1    (1942) 52 Cal.App.2d 164, 168." (*McDowell v. Watson* (1997) 59 Cal. App. 4th 1155, 1159.)

2    An injunction "may not be issued if the underlying cause of action is not established." (*Art

3    Movers v. Ni W.* (1994) 3 Cal.App.4th 640, 647.)

4    Moreover, the injunctive relief cause of action is moot since the foreclosure sale

5    has already occurred. "The sole function of an action for injunction is to forestall future

6    violations." *United States v. Oregon State Medical Soc.*, 343 U.S. 326, 332, 72 S. Ct. 690, 695,

7    96 L. Ed. 978 (1952). Though courts "'possess great authority, they lack the power, once a bell

8    has been rung, to unring it.'" *Knaust v. City of Kingston, N.Y.*, 157 F.3d 86, 88 (2d Cir.

9    1998)(quoting *CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc.*, 48 F.3d 618, 621 (1st Cir.

10   1995)). "Where the activities sought to be enjoined already have occurred, … the action is moot,

11   and must be dismissed." *Bernhardt v. County of L.A.*, 279 F.3d 862, 871 (9th Cir. 2002).

12   **III.    CONCLUSION**

13   In order to survive a motion to dismiss for failure to state a claim a complaint

14   must set forth "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic

15   Corp. v. Twombly*, *supra*, 127 S.Ct. at 167. Ali's Complaint constitutes nothing more than the

16   formulaic recitation of some but not all of the elements of various causes of action lacking in

17   specific facts, implausible on their face, and barred by the statute of limitations. As such, the

18   Complaint should be dismissed.

19   Dated: May 24, 2010

20                                 MALCOLM ♦ CISNEROS

21

22   By:   _____
                WILLIAM G. MALCOLM
23              Attorneys for CENTRAL MORTGAGE COMPANY and
                DEUTSCHE BANK NATIONAL TRUST COMPANY
24              AS TRUSTEE FOR DOWNEY 2006-AR1

25

26

27

28