WILLIAM G. MALCOLM #129271
DON ROBINSON #123411
MALCOLM ♦ CISNEROS
2112 Business Center Drive
2nd Floor
Irvine, California 92612
Telephone:  (949) 252-9400
Telecopier:  (949) 252-1032

Counsel for CENTRAL MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR DOWNEY 2006-AR1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SHAHIDA ALI,<br><br>Plaintiff,<br><br>vs.<br><br>DOWNEY SAVINGS AND LOAN; CENTRAL MORTGAGE COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY; and DOES 1-100, Inclusive,<br><br>Defendants. | Case No.  CV10-3798 GAF (FMOx)<br><br>**DECLARATION OF WILLIAM G. MALCOLM IN SUPPORT OF MOTION TO DISMISS COMPLAINT AGAINST CENTRAL MORTGAGE COMPANY AND DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR DOWNEY 2006-AR1 FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>[F. R. Civ. P. 12(b)(6)]<br><br>Date:  June 28, 2010<br>Time:  9:30 a.m.<br>Ctrm:  740 |

I, William G. Malcolm, declare and state as follows:

I am the attorney for Defendants Central Mortgage Company and Deutsche Bank National Trust Company as Trustee for Downey 2006-AR1, two of the defendants named in the Complaint filed by Plaintiff Shahida Ali on March 15, 2010 in the Los Angeles County Superior Court and subsequently removed to this Court.  I have personal knowledge of the facts set forth herein and could and would testify competently thereto if called upon to do so.

///

///

1. Attached to this Declaration as Exhibit A is a true and correct copy of the decision by the United States District Court for the Southern District of California in *Sicairos v. NDEX West, LLC*, 2009 U.S. Dist. LEXIS 11223 (S.D. Cal. Feb. 13, 2009).

2. Attached to this Declaration as Exhibit B is a true and correct copy of the decision by the United States District Court for the Southern District of California in *Farner v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 5303, 4-5 (S.D. Cal. Jan. 26, 2009)

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed at Irvine, California, on this 24th day of May 2010.

_____
WILLIAM G. MALCOLM

# EXHIBIT A

ARTURO SICAIROS, Plaintiff, vs. NDEX WEST, LLC; AMERICA'S SERVICING COMPANY, DOE 1 and DOES 2-50, inclusive, Defendants.

CASE NO. 08cv2014-LAB (BLM)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

2009 U.S. Dist. LEXIS 11223

February 11, 2009, Decided
February 13, 2009, Filed

**COUNSEL:** [*1] For Arturo Sicairos, Plaintiff: Kristine T Takvoryan, LEAD ATTORNEY, M.W. Roth, PLC, Sherman Oaks, CA.

For Ndex West, LLC., Defendant: Edward A Treder, LEAD ATTORNEY, BDFTW, LLP, Covina, CA.

For America's Servicing Company, Defendant: Jarlath M. Curran, LEAD ATTORNEY, Severson & Werson, Irvine, CA.

**JUDGES:** HONORABLE LARRY ALAN BURNS, United States District Judge.

**OPINION BY:** LARRY ALAN BURNS

**OPINION**

ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR A MORE DEFINITE STATEMENT AS MOOT

**I. INTRODUCTION**

**A. General Overview**

This is a foreclosure case. The plaintiff, Arturo Sicairos ("Plaintiff"), is a homeowner who faces foreclosure. The crux of his argument is that the loan trustee threatening to sell his house does not have the proper paperwork. The defendant in this matter is Wells Fargo ("Defendant"), the loan servicer. For the reasons discussed below, Defendant's motion to dismiss is **GRANTED** and Defendant's motion for a more definite statement is **DENIED AS MOOT**.

**B. Procedural History**

Plaintiff filed this lawsuit on September 24, 2008 in the San Diego Superior Court. Pursuant to *28 U.S.C. § 1441 et seq.*, Defendants removed to this Court on October 30, 2008. Because Plaintiff has asserted claims over which this Court [*2] has original jurisdiction under *28 U.S.C. § 1331*, removal was appropriate. All named defendants have joined in the removal as well. Defendant filed a comprehensive motion to dismiss as well as a request for judicial notice on November 4, 2008. Plaintiff did not respond to either. The Court found there to be no need for oral argument on the motion and took it under submission on December 19, 2008.

**C. Judicial Notice**

Alongside its motion to dismiss, Defendant filed a request for judicial notice asking the Court to take judicial notice of several documents in support of the motion. In ruling on a motion to dismiss for failure to state a claim, which is what Defendants have filed here, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)*.

Defendant first asks the Court to take judicial notice of 38 similar lawsuits filed by Plaintiff's counsel between April 28 and October 23, 2008. (Req. Judicial Notice P 1.) The Court will notice these filings. The Court is also aware that Plaintiff's counsel has come under substantial criticism [*3] for filing thousands of these "Produce the Note" suits - suits one judge found to be frivolous and generic - and subsequently failing to litigate them. [1]

    1  Martin Berg, *'Produce the Note' Suits Falter in Real World*, DAILY JOURNAL, Feb. 3, 2009, at 2.

Defendant also submits for judicial notice the Deed of Trust ("Deed") and Assignment of Deed of Trust ("Assignment") that were recorded in the San Diego County Recorder's Office. The Deed was recorded in November 2006 and the Assignment in November 2007. The Deed is not even "outside" the complaint such that judicial notice of it needs to be taken. In fact, it is referenced in the Plaintiff's complaint - as the "security instrument" identified in the Notice of Sale, which is attached to the complaint as an exhibit. "[D]ocuments

whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).* The same can safely be said of the Assignment. Although it is [*4] not referenced in the complaint proper, it is referenced repeatedly in an initial letter from Plaintiff's counsel to Defendant NDEX West ("NDEX"), which is attached as a second exhibit to Plaintiff's complaint. "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).* In any event, the Court also finds that judicial notice of the Deed and Assignment would be appropriate under *Fed. R. Evid. 201(b)(2).*

### D. Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a).* The facts alleged can be limited to those necessary "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).* The Court will grant a motion to dismiss only when a complaint lacks a cognizable legal theory - or sufficient facts to support one. *Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).* "All allegations of material fact [*5] in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120 (9th Cir. 2007)* (internal citations omitted). A complaint cannot, however, merely recite in a formulaic manner the elements of each cause of action. *Bell Atlantic Corp., 127 S.Ct. at 1965.*

## II. STATEMENT OF FACTS

On November 17, 2006, Plaintiff borrowed $ 472,000 from Axiom Financial Services ("Axiom") to buy a home at 1215-17 Denver Lane, El Cajon, CA, 92021.[2] In exchange for the loan, Plaintiff executed a promissory note and the Deed, which was filed with the San Diego Recorder's Office days later. In addition to Axiom being the lender, Capitol One Escrow was the original trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was Axiom's nominee to receive the benefits of the Deed. This is all apparent in the Deed itself. Most important, the Deed allows Axiom, or the "Lender," to initiate non-judicial foreclosure proceedings if Plaintiff fails to repay the loan.

2 A letter that Plaintiff's counsel initially sent to Defendant NDEX on September 24, 2008, attached as Exhibit 2 to Plaintiff's complaint, names Accredited [*6] Home Lenders as the initial lender. The Deed does not reflect this.

The beneficial interest in Plaintiff's Deed was assigned to HSBC by MERS on October 26, 2007 by executing the Assignment. The Assignment transferred from Axiom (via MERS) to HSBC "the money due and to become due [under the Deed] with interest, and all rights accrued or to accrue under said Deed of Trust." On March 10, 2008, NDEX, the current trustee, informed Plaintiff that he was in default under the Deed and that his home would be sold. Plaintiff filed this lawsuit in response. Plaintiff alleges unfair debt collection practices, predatory lending practices, and RICO violations.

## III. ANALYSIS

### A. Plaintiff's Flawed Legal Premise

The legal premise of Plaintiff's lawsuit is that a foreclosing party has to have the original promissory note before it can proceed. "Enforcement of a note which is a negotiable instrument, by foreclosure or otherwise, requires that the party seeking payment may be in possession of the original note." (Letter, 2.) Plaintiff cites, chiefly, to Article 3 of the Uniform Commercial Code. (Comp. P 17.) Wrong law. In fact, the California Court of Appeal has held that "[California] Civil Code *sections 2924 through 2924k* [*7] provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien, 25 Cal. App. 4th 822, 830, 30 Cal. Rptr. 2d 777 (1994).* The Court of Appeal continued:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Id. at 834* (citation omitted). Under Civil Code *section 2924*, no party needs to physically possess the promissory note. *See Cal. Civ. Code § 2924(a)(1).* Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller, 25 Cal. App. 4th at 830.*

### B. Unfair Debt Collection Practices

Plaintiff accuses Defendant of violating the Real Estate Settlement Procedures Act ("RESPA"), the federal Fair Debt Collection Practices Act ("FDCPA"), and California's Rosenthal Fair Debt Collection Practices Act ("C-FDCPA"). [*8] (Comp. P 20.) This accusation comes in a single, five-line paragraph that does nothing other than allege these violations on information and belief. Id. Plaintiff does not specify which provisions of these acts Defendant violated or what exactly Defendant did to violate them. Not only has the Court already determined that the alleged underlying offense - foreclosing without the original promissory note - is no offense at all, but conclusory allegations of law are insufficient to defeat a motion to dismiss. *See Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001). Plaintiff offers nothing but conclusory allegations.

#### 1. Real Estate Settlement Procedures Act

If any party has violated RESPA, it is Plaintiff. *12 U.S.C. § 2605(e)*, which speaks to the duty of loan servicers to respond to borrower inquiries, gives a mortgage loan servicer 60 days to respond to a borrower's qualified written request for information related to the servicing of a loan. *12 U.S.C. § 2605(e)(2)*. Here, however, Plaintiff's counsel sent a demand letter not to the loan servicer but to the trustee under the Deed, NDEX. What is worse, that letter was sent on the same day this lawsuit was filed, September 24, 2008; essentially, [*9] Plaintiff's counsel threatened legal action and took legal action at the same time. Plaintiff has therefore failed to observe the procedural requirements of the very act he claims Defendant has violated. Finally, as the Defendant observes in its motion to dismiss, it is not clear the letter "includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower," as required by *12 U.S.C. § 2605(e)(1)(B)(ii)*.

#### 2. Federal Fair Debt Collection Practices Act

The FDCPA regulates "debt collectors," which it defines as a person whose "principal purpose" is the collection of debts, or who "regularly collects or attempt to collect . . . debts." *15 U.S.C. § 1692a(6)*. In fact, the definition explicity excludes persons who collect debts "to the extent such activity . . . (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person." *15 U.S.C. §1692a(6)(F)*. Defendant Wells Fargo, the loan servicer, is not a debt collector within the meaning of the law. "The legislative history of *section 1692a(6)* [*10] indicates conclusively that a debt collector does not include . . . a mortgage servicing company . . . ." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Plaintiff cannot allege a FDCPA violation against Defendant in this case.

#### 3. Rosenthal Fair Debt Collection Practices Act

Finally, Plaintiff alleges violations of C-FDCPA, *Cal. Civ. Code § 1788(e)* and *(f)*. There are no such sections. Assuming Plaintiff meant to cite *§ 1788.10(e)* and *(f)*, the Complaint does not allege facts that would establish a violation of either. *Subsection (e)* prohibits a debt collector from collecting or attempting to collect a debt by "[t]he threat to any person that nonpayment of the consumer debt may result in . . . the seizure, garnishment, attachment or sale of any property . . . unless such action is in fact contemplated by the debt collector and permitted by the law." *Cal. Civ. Code § 1788.10(e)*. *Subsection (f)* prohibits the collection or attempted collection of debts by "[t]he threat to take any action against the debtor which is prohibited by this title." *Cal. Civ. Code § 1788.10(f)*. Plaintiff does not allege the necessary facts here. To the extent Plaintiff believes that initiating a [*11] foreclosure without the original promissory note is a plain violation of the law, Plaintiff has not cited compelling legal authority.

### C. Predatory Lending Practices

Plaintiff alleges, on information and belief only, that Defendant has violated the Home Ownership and Equity Protection Act, the Truth in Lending Act, and the Federal Trade Commission Act. Not only does Plaintiff not allege any specifics, he admits they are unknown but asserts that they will be added to his complaint "when ascertained." (Comp. P 23.) This is not how bringing a lawsuit works. Plaintiff's allegations do not even rise to the level of "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by *Fed. R. Civ. P. 8(a)*. Moreover, to the extent that predatory lending is fraudulent, Plaintiff fails to satisfy the requirement of *Fed. R. Civ. P. 9(b)* and "state with particularity the circumstances constituting fraud . . . ." Plaintiff provides this Court with nothing to go on, and as a result Plaintiff's predatory lending cause of action is dismissed.

### D. RICO Violations

Plaintiff does not come close to pleading a proper RICO claim. The conclusory allegation that Defendants "were [*12] participating in and have participated in a scheme of racketeering" is not enough. The specific elements of a RICO claim are not pled in the least - i.e., (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (citation omitted). In addition, the fraudulent acts that form the alleged pattern of racketeering activity must be

pled with sufficient specificity pursuant to *Fed. R. Civ. P. 9(b)*. *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400-1401 (9th Cir. 1986). Here, they are not.

## IV. CONCLUSION

Plaintiff has failed to plead a single claim successfully. Accordingly, Defendant's motion to dismiss is **GRANTED,** and Defendant's motion for a more definite statement is **DENIED** as moot. This case is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: February 11, 2009

/s/ Larry A. Burns

**HONORABLE LARRY ALAN BURNS**

United States District Judge

# EXHIBIT B

THOMAS FARNER; SHANNON FARNER, Plaintiffs, vs. COUNTRYWIDE HOME LOANS; RECONTRUST COMPANY, and DOES 1 through 10, inclusive, Defendants.

CASE NO. 08cv2193 BTM(AJB)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

2009 U.S. Dist. LEXIS 5303

January 26, 2009, Decided
January 26, 2009, Filed

**COUNSEL:** [*1] Thomas Farner, Plaintiff, Pro se, Vista, CA.

Shannon Farner, Plaintiff, Pro se, Vista, CA.

For Countrywide Home Loans, Recontrust Company, Defendants: Brendon K Barton, LEAD ATTORNEY, Bryan Cave LLP, Irvine, CA.

**JUDGES:** Honorable Barry Ted Moskowitz, United States District Judge.

**OPINION BY:** Barry Ted Moskowitz

**OPINION**

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND VACATING TEMPORARY RESTRAINING ORDER**

**I. INTRODUCTION**

Prior to the removal of this case, the Superior Court granted Plaintiffs' application for a temporary restraining order and Plaintiffs filed a motion for preliminary injunction. Upon removal, this Court issued a temporary restraining order to maintain the status quo and ordered Defendants to show cause why a preliminary injunction should not issue. Defendants filed a response to the OSC. Plaintiffs have not filed any reply. Upon review of the record, the Court finds that there is no need for an evidentiary hearing or oral argument and decides the motion on the papers.

**II. DISCUSSION**

*A. Standard*

To prevail on a motion for a preliminary injunction, the moving party must show either "a) a probable success on the merits combined with the possibility of irreparable injury or b) that [the moving party] has [*2] raised serious questions going to the merits, and that the balance of hardships tips sharply in her favor." *Bernhardt v. County of Los Angeles, 339 F.3d 920, 925 (9th Cir. 2003)*. These alternatives are "extremes of a single continuum," thus, "the greater the relative hardship to the moving party, the less probability of success must be shown." *Id.* (citations omitted). Courts will also consider the public interest when evaluating a request for injunctive relief. *Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988)*.

*B. Analysis*

Plaintiffs contend that Defendants lack standing to foreclose on the property located at 2246 1/2 Buena Creek Road, Vista, California (the "Property"), and seek to enjoin Defendants from conducting nonjudicial foreclosure proceedings. For the reasons discussed below, the Court denies Plaintiffs' motion for preliminary injunction.

In May 2005, Plaintiffs obtained a $ 660,100 loan from Nationwide Lending Group. (Ex. A to Razo Decl.) The note was secured by a Deed of Trust, which names Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (Ex. B to Razo Decl.)

In October 2005, Countrywide Home Loans, Inc. ("Countrywide") acquired [*3] the servicing rights to the loan, including the right to collect payments and enforce the terms of the Note and Deed of Trust. (Razo Decl. P 7.) On May 19, 2008, at Countrywide's direction, ReconTrust Company ("ReconTrust"), acting as an agent for MERS, recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") in the San Diego County Recorder's Office. (Ex. E to Razo Decl.) On August 21, 2008, MERS substituted ReconTrust as the trustee under the Deed of Trust. The Deed of Trust was recorded with the San Diego County Recorder's Office. (Ex. F to Razo Decl.) On August 26, 2008, ReconTrust, as trustee under the Deed of trust, recorded a Notice of Trustee's sale with a foreclosure sale date of September 11, 2008. (RJN, Ex. 8.) No fore-

closure sale has yet taken place. The amount due to reinstate the loan under the note is $ 98,409.93. (Razo Decl. P 13.)

Under California law, nonjudicial foreclosure proceedings can be instituted by "the trustee, mortgagee, or beneficiary, or any of their authorized agents" by filing a notice of default with the office of the recorder. *Cal. Civ. Code § 2924(a)(1)*. No less than three months after the filing of the notice of [*4] default, a notice of sale may be given by "the mortgagee, trustee, or other person authorized to take the sale." *Cal. Civ. Code § 2924(a)(3)*.

Here, the notice of default was filed by ReconTrust at the direction of Countrywide. Both ReconTrust and Countrywide were acting as agents for MERS, the beneficiary under the deed of trust. Subsequently ReconTrust, as trustee, recorded the Notice of Trustee's sale. ReconTrust and Countrywide had standing to perform the aforementioned actions, and Plaintiffs have failed to produce evidence of any procedural impropriety with respect to the nonjudicial foreclosure proceedings.

Plaintiffs suggest that Defendants must produce the original note in order to conduct nonjudicial foreclosure proceedings. However, there does not appear to be any requirement under California law that the original note be produced in order to render the foreclosure proceedings valid. *See Cal. Civ. Code §§ 2924, et seq.*

Plaintiffs argue that the foreclosure proceedings would violate *Cal. Civ. Code § 2923.6*, which, according to Plaintiffs, requires Defendants to modify the terms of the loan. However, nothing in *Cal. Civ. Code § 2923.6* imposes a duty on servicers of loans to modify [*5] the terms of loans or creates a private right of action for borrowers. [1]

1 *Cal. Civ. Code § 2923.6* provides:

(a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:

(1) The loan is in payment default, or payment default is reasonably foreseeable.

(2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

(b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

(c) This section shall remain in effect only until January 1, 2013, and as of that date is repealed, unless a later enacted statute, that is enacted before January 1, 2013, deletes or extends that date.

Plaintiffs' remaining causes of action for fraud [*6] and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and the Federal Fair Debt Collection Practices Act ("FDCPA") seek damages and do not have any bearing on Plaintiffs' motion for preliminary injunction. At any rate, Plaintiffs have not shown a likelihood of success on these claims. Plaintiffs make general claims that Defendants engaged in conduct "which harassed, oppressed, and abused" them (Decl. of Shannon Farner (RJN Ex. 2), P 3), but do not specify exactly what each Defendant did to violate the RFDCPA and/or FDCPA. As for the fraud claim, it appears that the alleged fraud was committed by the lender. It is unclear under what theory Plaintiffs seek to hold Defendants responsible for the lender's actions.

Although the loss of Plaintiffs' home may constitute an irreparable injury -- *see, e.g., Wrobel v. S.L Pope & Assocs., 2007 U.S. Dist. LEXIS 59779, 2007 WL 2345036 (S.D. Cal. August 15, 2007)* -- Plaintiffs have failed to show even a modest chance of success on the merits. Therefore, Plaintiffs are not entitled to injunctive relief at this time.

### III. *CONCLUSION*

For the reasons discussed above, Plaintiffs' motion for a preliminary injunction is **DENIED,** and the temporary restraining order [*7] is **VACATED.** The hearing on the Order to Show Cause is **VACATED.**

**IT IS SO ORDERED.**

DATED: January 26, 2009

/s/ Barry Ted Moskowitz

Honorable Barry Ted Moskowitz

United States District Judge