

FILED

2010 JUN -7 PM 1:02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

SHAHIDA ALI
688 FEATHERWOOD DRIVE
DIAMOND BAR, CA 91765
(951) 743-7452
Pro Per

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| SHAHIDA ALI,<br><br>   Plaintiff,<br><br>-VS-<br><br>DOWNEY SAVINGS AND LOAN;<br>CENTRAL MORTGAGE COMPANY;<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY; and DOES 1-100, Inclusive<br><br>   Defendants. | Case No.: CV10-3798 GAF (FMOx)<br><br>Los Angeles County Case No.: KC058246<br><br>**NOTICE OF MOTION AND MOTION TO REMAND TO SUPERIOR COURT PURSUANT *28 U.S.C. § 1446(a)* AND *28 U.S.C. § 1446(b)*. MEMORANDUM OF POINTS AND AUTHORITIES HEREIN**<br><br>**Date: July 12, 2010**<br>**Time: 9:30 a.m.**<br>**Ctrm: 740** |

Please take notice of hearing on July 12, 2010 at 9:30 AM. Ctrm 740.

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Plaintiff, Shahida Ali ("Plaintiff" herein) does hereby oppose the removal and submits a motion to remand of the above entitled actions to this Court herein.

 1. On March 15, 2010, an action was commenced in the Superior Court, Los Angeles County, California entitled Shahida Ali, Plaintiff vs. Downey Savings and Loan, Central Mortgage Company, and Deutsche Bank National Trust Company, Case No. KC058246, of which Defendants, Central Mortgage Company and Deutsche Bank National Trust Company are only mentioned in this request for removal (*Please refer to Defendant's Notice of Removal, Exhibit "A"*).

1

MOTION TO REMAND

2. On April 19, 2010, Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY was properly served the original complaint where an Authorized Agent of Deutsche Bank. The Authorized Agent, Suzanne Patten, was confirmed with Angeles Legal Services and Deutsche Bank on April 19, 2010, when an Agent in Deutsche Bank at the headquarters of New York. (*Exhibit "1"*).

3. All Defendants have been properly served in this case as Angeles Legal Service properly served all Defendants by physically handing the complaint to an authorized agent of each Defendant. (*Exhibit "2"*).

4. Plaintiff brings this complaint knowing that the Defendants acted improperly in the origination and servicing of a mortgage loan secured by the real property 688 Featherwood Drive, Diamond Bar, California 91765 (the "Subject Property").

5. Defendants failed to disclose relevant information concerning the details and the origination of the loan secured by Subject Property.

6. Defendants have violated Business and Professions Code § 17200, and California Civil Codes §§ 2923.5, 2923.6, 2924, 1788.17.

7. Defendants are not entitled to remove this action to Federal Court since Defendants are in Default with the original court, not giving them authority to remove the complaint herein due to Default Judgment.

8. Defendant's notice of removal compromises proper jurisdiction as determined from the pleadings, which Plaintiff, herein does not seek relief under Federal Law.

9. **Defendant's removal petition was untimely. A notice of removal of a civil action must be filed within 30 days after receipt of a copy of the initial pleading (*28 USC § 1446[b]*). Defendant's were served on April 19, 2010 giving them the authority to remove until May 19, 2010. Defendant's removal petition was filed on May 20, 2010, after the 30 days. Defendants are now in default with the California Superior Court, County of Los Angeles (Exhibit "3").**

10. Under *28 U.S.C. § 1446(b)* a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order, or other paper from

2

which it may first be ascertained that the case is or has become removable. Defendants failed to file within the 30 days.

11. As the district court observed, *28 U.S.C. § 1446(a)* has been construed to require that, in cases involving multiple defendants, all defendants must unanimously consent to removal, regardless of whether the removing defendants rely on federal question or diversity jurisdiction.

The district court stated:

> Courts in the Third Circuit have found that, in order to properly effectuate removal to federal court, each defendant need not sign the original notice of removal, but are required to file timely … written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. *Ogletree v. Barnes*, 851 F.Supp. 184, 188 (E.D.Pa.1994) (*quoting Getty Oil, Div. of Texaco, Inc. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1262 n. 11 (5th Cir.1988)).

Defendants have not received any consent from Downey Savings and Loan, now U.S. Bank, giving them the authority to remove to Federal Court.

12. Defendant, Deutsche Bank National Trust Company was properly served and received notice on April 19, 2010. Deutsche Bank National Trust Company may have sent the complaint to Defendant's counsel when they deemed appropriate, making the service on April 19, 2010 valid, compliant, and correct. All Defendants named within the complaint were properly served, making each Defendant responsible in contacting their representing counsel upon receipt of the complaint.

13. Defendants did not receive any authorization from Downey Savings and Loan, now U.S. Bank, for removing the complaint to the above mentioned Court.

14. In summation:

    a. Defendants are in Default with the Superior Court of California, County of Los Angeles, not giving them authority to remove the case to Federal Court.

    b. Defendants did not file this removal on time, within the 30 day time frame,

making their Notice of Removal invalid.

    c.  Defendants did not consent with Co-Defendant Downey Savings and Loan, now U.S. Bank, in removing to Federal Court.

15. In addition, Plaintiff received the Notice of Removal on May 30, 2010. Defendants purported to send this complaint in an untimely fashion making it unfair to limit Plaintiff's opportunity to respond. (*See Declaration of Shahida Ali*).

16. A true and correct copy of this opposition to Defendants Notice of Removal will be filed with the Superior Court of California, County of Los Angeles.

Dated: June 04, 2010

**SHAHIDA ALI**
**PLAINTIFF**

4

MOTION TO REMAND

## MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner/Plaintiff herein, SHAHIDA ALI, seeks an order to remand all jurisdiction over DOWNEY SAVINGS AND LOAN, ET. AL. v. SHAHIDA ALI back to State Court. Because we believe that the result in this case is governed by *State Bank of Lombard v. Chart House*, 46 BR 468 - Dist. Court, ND Illinois 1985, *York v. Horizon Federal Savings and Loan Association*, 712 F. Supp. 85 - Dist. Court, ED Louisiana, New Orleans Div. 1989, and *Citizens Financial Services, Inc. v. Hightower*, 2006 Ohio 2813 - Ohio: Court of Appeals, 7th Dist., Mahoning, we are constrained to value the removal to Federal Court, insofar as that removal compromises proper jurisdiction as determined from the pleadings, which Plaintiff, herein does not seek relief under Federal Law. In addition, Defendants did not receive proper consent from all Defendants and attempted to remove the case outside of the 30-day limit once served the summons and complaint.

Plaintiff is seeking relief from fraud violations upheld by Defendant as well as, but not limited to, illegal foreclosure procedures pertinent to violations under the State of California, California Civil Code, Section 2924, which is applicable to Defendants procedures thus far, as to complying with State Laws under state jurisdiction. Regulation *12 C.F.R. § 560.2(b)(9)* expressly preempts State Laws imposing requirements on federal savings associations regarding "disclosure … including laws requiring specific statements, information, or other content…" Since fair debt collection practices govern the disclosures that are required for such particular loans, pertaining to Plaintiffs loan with DOWNEY SAVINGS, now U.S. BANK, DEUTSCHE BANK, AND CENTRAL MORTGAGE COMPANY, a claim based on fraudulent disclosures is within the preempted category of State Laws regulating loan 'disclosures.' Thus, State Law and state jurisdiction is applicable to any issues regarding Plaintiff's loan and note agreement. However, to the extent, Defendants inequitable claim for federal jurisdiction is based on

violations pertaining to California Civil Code, Section 2924, in which the Plaintiff requests that such a claim not be preempted for Federal Courts; rather State Laws are found applicable respectfully under Plaintiff's preemptive claims. The Plaintiff finds that such is generally applicable to State Laws that affect lending practices which is upheld and remedied in State Courts pursuant to State Lending Fairness Guidelines and Predatory Lending Laws.

Plaintiff seeks to remand orders entered pursuant 28 U.S.C. § 1446(a) and 28 U.S.C. § 1446(b) for not receiving consent from all Defendants in addition to removing outside of the 30 day limit and to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and failure to state a claim, respectively. Plaintiff, disclaims any cause of action arising under the Constitution, treaties, or other laws of the United States, including but not limited to any such cases arising to an act by Federal Law or by any officer of the United States or person acting on behalf of such individual that requires jurisdiction in Federal Court and herein respectfully has claim and further proceedings to be deemed appropriate under State Law.

Further, no claim under admiralty or maritime law has been alleged, which, to the extent, resolves such conflicts with any other allegations herein. Plaintiff further alleges that because this removal subjugates a difference from plaintiffs whose cases are not removed, it violates their rights under the Equal Protection Clause of the Fourteenth Amendment which provides that "no state shall deny to any person within its jurisdiction the equal protection of the laws". This is claimed, herein, upon the preference of the Plaintiff to stay within State Court jurisdiction.

Under measures the Defendant has ensued pursuant to code 28 USC § 1446(d), after removal, 28 USC § 1446(d) prohibits any proceedings in the State Court unless and until the case is remanded:

(d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of

6

the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

In addition, 28 U.S.C. § 1446(a) states:

(a) **A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.**

Defendants have not received consent from Downey Savings and Loan, now U.S. Bank according to proper removal procedures.

28 U.S.C. § 1446(b) states:

(b) **The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.**

Defendants have failed to file their response within 30 days from the day they were served. Defendants were served on April 19, 2010, giving them until May 19, 2010 to remove proceedings.

Plaintiff, therefore, believes Federal Law does not establish her cause of action as there is lack of subject matter jurisdiction under *Rules 12(b)(1) Federal Rules of Civil Procedure* for Defendants raising federal-question to be upheld in a Federal Court. Federal-question jurisdiction exists only if Federal Law creates the cause of action or is an essential element of the claim as governed by *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 817 (1986). If Federal Law creates a standard of care or conduct, then that is but one element of a cause of action based on

7

State Law, in which no federal jurisdiction exists herein as ruled in *Howery v. Allstate Insurance Company*[1]. In order for a Federal Court to have jurisdiction under federal-question, the federal-question must be substantial for federal jurisdiction. Plaintiff seeks relief from federal jurisdiction finding that the federal-question arisen from the Defendant holds no substantiality in a Federal Court and that all remedies pertaining to the case at hand exists and is also available under State Laws as seen in *Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 & n.7 (1987)* where jurisdiction was granted in essence though a claim might fit under a federal statute, as long as State Law likewise affords relief, courts will respect the Plaintiff's choice of law. The Plaintiff's choice of law, herein, requests relief under state jurisdiction and likewise seeks no relief under Federal Law.

In State Court, California Code of Civil Procedure section 382 governs class actions which are applicable to Plaintiff's claim. The "community of interest" requirement for class certification in state court consists of three factors:

     *(1) predominant common questions of law or fact;*

     *(2) class representatives with claims or defenses typical of the class; and*

     *(3) class representatives who can adequately represent the class.*

Such standard is substantively identical and under Plaintiff's choice of law, seeks remedy to be upheld in State Courts.

Removal from a State Court was justified and originated to protect out-of-state defendants from perceived local prejudice thus concluding that a citizen of the state in which an action is filed cannot remove to Federal Court and under jurisdiction, pertains only to State Court. Plaintiff and court filed documents ensures that all original jurisdiction has been within State Courts and has complied within State Laws since the origination of filing has been in State

---

[1]  The plaintiff alleged bad faith in the handling of an insurance claim, including violations of the Texas Deceptive Trade Practices Act. Nearly three years after filing the original petition, the plaintiff amended it to that one of the deceptive practices in which Allstate engaged in obtaining the plaintiff's credit record in a prohibited manner which violated the Federal Trade Commission.

  The Fifth Circuit found the reference to FTC rule violations insufficient to establish federal jurisdiction, given that the claimed violations were but a subset of a state cause of action and not essential to the claim. Hence, Federal Law did not actually remedy, but merely provided a standard of conduct for a state cause of action, thus federal jurisdiction did not exist.

MOTION TO REMAND

Court. Such removal to Federal Courts respectfully, paying esteemed value to the role of State and Federal Courts in the federal structure, has further instructed that Federal Courts are to construe the statute against removal and in favor of remand to State Court as governed by *Shamrock Oil & Gas Corporation. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Abels v. State Farm Fire & Casualty Company,* 770 F.2d 26 (3d Cir.1985); *Takeda v. Northwestern National Life Insurance Company,* 765 F.2d 815 (9th Cir. 1985); *Fajen v. Foundation Reserve Insurance Company,* 683 F.2d 331 (10th Cir.1982); *Wilson v. U.S. Department of Agriculture,* 584 F.2d 137 (6th Cir.1978); and *Skidmore v. Beech Aircraft Corporation,* 672 F.Supp. 923 (M.D.La. 1987). Thus, this further provides vigilance to possible settings which might result in the diminishment of state jurisdiction, and with respect to the courts, a consideration for the plaintiff's choice of jurisdiction which is deemed by *Smith v. Executive Fund Life Insurance Company,* 651 F.Supp. 269 (M.D.La.1986). Therefore, any doubts regarding the procedures of removal are resolved in favor of remand and State Court jurisdiction as seen in prior rulings with respect to Federal Court jurisdiction. This jurisdiction stipulates in construing 28 USC § 1446(d), as disputed, and as does the authority of the statute which therefore, such dispute is requested to remand back to CALIFORNIA SUPERIOR COURT, COUNTY OF LOS ANGELES as Plaintiff seeks no relief under Federal Law respectfully and Defendants did not properly remove said pleading since they were not within the 30-day limit and did not receive proper consent from all Defendants.

Dated: June 07, 2010

Shahida Ali

**SHAHIDA ALI**
**PLAINTIFF**

9

MOTION TO REMAND

# EXHIBIT "1"

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|
| Shahida Ali<br>Shahida Ali<br>688 Featherwood Dr.<br>Diamond Bar, CA 91765<br><br>TELEPHONE NO.:<br><br>ATTORNEY FOR: | **ORIGINAL FILED**<br><br>MAY 1 2 2010<br><br>**LOS ANGELES<br>SUPERIOR COURT** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 400 Civic Center Plaza
CITY AND ZIP CODE: Pomona, 91766
BRANCH NAME: Pomona ( Unlimited )

| | |
|---|---|
| PLAINTIFF: Shahida Ali<br><br>DEFENDANT: Downey Savings and Loans, Central Mortgage Company,<br>Deutsche Bank National Trust Company. | CASE NUMBER:<br>KC 058246 H |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   f. other (specify documents):
   Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, ADR Information Package.

3. a. Party served:
      Deutsche Bank National Trust Company

   b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made):
      Suzanne Patten / Authorized Agent

4. Address where the party was served:
   1761 E. Saint Andrew Pl., Santa Ana, CA 92705

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party on 4/19/2010 at 4:25 pm

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. On behalf of: Deutsche Bank National Trust Company
      under the following Code of Civil Procedure section:
      415.95 (business organization, form unknown)

7. **Person who served papers**
   a. Name: J. Hernandez
      Firm: Angeles Legal Services
   b. Address: 10808 Foothill Blvd., Suite # 160, Rancho Cucamonga, CA 91730
   c. Telephone number: (909) 821-0984
   d. **The fee** for the service was: $55.00
   e. I am:
      (3)   a registered California process server:
            (i)   independent contractor
            (ii)  Registration No.: 1208
            (iii) County: Riverside

Page 1 of 2

| PLAINTIFF: Shahida Ali | CASE NUMBER: |
|---|---|
| DEFENDANT: Downey Savings and Loans, Central Mortgage Company, Deutsche Bank National Trust Company. | KC 058246 H |

8. **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 5-10-10

_____
      J. Hernandez
    (NAME OF PERSON WHO SERVED PAPERS)

▶         _____
                    (SIGNATURE)

Judicial Council of California
POS-010 [Rev. January 1, 2007]
Form adopted by rule 982.9

**PROOF OF SERVICE OF SUMMONS**

Job Number 2010000228

# EXHIBIT "2"

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|
| Shahida Ali<br>Shahida Ali<br>688 Featherwood Dr.<br>Diamond Bar, CA 91765<br><br>TELEPHONE NO.:<br><br>ATTORNEY FOR: | **ORIGINAL FILED**<br>MAY 1 2 2010<br>LOS ANGELES<br>SUPERIOR COURT<br><br>*BY FAX 7005* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
  STREET ADDRESS: 400 Civic Center Plaza
  CITY AND ZIP CODE: Pomona, 91766
  BRANCH NAME: Pomona ( Unlimited )

| PLAINTIFF: Shahida Ali | CASE NUMBER: |
|---|---|
| DEFENDANT: Downey Savings and Loans, Central Mortgage Company,<br>Deutsche Bank National Trust Company. | KC 058246 H |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   f. other (specify documents):
   Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, ADR Information Package.

3. a. Party served:
   Downey Savings and Loan

   b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made):
   Judy Wong / Authorized Agent

4. Address where the party was served:
   1 California St., San Francisco, CA 94111

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party on 5/11/2010 at 12:30 pm

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. On behalf of: Downey Savings and Loan
      under the following Code of Civil Procedure section:
         415.95 (business organization, form unknown)

7. Person who served papers
   a. Name: A. Esquer
      Firm: Angeles Legal Services
   b. Address: 10808 Foothill Blvd., Suite # 160, Rancho Cucamonga, CA 91730
   c. Telephone number: (909) 821-0984
   d. The fee for the service was: $95.00
   e. I am:
      (3) a registered California process server:
         (i) independent contractor
         (ii) Registration No.: 1009
         (iii) County: San Francisco

Judicial Council of California
POS-010 [Rev. January 1, 2007]
Form adopted by rule 982.9

**PROOF OF SERVICE OF SUMMONS**

Job Number 2010000219

| PLAINTIFF: Shahida Ali | CASE NUMBER: |
|---|---|
| DEFENDANT: Downey Savings and Loans, Central Mortgage Company, Deutsche Bank National Trust Company. | KC 058246 H |

8.   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   05-11-10

_____
A. Esquer
(NAME OF PERSON WHO SERVED PAPERS)

► _____
(SIGNATURE)

Judicial Council of California
POS-010 [Rev. January 1, 2007]
Form adopted by rule 982.9

**PROOF OF SERVICE OF SUMMONS**

Page 2 of 2

Job Number 2010000219

ATTORNEY OR PARTY WITHOUT ATTORNEY
*SHAHIDA ALI*
*688 FEATHERWOOD DR 91765*
TELEPHONE NO.: *(909) 890 9755*

~~ORIGINAL AFFIDAVIT~~

ATTORNEY FOR:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
*400 CIVIC CENTER PLAZA*
*Pomona CA 91766*

FOR COURT USE ONLY

**ORIGINAL FILED**

MAY 2 0 2010

LOS ANGELES
SUPERIOR COURT

PLAINTIFF: SHAHIDA ALI

DEFENDANT: DOWNEY SAVINGS AND LOAN; CENTRAL MORTGAGE COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY; AND DOES 1-100, INCLUSIVE

CASE NUMBER:
K C058246 E

**PROOF OF SERVICE**

Ref. No. or File No.:

1. I am over 18 years of age and not a party to this action.

2. Received by ACTION PROCESS SERVICE to be served on **CENTRAL MORTGAGE COMPANY, AT: <u>801 JOHN BARROW, STE. #1, LITTLE ROCK, AR 72205.</u>**

3. *Central Mortgage Company by serving the President: Bill Roehrenbeck at the*

4. Date and Time of service: *work address provided.*
*5-12-2010    3:55 PM*

5. Description of Person Served: Age: , Sex: , Race/Skin Color: , Height: , Weight: , Hair: , Glasses:
*59    m    white    5'9"    170    Gray    N*

6. My name, address, telephone number, and, if applicable, county of registration and number are:
Name: CHUCK (CHARLES) GORDON-
Firm: ACTION PROCESS SERVICE
Address: 3215 Laredo Drive, Little Rock, AR 72206
Telephone number: (501) 888-5706
The fee for the service was:

7. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

CHUCK (CHARLES) GORDON

▶ *C Gordon*

(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

*Served Bill Roehrenbeck, President, at work place provided..*

Page 1 of 1

**PROOF OF SERVICE**

Job Number LDF-2010010315

# EXHIBIT "3"

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

SHAHIDA ALI
688 FEATHERWOOD DR.
DIAMOND BAR, CA 91765

RECEIVED
MAY 20 2010
EAST DISTRICT

TELEPHONE NO.: (951) 743-7452   FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: PRO PER

ORIGINAL FILED
MAY 2 0 2010
LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 400 CIVIC CENTER PLAZA
MAILING ADDRESS: 400 CIVIC CENTER PLAZA
CITY AND ZIP CODE: POMONA, CA 91766
BRANCH NAME: POMONA COURTHOUSE SOUTH

PLAINTIFF/PETITIONER: SHAHIDA ALI

DEFENDANT/RESPONDENT: DOWNEY SAVINGS AND LOAN, ET. AL.

| REQUEST FOR (Application) | [✓] Entry of Default   [ ] Clerk's Judgment   [ ] Court Judgment | CASE NUMBER: KC058246 H |
|---|---|---|

1. **TO THE CLERK:** On the complaint or cross-complaint filed
   a. on *(date)*: 03/15/2010
   b. by *(name)*: SHAHIDA ALI, PLAINTIFF
   c. [✓] Enter default of defendant *(names)*: DEUTSCHE BANK NATIONAL TRUST COMPANY

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names)*:

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [✓] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [✓] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on *(date)*:

2. **Judgment to be entered.**

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint . . . . . . . . . . | $ 450,000,000.00 | $ 0.00 | $ 450,000,000.00 |
| b. Statement of damages * | | | |
| (1) Special . . . . . . . . . . . . . . . . | $ 78,500,000.00 | $ 0.00 | $ 78,500,000.00 |
| (2) General . . . . . . . . . . . . . . . . | $ 430,000.00 | $ 0.00 | $ 430,000.00 |
| | $ 52,893,000.00 | $ 0.00 | $ 52,893,000.00 |
| c. Interest . . . . . . . . . . . . . . . . . | $ 0.00 | $ 0.00 | $ 0.00 |
| d. Costs *(see reverse)* . . . . . . . . . . | $ 0.00 | $ 0.00 | $ 0.00 |
| e. Attorney fees . . . . . . . . . . . . . . | $ 0.00 | $ 0.00 | $ 0.00 |
| f. **TOTALS** . . . . . . . . . . . . . . . | $ 581,823,000.00 | $ 0.00 | $ 581,823,000.00 |

   g. **Daily damages** were demanded in complaint at the rate of: $          per day beginning *(date)*:
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. [ ] *(Check if filed in an unlawful detainer case)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4).*

Date: 05/21/2010

SHAHIDA ALI                                        ▶ *Shahidh Ali*
_____                  _____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT USE ONLY | (1) [✓] Default entered as requested on *(date)*: 5·20·10 |
| | (2) [ ] Default NOT entered as requested *(state reason)*: |
| | JOHN A. CLARKE Clerk, by G. MORENO , Deputy |

Page 1 of 2

REQUEST FOR ENTRY OF DEFAULT
(Application to Enter Default)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2007]

Code of Civil Procedure,
§§ 585–587, 1169
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CIV-100

| PLAINTIFF/PETITIONER: SHAHIDA ALI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DOWNEY SAVINGS AND LOAN, ET. AL. | KC058246 H |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☑ did **not** for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

   a. Assistant's name:
   b. Street address, city, and zip code:

   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date)*:

5. ☑ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action

   a. ☐ is ☑ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. ☐ is ☑ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is ☑ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

   a. ☐ **not mailed** to the following defendants, whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names)*:

   b. ☑ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
      (1) Mailed on *(date)*: 05/21/2010
      (2) To *(specify names and addresses shown on the envelopes)*:
         Please see attached Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date: 05/21/2010

SHAHIDA ALI
    (TYPE OR PRINT NAME)
    ▶ *Shahida Ali*
    (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested)*. Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

   a. Clerk's filing fees . . . . . . . . . . . . . . . . . $
   b. Process server's fees . . . . . . . . . . . . . . . $ 150.00
   c. Other *(specify)*: . . . . . . . . . . . . . . . . . $
   d. . . . . . . . . . . . . . . . . . . . . . . . . . . $
   e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . $ 150.00
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 05/21/2010

SHAHIDA ALI
    (TYPE OR PRINT NAME)
    ▶ *Shahida Ali*
    (SIGNATURE OF DECLARANT)

8. ☑ **Declaration of nonmilitary status** *(required for a judgment)*. No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 05/21/2010

SHAHIDA ALI
    (TYPE OR PRINT NAME)
    ▶ *Shahida Ali*
    (SIGNATURE OF DECLARANT)

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

SHAHIDA ALI
688 FEATHERWOOD DRIVE
DIAMOND BAR, CA 91765
Pro se

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES
## POMONA COURTHOUSE SOUTH

## DECLARATION OF SHAHIDA ALI

Pursuant to Rule 3.1800(a) of the California Rules of Court, Shahida Ali, in the above-entitled action, request this court for default judgment on my declaration herein [Code Civ. Proc. Secion 585(b)] against Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY as trustee for Downey Savings, on the grounds that the Defendant failed to file a responsive pleading to the Plaintiff's complaint within 30 days after service of summons [Code Civ. Proc. Section 412.20 (a)(3)].

I, Shahida Ali, bring this cause of action for claim, pursuant to Code Civ. Proc. Section 510.010 et. seq., against Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, who fraudulently acquired title to subject property 688 Featherwood Dr., Diamond Bar, CA 91765, to which the Plaintiff is lawfully entitled.

The complaint sought the return of the aforementioned property, or, in the alternative, to recover punitive damages and injunctive relief damages, in the sum of $450,000,000, plus award of any further damages as deemed appropriate.

## **GROUNDS FOR RELIEF**

Plaintiff in an action for the recovery of personal property is entitled to default judgment, without evidentiary hearing, when a defendant fails to provide an answer to the complaint [Ely v. Gray (1990) 224 Cal. App. 3d 1257, 1260, 274 Cal. Rptr. 536]. When a defendant has defaulted,

the standard of proof requires that the plaintiff merely establish a prima facie case; the preponderence of evidence standard is not applicable in determining whether plaintiff is entitled to an award of damages [Johnson v. Stanhiser (1999) 72 Cal. App. 4th 357, 361, 85 Cal. Rptr. 2d 82].Accordingly, Plaintiff has sufficiently established her right to ownership of the claimed property, and to the relief sought in he complaint, in that:

1. **Claim and Title is the proper remedy to recover possession of property.**

The purpose of an action for possession of personal property is to enforce a plaintiff's right to the present possession of a chattel against a defendant who detains the chattel without right [Commercial & Sav. Bk. v. Foster (1930) 210 Cal. 76, 79, 290 P. 583; Simms v. NPCK Enterprises, Inc. (2003) 109 Cal. App. 4th 233, 243, 134 Cal. Rptr. 2d 557].

Demand is not required when a formal demand would be useless or unavailing [Commercial & Sav. Bk. v. Foster (1930) 210 Cal. 76, 82, 290 P. 583].

2. **Plaintiff is entitled to the relief requested, including damages for the unauthorized title seizure by Defendant.**

In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession of the property or its value. Judgment for the plaintiff may also include damages for the unlawful taking of title of the property. [Code. Civ. Proc. § 667] The damages for taking and withholding are the same whether the plaintiff recovers the property itself or its value [Nelson v. Yonge (1925) 73 Cal. App. 704, 710, 239 P. 67]. The prevailing party is entitled to such damages as well compensate him or her for all the detriment proximately caused [Livestock G.P. Co. v. Union etc. Co. (1896) 114 Cal. 447, 450, 46 P. 286; Ruzanoff v. Retailers Credit Assn. (1929) 97 Cal. App. 682, 686, 276 P. 156; Civ. Code § 3333 (damages for torts or wrongs as proximately caused detriment)].

DECLARATION FOR REQUEST OF ENTRY DEFAULT

**3.  Plaintiff is lawfully entitled to bring this action (¶ 10).**

An action for possession of personal property can be brought only by a person who is entitled to immediate possession of the property [Civ. Code § 3379].

**DOCUMENTS ON RECORD:**

1.  PROOF OF SERVICE TO DEUTSCHE BANK NATIONAL TRUST COMPANY RECEIVED AND PHYSICALLY SERVED.

2.  SUMMONS AND COMPLAINT FILED ON MARCH 13, 2010.

I, Shahida Ali, declare as follows:

1. I am the plaintiff in the above-entitled action.

2. I make this declaration in support of my complaint for claim against Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY.

3. I was, at all relevant times and in all relevant matters described herein, the lawful owner of the property described in the complaint.

4. I contacted Deutsche Bank National Trust Company to let them know of the Default and was refused any communication.

5. I was directed to speak to their legal authority.

6. I called their legal division and was inappropriately hung up on multiple times.

7. I spoke to an attorney for Defendants and made them aware of the civil suit in due process.

Respectfully Submitted,

Shahida Ali
Dated: 05/21/2010

DECLARATION FOR REQUEST OF ENTRY DEFAULT

ATTORNEY OR PARTY WITHOUT ATTORNEY
SHAHIDA ALI
688 FEATHERWOOD DR.
DIAMOND BAR, CA 91765
PRO PER

**SUPERIOR COURT COUNTY OF LOS ANGELES**
400 CIVIC CENTER PLAZA
POMONA CA, 91766
POMONA COURTHOUSE SOUTH

PLAINTIFF/PETITIONER:          Shahida Ali

DEFENDANT/RESPONDENT:          Downey Savings and Loan; Central Mortgage Company;
                               Deutsche Bank National Trust Company; and Does 1-100 Inclusive

CASE NUMBER: KC058246 H

# REQUEST FOR ENTRY DEFAULT CIV-100
# <u>SERVICE LIST</u>

**DEUTSCHE BANK NATIONAL TRUST COMPANY**
1761 E. Saint Andrew Pl.
Santa Ana, CA 92705

**DEUTSCHE BANK AG**
60 Wall Street
New York, NY 10005

**DEUTSCHE BANK AG**
Theodor-Heuss-Allee 70
60262 FRANKFURT AM MAIN
Germany

**MALCOLM & CISNEROS**
**William G. Malcolm**
2112 Business Center Drive
Second Floor
Irvine, CA 92612

**DATED: 05/21/2010**

POS-030(D)

| SHORT TITLE: DOWNEY SAVINGS AND LOAN, ET. AL. v. ALI | CASE NUMBER: KC058246 H |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL  (DOCUMENTS SERVED)

*(This Attachment is for use with form POS-030)*

The documents that were personally served by first-class mail are as follows *(describe each document specifically):*

DEUTSCHE BANK NATIONAL TRUST COMPANY
1761 E. Saint Andrew Pl., Santa Ana, CA 92705

DEUTSCHE BANK AG
60 Wall Street
New York, NY 10005

DEUTSCHE BANK AG
Theodor-Heuss-Allee 70
60262 FRANKFURT AM MAIN, Germany

MALCOLM CISNEROS - William G. Malcolm
2112 Business Center Drive, Second Floor, Irvine, CA 92612

Form Approved for Optional Use
Judicial Council of California
POS-030(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE BY
FIRST-CLASS MAIL—CIVIL (DOCUMENTS SERVED)
(Proof of Service)**

Page ____ of ____

American LegalNet, Inc.
www.USCourtForms.com