SHAHIDA ALI
688 FEATHERWOOD DRIVE
DIAMOND BAR, CA 91765
Pro Per

FILED

2010 JUN -4  PM 2: 37

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| SHAHIDA ALI,<br><br>     Plaintiff,<br><br>-VS-<br><br>DOWNEY SAVINGS AND LOAN; CENTRAL MORTGAGE COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY; and DOES 1-100, Inclusive<br><br>     Defendants. | ) Case No.: CV10-3798 GAF (FMOx)<br>)<br>) Los Angeles County Case No.: KC058246<br>)<br>)<br>) **PLAINTIFF'S OPPOSITION TO NOTICE OF**<br>) **MOTION AND MOTION TO DISMISS**<br>) **COMPLAINT AGAINST CENTRAL**<br>) **MORTGAGE COMPANY AND DEUTSCHE**<br>) **BANK NATIONAL TRUST COMPANY AS**<br>) **TRUSTEE FOR DOWNEY 2006-AR1 FOR**<br>) **INVALIDITY OF DISMISSMAL DUE TO**<br>) **DEFAULT; MEMORANDUM OF POINTS**<br>) **AND AUTHORITIES IN SUPPORT**<br>) **THEREOF**<br>)<br>) **Date: June 28, 2010**<br>) **Time: 9:30 a.m.**<br>  **Ctrm: 740** |

**TO THE HONORABLE JUDGE GARY A. FEESS, DEFENDANTS, ATTONEY'S ON RECORD,**

**AND PARTIES HEREIN:**

     Plaintiffs, having answered Defendant's Motion to Dismiss, respectfully requests that this court

deny the motion filed by defendants DEUTSCHE BANK NATIONAL TRUST COMPANY and

CENTRAL MORTGAGE COMPANY, and plaintiff be granted the right to prove all supporting causes,

upon continuance of the case, with an overwhelming amount of evidentiary support and clear merits

pertaining to the case at hand.  In addition, Defendants are currently in Default with the California

Superior Court, County of Los Angeles for not filing a response to the original complaint served on April

19, 2010. (*Please see Exhibit A*).

PLAINTIFF SHAHIDA ALI, hereby oppose the Motion to Dismiss against Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY, and CENTRAL MORTGAGE COMPANY, as Plaintiff incorporates by reference and support the attached memorandum of points and authorities in opposition to the motion to dismiss *Under F.R.C.P. § 12(b)(2).*

Dated: June 04, 2010

Respectfully Submitted,

Shahida Ali

Shahida Ali

PLAINTIFFS RESPONSE AND OPPOSITION TO MOTION TO DISMISS

## I. STATEMENT OF FACTS

On December 16, 2005, Shahida Ali ("Plaintiff") obtained a loan from Downey Savings and Loan Association, F.A. ("Downey"), secured against real property located at 688 Featherwood Drive, Diamond Bar, California 91765 ("Property") in the amount of $477,600.00. Downey transferred the note to Mortgage Electronic Registration System Inc. ("MERS"), acting solely as a nominee for the Lender and Lender's successors and assigns, as "beneficiary".

On April 3, 2009 MTC Financial Inc. dba a Trustee Corp. ("Trustee Corp") recorded a Notice of Default and Election to sell Under Deed of Trust ("NOD"). *Please refer to Defendant's Motion to Dismiss, Exhibit 2.* On July 1, 2009, MERS executed an Assignment of Deed of Trust, transferring the note to Defendant Central Mortgage Company ("CMC"). *Please refer to Defendant's Exhibit 3.* CMC executed a Substitution of Trustee, naming Trustee Corps as the Trustee on July 1, 2009. Trustee Corp was not an authorized agent of the lender or an original trustee under the first Deed of Trust. Trustee Corp then proceeded with the non-judicial foreclosure process by recording a Notice of Trustee's Sale. *Please refer to Defendant's Exhibit 5.*

A Substitution of Trustee was recorded on December 22, 2009 by Deutsche Bank National Trust Company, substituting Deutsche Bank as a trustee with Trustee Corp. Trustee Corp, acting as an unauthorized trustee and CMC, preceded with the foreclosure and the subject property was sold to Deutsche Bank National Trust Company. An unauthorized sale of the property has caused Plaintiff great harm. Plaintiff was under the impression that due to the requested modification submitted by Plaintiff, Deutsche Bank or CMC would assist or acknowledge Plaintiff's request in an ethical way and Plaintiff was led to believe that assistance would be provided. Instead, Trustee Corp and CMC deliberately sold the property, without the Plaintiff's knowing, and had Deutsche Bank attempt to evict Plaintiff without even being the authorized party to foreclose the subject property.

Plaintiff then filed a complaint with the California Superior Court, County of Los Angeles on March 15, 2010 serving Defendant Deutsche Bank National Trust Company on April 19, 2010. Defendants were given 30 days to respond to the complaint and did not do so within the proper time frame. Defendants did not respond by May 19, 2010 and Default was recorded on May 20, 2010 putting Defendants in Default

3

1   with the California Superior Court, County of Los Angeles. Plaintiff prays and seeks complete opposition

2   towards Defendants attempt to dismiss.

3   **II. <u>STANDARDS ON A MOTION TO DISMISS</u>**

4           Motions to dismiss are disfavored and are only proper in extraordinary cases. *Gilligan v. Jamco*

5   *Dev. Corp.* (9th Cir. 1997)108 F.3d 246, 249; *Cauchi v. Brown* (ED CA 1999)51 F. Supp.2d 1014, 016

6   (ED CA 1999). Motions to dismiss complaint for failure to state a claim upon which relief can be granted

7   are viewed with disfavor in federal courts because of possible waste of time in case of reversal of a

8   dismissal of the action, and because the primary objective of the law is to obtain a determination of the

9   merits of any claim, and therefore a case should be tried on the proof rather than the pleadings. *Rennie &*

10  *Laughlin, Inc. v. Chrysler Corp.,* (1957) 242 F.2d 208. What Defendants have stated are simply pleadings

11  and the evidence presented by Defendants are duplicate facts presented in preceding motions, and

12  available to the public. Plaintiff clearly has merits simply based on the timeline of facts occurred and the

13  evident Deeds on file showing that Deutsche Bank was unauthorized to conduct foreclosure. In ruling on

14  a motion to dismiss, the complaint must be construed "liberally... with a view to substantial justice

15  between the parties." Judges generally do not sustain a motion to dismiss unless the objection is clearly

16  and well taken. *CCP § 452*; see *Stevens v. Superior Court* 75 Cal.App.4th 595, 601 (1999). Complaints,

17  which show some right to relief, are held sufficient against a motion to dismiss - even though the facts are

18  not clearly stated, or are intermingled with irrelevant matters. The test for a motion to dismiss for failure

19  to state a cause of action (a general demurrer) is whether the complaint states *any valid claim.* If the

20  essential facts *of some* valid cause of action are alleged, the complaint is good against a motion to dismiss,

21  even if the plaintiff was mistaken as to the case or the legal theory on which Plaintiff may prevail.

22  *Gruenberg v. Aetna Ins. Co.,* 9 Cal.3rd 566, 572 (1973); *Guelimane Co., Inc. v Steward Title Guaranty*

23  *Co.,* 19 Cal 4th 26, 28 (1998); *Saunders v. Cariss,* 224 Cal.App.3rd 905, 908 (1990) (demurrer to fraud

24  action overruled because complaint stated a malpractice action, and "erroneous or confusing labels

25  attached by the inept pleader are to be ignored if the complaint pleads facts which would entitle the

26  plaintiff to relief").

27      **A. <u>FEDERAL RULE OF *CIVIL PROCEDURE 12(B)(6)* – PLAINTIFF SUSTAINS VALID</u>**

28          **<u>CLAIMS</u>**

4

*FRCP 12 (b)(6)* provides that a court may dismiss a complaint for failure to state a claim upon which relief can be granted.

> "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." (*Conley v. Gibson* (1957)355 U.S. 41, 45-46; see also *Gillespie v. Civiletti* (9th Cir. 1980)629 F.2d 637, 640; *De La Cruz v. Tormey* (9th Cir. 1978)582 F.2d 45, 48, cert. Denied, (1979) 441 U.S. 965)).
>
> "In addition, all factual allegations contained in the complaint are to be taken as true and construed in a light most favorable to the Plaintiff." *Epstein v. Walsh Energy Company,* 83 F.3d 1136, 1140 (9th Cir. 1999).

The complaint is to be construed in the light most favorable to plaintiff and any ambiguities are decided in favor of plaintiff (*Bell Atlantic Corp. v. Twombly* (2007)550 U.S., 127 S.Ct. 1955, 1965; *International Audiotext Network, Inc. v. AT&T Co.* (2nd Cir. 1995) 62 F.3d 69, 72). The existence of a defense does not undercut the adequacy of a claim on motion to dismiss for failure to state a claim upon which relief may be granted (*Fagin v. Gilmartin* (2005) 432 F.3d 276). A complaint states a claim on which relief may be granted whether or not some defense is potentially available (*U.S. v. Northern Trust Co.* (2004) 372 F.3d 886). Rather, if a complaint or claim sets out a generalized statement of facts from which a Defendant may frame a responsive pleading, the claim will withstand a motion to dismiss for failing to state a claim upon which relief could be based (*Wooldridge Homes, Inc. v. Bronze Tree, Inc.* (1983) 558 F.Supp. 1085). Further, a motion to dismiss for failure to state a claim may not be granted on the basis of affirmative defense (*McCready v. eBay, Inc.* (2006) 453 F.3d 882).

In the instant matter, Plaintiff's Complaint contains straightforward causes of action for unauthorized foreclosure proceedings, specific violations, intentional misrepresentation, negligent misrepresentation, and fraudulent acts thereof. These are all claims for relief which are recognized under Federal and State Law, and thus clearly state a claim. Without question, Plaintiff can establish a set of facts which would entitle them to relief under their claims for relief. Therefore, Defendant's Motion to Dismiss Pursuant to *FRCP 12 (b)(6)* must be denied.

## B.  STANDARD FOR LOCAL RULE 7-3: CONFERENCE OF COUNSEL PRIOR TO FILING OF MOTION

"The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing," (*Christian v. Mattel, Inc.*, 286 F.3d 1118, C.A.9

5

(Cal.) 2002). In all cases not listed as exempt in *L.R. 16-12*, and except in connection with discovery motions (which are governed by *L.R. 37-1 through 37-4*) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. If the proposed motion is one which under the Federal Rules of Civil Procedure must be filed within a specified period of time (e.g., a motion to dismiss pursuant to *F.R.C.P. 12(b)*, or a new trial motion pursuant to *F.R.C.P. 59(a)*), then this conference shall take place at least five (5) days prior to the last day for filing the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to *L.R. 7-3* which took place on (date)."

Defendants Deutsche Bank National Trust Company and CMC violated *Local Rule 7-3* by failing to confer with Plaintiff prior to filing their Motion to Dismiss. Defendants filed the current Motion to Dismiss with this Court. However, at no time prior to the filing of this Motion did Deutsche Bank National Trust or CMC, through their attorneys of record, meet and confer with Plaintiff according to Local Rule 7-3. Defendants never attempted to submit a letter stating their intention to file a Motion to Dismiss. Rather than confer with Plaintiff, Defendant's counsel filed their Motion to Dismiss on May 20, 2010, served Plaintiff on May 30, 2010, without any contact to Plaintiff and unfairly limiting the time to respond by serving the Motion to Dismiss late to the Plaintiff. Defendant had a duty under *Local Rule 7-3*, conference of counsel prior to filing of motions, to meet and confer with Plaintiff prior to filing this Motion to Dismiss. Defendants also had a duty to serve such motion on time, without purporting to serve such motion late in order to unfairly limit the time. No such meet and confer regarding the motion ever took place prior to its filing.

Defendant's failure to meet and confer prior to filing this motion is grounds for denial of the motion under *Local Rule 12*, Failure to File Required Papers: "The failure to file any required paper, may be deemed consent to the granting or denial of the motion." Defendants violated *Local Rule 7-3* by (1) failing to discuss thoroughly the substance of the motion (2) at least five days prior to filing such motion, therefore, Plaintiff requests that the Court deny their Motion to Dismiss.

PLAINTIFFS RESPONSE AND OPPOSITION TO MOTION TO DISMISS

### C. **DEFENDANTS ARE IN DEFAULT, NOT GIVING THEM AUTHORITY TO DISMISS THEMSELVES FROM THE ORIGINAL COMPLAINT**

Defendant Deutsche Bank National Trust Company is in Default with the California Superior Court, County of Los Angeles, for failing to provide a response within the required time frame putting them into Default. Defendant was served on April 19, 2010 and failed to respond by May 19, 2010. Defendant deliberately filed a Notice of Removal and Motion to Dismiss with the Federal Court on May 20, 2010, not giving Defendant authority to do so.  A notice of removal of a civil action must be filed within 30 days after receipt of a copy of the initial pleading (*28 USC § 1446[b]*). Defendant's have violated such cause, not giving them the authority to dismiss themselves nor remove to Federal Court.

### D. **DEFENDANTS SERVED MOTION TO DISMISS ON MAY 30, 2010 TO PLAINTIFF**

The motion herein was filed on May 20, 2010. Defendants served the given motion on May 30, 2010, limiting the amount of time to respond.

### III. **CAUSES OF ACTION**

### A. **DECLARATORY RELIEF STATES A TRUE AND RELEVANT CLAIM HEREIN AS THE FIRST CAUSE OF ACTION;**

Plaintiff request for relief is based on the fraud in the original transaction that voided Defendant's ability to foreclose as a holder in due course. Defendants are under the misunderstandings that due to the date of the foreclosure sale, declaratory relief cannot be afforded. On the contrary, Plaintiff has made it clear that fraud based on the original transaction in which an unauthorized entity foreclosed upon the property is the basis for declaratory relief. The elements of fraud and deceit are: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) reliance; and (5) resulting damage. *Cicone v URS Corp.*, 183 Cal.App.3d 194, 200 (1986). Clearly, a misrepresentation was made in order to move forward with the foreclosure which resulted in damage upon the Plaintiff's legal rights to their property. Moreover, the particularity requirement requires fact that show "how, when, where, to whom and by what means the presentations were tendered." *Stansfield v. Starkey*, 220 Cal.App.3d 59, 73. Plaintiff's complaint adequately pleads the forgoing requirements, and has reiterated this information even if Defendants are simply seeking an argument for pleading rather than the information as to the misrepresentation of the foreclosure. Plaintiff requests declaratory relief precisely per the terms of

7

1  *Maguire v. Hibernia Sav. & Loan Soc.,* 23 Cal.2d 719, 279 (1944), as a guide for Plaintiff's future

2  conduct in order to preserve their legal rights to their property.

3  **B.  PLAINTIFF'S FRAUD CLAIM STATES A TRUE AND RELEVANT CLAIM**

4  **HEREIN AS THE SECOND CAUSE OF ACTION;**

5  Plaintiff's second cause of action, for fraud, is valid because it meets the particularity

6  requirements of *Federal Rule 9(b)*. The elements of a fraudulent omission or concealment claim are (1) a

7  concealment or suppression of a material fact, (2) a duty to disclose, (3) intentional concealment with the

8  intent to defraud, (4) actual, justifiable reliance, and (5) resulting damages. *Blickman Turkus, L.P. v. MF*

9  *Downtown Sunnyvale, LLC,* 162 Cal.App.4th 868 (2008). Plaintiff pleaded that Defendants have

10  participated in a scheme to conceal the true and are unauthorized note holders of the subject property, and

11  that Trustee Corp and CMC misrepresented the rights of itself and other Defendants to pursue foreclosure.

12  CMC was obligated to disclose information under applicable lending laws and it is required to show that

13  it has the authority to collect on a debt. Plaintiff's specifically pleaded damages that their credit report

14  was damaged and their title slandered. Whether CMC and Deutsche Bank committed fraud "in

15  origination" is immaterial because the conduct continues to this day. In addition, whether Defendants

16  claim that fraud is invalid due to the details being of a "mystery" and that "the statute of limitations for

17  fraud is 3 years" is immaterial because evidentiary support was provided and discovery will lead to the

18  materializations of the facts which will show in itself the truth of this merit.

19  The elements of fraudulent misrepresentation are (1) a representation, (2) falsity, (3) knowledge

20  of falsity, (4) intent to deceive, and (5) reliance and resulting damages (causation). *Cooper v. Equity Gen.*

21  *Ins. Co.,* 219 Cal.App.3d 1252, 1262 (1990). Plaintiffs have alleged that Trustee Corp has made

22  misrepresentations about the loan that were intentional, false, and knowing, and that Trustee Corp

23  intended to make those misrepresentations simply to foreclose the subject property. Those representations

24  include, among other things, that Trustee Corp had the right to pursue a foreclosure. Consumer banking

25  loan fraud is still actionable in tort despite the existence of federal banking regulations. See *Spears v.*

26  *Wash. Mut., Inc.,* 2009 U.S. Dist. LEXIS 21646 (N.D. Cal. Mar. 9, 2009). Defendants have made false

27  representations about Trustee Corp's right to foreclose upon the property or collect an alleged debt.

28

Moreover, Defendants have tried to raise the bar for fraud pleading beyond what is required in the Ninth Circuit:

> There is no absolute requirement that where several defendants are sued in connection with an alleged fraudulent scheme, the complaint must identify false statements made by each and every defendant. "Participation by each conspirator in every detail in the execution of the conspiracy is unnecessary to establish liability, for each conspirator may be performing different tasks to bring about the desired result." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

### C. TORTIOUS VIOLATIONS OF STATUTE STATES A TRUE AND RELEVANT CLAIM HEREIN AS THE THIRD CAUSE OF ACTION;

Pursuant *Title 12 U.S.C. Section 2601*, Plaintiff sets forth a viable third cause of action. Plaintiff alleges that Defendants, and each of them, violated both the terms and spirit of sections *12 U.S.C. Section 2601, etc. et seq.*, as more particularly alleged:

> "The Congress finds that significant reforms in the real estate settlement process are needed to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." *12 U.S.C. Section 2601(a).*

Plaintiff was in the group of persons for whom *12 U.S.C. Section 2601, etc. et seq.* was intended to protect and that Plaintiff and her family suffered damages which were actually and proximately caused by Defendants' violations thereof.

*RESPA VIOLATIONS*

Defendants fall within the requirements of the Real Estate Settlement Procedures Act (RESPA). Defendants placed loans for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned. Defendants either individually or jointly as "Servicers", as that term is used with the RESPA Act, and either individually or jointly violated the requirements of *26 U.S.C. § 2605(B)* in that the servicing contract or duties hereunder were transferred or hypothecated without the required notice as which is seen with CMC and Deutsche Bank unlawfully foreclosing the subject property. The Notice of Breach and Default and of Election to Cause Sell [sic] of Real Property under Deed of Trust filed against this Plaintiff states, in part:

> That by reason thereof the present Beneficiary under such deed of Trust has executed and delivered to said duly appointed Trustee a written Declaration and Demand for Sale and has deposited with said duly appointed Trustee such Deed of Trust and all documents evidencing obligations secured thereby...

9

The Adjustable Rate Note states that "Lender or anyone who takes this Note by transfer and who is entitled to receive payment under this Note is called the "Note Holder." Further, the Notice of Breach states that:

> That by reason thereof of the present Beneficiary under such deed of Trust has executed and delivered to said duly appointed Trustee a written Declaration of Default and Demand for Sale and has deposited with said duly appointed Trustee such Deed of Trust and all documents evidencing obligations secured thereby and has declared and does hereby declared all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations served thereby...

Defendants, through its agents, the mortgage broker, CMC, breached its duty to Plaintiff by failing to disclose relevant information, failing to provide additional options for the Plaintiff, failing to conduct reasonable evaluation of the merits of the loan transaction and the property, and other and regular customary and usual activities that are conducted by professionals of the same nature and type. As a direct and proximate result of the breaches by the Defendants, Plaintiff was misled regarding the nature of the transaction, and other wrongful conduct, all of which contributed to Plaintiffs damages.

## D.  QUIET TITLE AGAINST DEFENDANTS STATES A TRUE AND RELEVANT CLAIM HEREIN AS THE FOURTH CAUSE OF ACTION;

In all real estate transactions, the note, which is the security instrument, is secured by a Deed of Trust, which then creates a collateralized note. A promissory note is personal property, and a deed of trust securing such note is a "mere incident of the debt it secures" with no separable, ascertainable market value (*Civ. Code §§ 657, 663; Kirby v. Palos Verdes Escrow* (1986) 183 Cal.App.3d 57 at 62; *Domarad v. Fisher & Burke, Inc.* (1969) 270 Cal.App.2d 543, 553-554). Further, the court can consider the policies advanced by the statutory scheme, and whether those policies would be frustrated by the allowance of an additional remedy [such as quiet title and ordering production of the note] not provided for by legislature (*California Golf, L.L.C. v. Cooper* (2008) 163 Cal.App.4th 1053 at 1070, overruling *Moeller v. Lien*, (1994) 25 Cal.App.4th 822, 834; *Residential Capital v. Cal-Western Reconveyance Corp.* (2003) 108 Cal. App.4th 807, 826). If there is any inconsistency in the terms of the obligation evidenced by a note and the terms of a trust deed securing the obligation, the terms of the note are controlling (*Pacific Fruit Exchange v. Duke* (1930) 103 Cal App.340, 345).

10

In order to prevail in a mortgage foreclosure action, the party seeking to foreclose must produce the original note or reestablish the note pursuant to law (*National Loan Investors v. Joymar Association* (2000) 767 So. 2d 549; *Pastore-Borroto Development, Inc.,v. Marevista Apartments M.B. Inc.*, (1992) 596 So. 2d 526; see *StateStreet Bank and Trust Company v. Lord*, (2003) 851 So. 2d 790; see also, *Titles Insurance v. Novastar Mortgage. Inc.*, (2004) 862 So. 2d 793). Such a complaint [to proceed with foreclosure] must include not only allegations [that the party seeking foreclosure] is the current holder of both the deed of trust and promissory note but also evidence supporting such (*Saxon Mortgage Services, Inc. v. Hillery et al.* (9th cir. 2008) U.S. Dist. LEXIS 100056). Party seeking to pursue an eviction post non-judicial sale failed to prove that the foreclosure sale was properly conducted since there was no evidence that the note itself was assigned and no evidence as to who the current holder might be (*In re Schwartz* (Bankr.D.Mass.2007) 366 B.R. 265).

In *Nosek v. Ameriquest Mortgage Company*, Ameriquest represented itself to be the holder of the note and the mortgage. However, after five years of litigation Ameriquest notified the Court that it was merely the servicer (*Nosek v. Ameriquest Mortgage Company* (In re Nosek) (2008) 286 BR. 374 at 378). Because these misrepresentations were not mistakes, the Court found that those parties who did not hold the note of the mortgage could not service the mortgage, and therefore did not have standing to seek leave to foreclose upon the property. As a result of such misrepresentation, the Court sanctioned the local law firm, the firm's partner, the national law firm involved, and Wells Fargo a total of $400,000.

The problem in this case is simply this: What Defendants are in possession of is a purported assignment of interests from the Deed of Trust, which by itself has no ascertainable market value, is considered void to the extent it conflicts with the note.

Since this problem, of beneficiaries and trustees attempting to foreclose on a property when they do not have the right to, is faced by countless homeowners being foreclosed upon, it is in the public interest, and consistent with the policies behind the *California Civil Code 2924*, to grant the relief requested by Plaintiffs; that the Defendant's be ordered to show some true form of ownership to the indebtedness of Plaintiffs before foreclosing upon Plaintiffs property. If Defendants cannot, then Plaintiffs are entitled to a quiet title declaration against them.

PLAINTIFFS RESPONSE AND OPPOSITION TO MOTION TO DISMISS

Plaintiff's have alleged a legal description of the Subject Property, along with its common designation, have described the basis of Plaintiff's title, the adverse claims to the title of Plaintiffs, the date as of which the determination is sought; and a prayer for the determination of the title of Plaintiff's against Defendant's.

Defendants assert "that the fifth cause of action to quiet title and set aside the foreclosure proceedings, mislabeled the fourth cause of action on the cover page of the complaint, is based on the fraud cause of action, which fails to state a claim." *See Defendants Motion to Dismiss Page 11, lines 13-17.* In response, Plaintiff's did not mislabel such cause of action and Plaintiff's have clearly explained why fraud is relevant and pertinent in this matter. Simply stating, Defendants have not produced the original Note in order to adhere to foreclosure proceedings. However, this factual contention fails to consider the fact that Deutsche Bank is currently seeking to sell the Subject Property by non-judicial sale as an adverse or competing claim to that of Plaintiffs, and continues to cause Plaintiffs and her family's loss of full use and enjoyment in the Subject Property. Defendants allege that quiet title is not viable because Plaintiff has not offered to tender the debt. At the time that Plaintiff's took out the mortgage loan, they were not prospective cash purchasers -but a party who was ready and willing to obtain the credit on fair and disclosed terms. Therefore, to require Plaintiff to be able to tender the full amount of the loan would not restore the parties to the state they were in before Plaintiff signed a deed of trust. The contract cannot be "extinguished" upon a tender because Plaintiff's position has been materially altered by the damage this unauthorized foreclosure has done to them. Among the required elements of a quiet title action is merely "an adverse claim to the title of the plaintiff against which a determination is sought ". (*Cal Code Civ Proc § 761.020; Nera v. Am. Home Mortgage. Servicing, Inc.,* 2009 U.S. Dist. LEXIS 68515 (D. Cal. 2009)*).* As stated, it is unclear who the true Lender and the true Beneficiary under the Deed of Trust who declared a default. Certainly the claim of the Defendants, whether directly or through their agents, is adverse to the Plaintiff and it has formed a cloud over the title to the Subject Property. *California Code Civil Procedure §760.020* further supports an action for quiet title: A complaint to quiet title to real property under this section is sufficient if it alleges that the plaintiff is the owner and entitled to possession of the property and that the defendant claims without right an interest therein adverse to the

PLAINTIFFS RESPONSE AND OPPOSITION TO MOTION TO DISMISS

plaintiffs title, and prays for a decree quieting title in the plaintiff. Since Plaintiff has alleged all the elements necessary for a quiet title action, Plaintiff has a viable fourth cause of action.

E.  **REFORMATION STATES A TRUE AND RELEVANT CLAIM HEREIN AS THE FIFTH CAUSE OF ACTION;**

Plaintiff's cause of action for reformation of contract is viable because the relevant Subcontract, which governs the relationship of Plaintiff and Downey Savings, contains a significant error and does not reflect the parties' understanding and agreement. Alternatively, Plaintiff's submit, if there was not a mutual mistake, its mistake was the result of Trustee Corp.'s and CMC's misrepresentations and/or fraudulent conduct, and accordingly, the contract should be reformed so that CMC and Deutsche Bank does not benefit on account of its fraudulent conduct. Reformation is allowed where there is a mutual mistake of fact and the resulting written agreement does not reflect the intention or agreement of the parties or where the written agreement, or portions thereof, is the result of fraudulent conduct. *(Hitchcock Metal Sources, Inc. v. Mulford,* 2004 WL 178390, * 6 (Tenn. Ct. App. 2004) ("*In order to reform a written instrument for mistake, there must have either been a mutual mistake, or a mistake of one party influenced by the other's fraud.* A mistake is an act which would not have been done, or an omission which would not have occurred, but from ignorance, forgetfulness, inadvertence, mental incompetence, surprise, misplaced confidence, or imposition, and it must be mutual or fraudulent") (emphasis added); *Sikora v. Vanderploeg,* 212 S.W.3d 277, 288 (Tenn. Ct. App. 2006) ("As long as party seeking reformation establishes the elements of a mistake in expression, any discrepancy between the parties' prior agreement and their written contract is presumed to be the result of a mutual mistake"); *Media General, Inc. v. Tanner,* 625 F.Supp. 237, 248 (W.D. Tenn. 1985) (reformation is available "where mistake or the existence of an alternative antecedent agreement is plead ..."). Such remedy is clearly available in the instant matter.  Plaintiff's have set forth a viable and relevant fifth cause of action.

F.  **FRAUDULENT AND DECEPTIVE BUSINESS PRACTICES; VIOLATION OF *BUSINESS AND PROFESSIONS CODE § 17200* STATES A TRUE AND RELEVANT CLAIM HEREIN AS THE SIXTH CAUSE OF ACTION;**

Defendant claims that the complaint states no specific facts and should be dismissed. However, since lender Central Mortgage Company acted as Downey Savings' agent, successor in interest and

13

defendant CMC  is liable for such violations. The contract of an agent who deals in his or her own name without disclosing the principal is, for most purposes, the contract of the principal. "A contract made by an agent for an undisclosed principal is for most purposes the contract of the principal,..." *Bank of America v. State Bd. of Equal.* 209 Cal.App.2d 780, 796 (1962). Unless excluded by the terms of the agreement made by the agent, an undisclosed principal may claim the benefits of the contract and may sue or be sued in his or her name. *Witkin, Summary of Cal. Law (9th ed. 1987) Agency and Employment, § 110, pp. 105-106.* A business practice is unfair if it violates established public policy or if it is immoral, unethical, oppressive, or unscrupulous and causes injury to consumers that outweighs its benefits. *Walker v. Countrywide Home Loans,* 98 Cal.App.4th 1158, 1169 (2002). Plaintiffs have alleged a lending scheme from pre-origination to foreclosure that involves the named Defendants. Deutsche Bank intends to take advantage of borrowers and provide for ready disposition of their property through illegal foreclosures. Plaintiff contends that this pattern of conduct went far beyond this single loan: that they were the victim of a practice, and not an isolated event. Issuing loans and instituting foreclosures in this way surely harms competition. This pattern of discriminatory conduct would harm competition, and the institutional collusion to engage in that conduct "violates the spirits" of antitrust laws under the reasoning of *Puentes v. Wells Fargo Home Mortg., Inc.* 160 Cal.App.4th 638, 646 (2008). Plaintiff has standing and can show that they were harmed by unfair competition. Accordingly, the Motion to Dismiss the cause of action for Section 17200 fails. Plaintiff claims under the unfair competition statutes are based on allegations of tortuous conduct and federal statutory violations. Therefore, even if federal regulations govern the format of loan disclosures, the Unfair Business Practices claims are valid because they stem from tortuous conduct, accordingly, the cause of action for violation of *Business and Professions Code §17200* has proven its merit as the sixth cause of action.

### G. **FAILURE TO OFFER MODIFICATION OR LOAN WORKOUT, *CIVIL CODE § 2923.6* STATES A TRUE AND RELEVANT CLAIM HEREIN AS THE SEVENTH CAUSE OF ACTION;**

It is apparent by legislative intent that the primary public policy being served by *Section 2923.6* is the avoidance of unnecessary foreclosures of residential properties, thereby insuring stability in the regional and state economies. Here, Plaintiff continuously sought assistance in a Loan Modification

program but were not even assisted by CMC when attempting to modify. In addition, Plaintiff contacted

CMC and Deutsche Bank on multiple accounts asking for information regarding the Low Income

Assistance Program and Rental program where CMC clearly stated to the Plaintiff that, "CMC does not

offer any such programs". (Please *see Exhibit B*). Such attempts of modification weren't even addressed

and public policy states the avoidance of unnecessary foreclosures where Defendants weren't even able to

provide or even acknowledge such assistance. The legislative intent behind the statute implies that a loan

modification should be offered and Plaintiff has adequately pled a cause of action for violation *of Civil*

*Code §2923.6.* In enacting Civil Code §2923.5 and §2923.6, the California Legislature has found and

declared:

> "It is **essential** to the economic health of California for the state to ameliorate the deleterious
> effects on the state economy and local economies and the California housing market that will
> result from the continued foreclosures of residential properties in unprecedented numbers by
> modifying the foreclosure process to require mortgagees, beneficiaries, or authorized agents to
> contact borrowers and explore options that could avoid foreclosure. **These changes in accessing**
> **the state's foreclosure process are essential to ensure that the process does not exacerbate**
> **the current crisis by adding more foreclosures to the glut of foreclosed properties already**
> **on the market when a foreclosure could have been avoided.** Those additional foreclosures will
> further destabilize the housing market with significant, corresponding deleterious effects on the
> local and state economy. *See Sections 1(d) of Stats.*2008, c. 69 (S.B.1137) (emphasis added).

The spirit and intent behind these important new laws is that lenders and borrowers should work

together to keep people in their homes if at all possible so that our economy does not suffer further

deterioration. There is absolutely no good that comes from ousting Plaintiff and her family from their

home when Plaintiff was willing and able to make a payment on the home which would in all likelihood

be greater than the monthly payment that would be made by someone buying this home at auction. As the

Legislature has declared, "This act is an **urgency statute** necessary for the immediate preservation of the

public peace, health, or safety". The spirit and intent of these new laws is for lenders and loan servicers to

offer modifications to borrowers when the net recovery under the loan modification exceeds the net

recovery to the lender through foreclosure. Plaintiff has secured and validated a seventh cause of action.

## H.  **THE COMPLAINT CONTAINS VIABLE *CALIFORNIA CIVIL CODE SECTION 2923.5* VIOLATIONS AND STATES A TRUE AND RELEVANT CLAIM HEREIN AS THE EIGHT CAUSE OF ACTION;**

15

*California Civil Code Section (a)(1)* specifies that a mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default...until 30 days after contact is made (*Cal.Civ.Code §2923.5*). California Senator Perata, through *Senate Bill No. 1137*, pushed for approval of this emergency legislation, which was approved by the Governor of California July 08, 2008, in order to avoid unnecessary foreclosures. The language of *Section (a)(1)* makes clear that a notice of default may not be filed until the requirements of this Civil Code have been met. Senator Perata makes clear that in 2007, more than 254,824 homes in California went into default, and that this new legislation was enacted to avoid any unnecessary foreclosures. Obviously, any public agency would be overwhelmed trying to enforce violations of *Civil Ccde Section 2923.5* with such a large volume of foreclosures. Further, it would be silly to assume the legislature enacted these Codes to be without legal effect or significance. Therefore, it is a logical conclusion that any non-judicial proceeding which violates the *Civil Code 2923.5* is actionable by private individuals that suffer damages from such violations.

Plaintiff alleges that Defendants DOWNEY SAVINGS AND LOAN, CENTRAL MORTGAGE COMPANY, and DEUTSCHE BANK NATIONAL TRUST COMPANY have failed to comply with the requirements in that they, acting as the mortgagee, beneficiary, or authorized agent filed a Notice of Sale with a declaration denying any contact was made with Plaintiff, as the borrower, in person or by telephone in order to assess Plaintiff's financial situation and explore options for Plaintiff to avoid foreclosure. Plaintiff's efforts to obtain loan modification were not acknowledged by the Defendants. As a result, Defendants foreclosure of the Subject Property is unlawful, and has caused Plaintiff and her family to suffer damages. Defendants falsely assert compliance with *Section 2923.5* in their Motion to Dismiss. However, such constitutes an affirmative defense through factual contention, and as discussed, is not proper in a Motion to Dismiss. Defendants have not shown that Plaintiff fails to state a cause of action for which relief can be granted under *California Civil Code Section 2923.5*; rather, Defendants simply attempt to raise a defense to this claim. As discussed above, the existence of a defense does not undercut the adequacy of a claim on motion to dismiss for failure to state a claim upon which relief may be granted (Fagin supra). Therefore, since Plaintiff alleges that Defendants have violated *California Civil Code Section 2923.5* causing them damages, Plaintiff alleges a viable eight cause of action.

PLAINTIFFS RESPONSE AND OPPOSITION TO MOTION TO DISMISS

## I.  VIOLATION OF *CALIFORNIA CIVIL CODE §2924* STATES A TRUE AND RELEVANT CLAIM HEREIN AS THE NINTH CAUSE OF ACTION;

*California Civil Code sections 2924* through *2924k* regulates non-judicial foreclosure sales. (*Moeller v. Lien*, 25 Cal.App.4th 822, 830 (1994)). In order to initiate a foreclosure under *section 2924*, a party must fall into one of four categories; they must be a trustee, mortgagee, beneficiary, or an authorized agent. *Cal. Civ. Code §2924(a)(1)*. Plaintiff has alleged that Trustee Corp does not fall within one these categories. In other words, a foreclosing party must actually hold an interest under the DOT to foreclose on the property, which is a fundamental requirement under *California Civil Code section 2924*. From the beginning of this foreclosure the Defendants have asserted, by word alone, that they have the lawful authority to foreclose on the subject property. Never have they offered any tangible proof in the form of original documentation that supports claim to a foreclosure sale. Subsequently Defendants have crouched behind the California statute governing non-judicial foreclosure in California under *Civil Code at §§ 2924, et seq.* Plaintiff acknowledges that *California Civil Code § 2924* covers the field of California non-judicial disclosure law. Under that framework however, Defendants should not be allowed to use the law to sanitize their acts which make this foreclosure illegitimate. California's non-judicial foreclosure law is not meant to be used as a shield for lender wrong-doing nor does it exist in a vacuum: the power of the foreclosure sale under *California Civil Code §2924*, as defendants wish to apply, is contained in the *Deed of Trust.* It is a requirement of *California Civil Code §2924* that the actual beneficiary step forward with documented proof, such as the original note, in order to be known. Under the Code, the true beneficiary in a foreclosure is charged with the responsibility of making "A statement setting forth the nature of *each breach actually known to the beneficiary* and of his or her election to sell or cause to be sold the  subject property to satisfy that obligation and any other obligation secured by the deed of trust or mortgage that is in default." (*California Civil Code Section 2924(a)(1)(c)*) That, of course is part of the non-judicial notice requirement under California law. That section raises the salient question: How can the Plaintiffs be expected to respond to foreclosure notice if the one asserting the accusations of breach refuses to provide the original Loan documents as evidence for Plaintiff? Accordingly, Plaintiff has successfully pleaded a ninth cause of action under *California Civil Code section 2924*.

## J.   UNFAIR DEBT COLLECTION PRACTICES, *CIVIL CODE § 1788.17* STATES A
## TRUE AND RELEVANT CLAIM HEREIN AS THE TENTH CAUSE OF ACTION;

Plaintiff constitute violations of the *Rosenthal Act*. *Paragraph 12 of the FAC* states:

> The foregoing acts and/or omissions by Defendant constitute numerous and multiple violations of the [Rosenthal Act], *Cal. Civil Code §1788* (and) as incorporated by *Cal. Business & Professions Code § 6077.5*), including but not limited to, *§1788.17* by failing to comply with *15 U.S.C. § 1692e* as set forth.

Defendant cites to no authority for its proposition that recovery of statutory damages under the FDCPA precludes recovery of statutory damages under the *Rosenthal Act*. Nor can it. The *Rosenthal Act* was originally enacted to have cumulative remedies for California consumers. "The remedies provided herein *are intended to be cumulative and are in addition to* any other procedures, rights, or remedies under any other provision of law." *Cal. Civil Code § 1788.32*. Thus, the statute itself clearly envisions additional damages. Defendants further state that they are in no way "debt collectors". Clearly, the foreclosure process is a form of debt collection on behalf of a mortgage company. Though Defendants may not have a title as "debt collectors", they did forego the process of collecting a debt.

The California Legislature amended the *Rosenthal Act* in 1999 by adding *Civil Code §1788.17*. In relevant part, the amended provision provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a debt shall comply with the provisions of *Sections 1692b to 1692j*, inclusive, of, and shall be subject to the remedies in *Section 1692k of Title 15 of the United States Code. Cal. Civ. Code § 1788.17*. In this section, the legislature merely chose to incorporate remedies under the FDCPA, *15 U.S.C. § 1692k*.

Similarly, other district courts within California have found the *Rosenthal Act* and the FDCPA do not conflict or displace each other. For example, Magistrate Judge Bernard Zimmerman held that the Rosenthal Act was not preempted by the FDCPA. *Edstrom v. All Servs. & Processing*, No. C 04-1514 BZ, 2005 U.S. Dist. LEXIS 2773, at *16-*17 (N.D. Cal. Feb. 22, 2005) (finding defendant's violations of the FDCPA also constituted violations of § 1788.17 of the Rosenthal Act). In granting certification of a sub-class under the Rosenthal Act, Judge James Ware stated:

> [I]f a defendant can be found to violate [the Rosenthal Act] when he violates FDCPA, it is logical to conclude that he would then be subject to the same remedies afforded to a plaintiff in FDCPA.

18

Defendants used unfair debt collection practices by using an unauthorized agent to foreclose the subject property in order to collect a debt. Moreover, Plaintiff has clearly stated a viable tenth cause of action.

## K. PLAINTIFF'S CLAIMS OF INJUNCTIVE RELIEF STATES A TRUE AND RELEVANT CLAIM HEREIN AS ELEVENTH CAUSE OF ACTION;

Defendants state that Plaintiff's cause of action for injunctive relief must be dismissed because it does not state a cause of action. Defendant's argument addresses the form and not the substance of Plaintiff's demand. To qualify for a permanent injunction, the plaintiff must prove (1) the elements of a cause of action involving the wrongful act sought to be enjoined, and (2) the grounds for equitable relief. *San Diego Unified Port. Dist. v. Gallagher,* 62 Cal. App. 4th 501, 503 (1998). Plaintiff has stated independent grounds for injunctive relief in their Complaint based on, among other things, Defendants' inability or unwillingness to prove their right to foreclose, or account for their income from this loan, and on several other grounds that are set forth in the Complaint. Defendants' Motion fails and is only a wholesale, generic attempt to rebut Plaintiff's demand. Plaintiff has stated a just claim for the twelfth cause of action.

## IV.  CONCLUSION

Defendants fail to see that the foreclosure was done through an unauthorized agent and that it must be set aside. Defendants are also in Default with the California Superior Court, County of Los Angeles, not giving them authority to remove nor dismiss themselves from the complaint. Additionally, there is responsibility under the law under *respondet superior* and successor liability for acts of those that are in the chain of the lending title, so as those acts are apparent on the face of the loan documents. This Honorable Court should allow Plaintiffs to pursue their complaint where appropriate and allow the discovery process find the truth. In light of the foregoing, it is respectfully requested that this Court deny the Motion to Dismiss and deny the additional request to expunge *lis pendens*.

DATED: June 04, 2010

Respectfully Submitted,

Shahida Ali

PLAINTIFFS RESPONSE AND OPPOSITION TO MOTION TO DISMISS

# EXHIBIT "A"

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|
| Shahida Ali<br>Shahida Ali<br>688 Featherwood Dr.<br>Diamond Bar, CA 91765<br><br>TELEPHONE NO.:<br><br>ATTORNEY FOR: | **ORIGINAL FILED**<br><br>MAY 12 2010<br><br>**LOS ANGELES<br>SUPERIOR COURT** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |  |
|---|---|
| STREET ADDRESS: 400 Civic Center Plaza<br>CITY AND ZIP CODE: Pomona, 91766<br>BRANCH NAME: Pomona ( Unlimited ) |  |

| PLAINTIFF: Shahida Ali<br>DEFENDANT: Downey Savings and Loans, Central Mortgage Company,<br>Deutsche Bank National Trust Company. | CASE NUMBER:<br>KC 058246 H |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
    f. other (specifiy documents):
    Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, ADR Information Package.

3. a. Party served:
    Deutsche Bank National Trust Company

    b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made):
    Suzanne Patten / Authorized Agent

4. Address where the party was served:
    1761 E. Saint Andrew Pl., Santa Ana, CA 92705

5. I served the party
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party on 4/19/2010 at 4:25 pm

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    d. On behalf of: Deutsche Bank National Trust Company
    under the following Code of Civil Procedure section:
        415.95 (business organization, form unknown)

7. **Person who served papers**
    a. Name: J. Hernandez
        Firm: Angeles Legal Services
    b. Address: 10808 Foothill Blvd., Suite # 160, Rancho Cucamonga, CA 91730
    c. Telephone number: (909) 821-0984
    d. **The fee** for the service was: $55.00
    e. I am:
        (3)    a registered California process server:
                (i) independent contractor
                (ii) Registration No.: 1208
                (iii) County: Riverside

Page 1 of 2

Judicial Council of California
POS-010 [Rev. January 1, 2007]
Form adopted by rule 982.9

**PROOF OF SERVICE OF SUMMONS**

Job Number 2010000228

| PLAINTIFF: Shahida Ali | CASE NUMBER: |
|---|---|
| DEFENDANT: Downey Savings and Loans, Central Mortgage Company, Deutsche Bank National Trust Company. | KC 058246 H |

8.   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  5/u/0

| J. Hernandez | ▶ | (SIGNATURE) |
|---|---|---|
| (NAME OF PERSON WHO SERVED PAPERS) | | |

Judicial Council of California
POS-010 [Rev. January 1, 2007]
Form adopted by rule 982.9

**PROOF OF SERVICE OF SUMMONS**

Job Number 2010000228

# EXHIBIT "B"



## Minutes Used

Wireless Usage ZAINAB

**FamilyTalk Nation 3000 Rollover & Unlimited Night/Weekend & Unlimited Mobile-To-Mobile Minutes**

**Current Usage Summary - Minutes ZAINAB**

| ANYTIME MINUTES | NIGHTS & WEEKENDS | MOBILE TO MOBILE |
|---|---|---|
| 930 | 43 | 125 |

Current Usage displayed as of:
02/04/2010, 09:02 PM

Important Information

**Next Bill Cycle:** 02/10/2010

Select the Type of Details to View:                          Phone Book What's this?
**Current View – Minutes** | Data                          On | Off | Manage

**MINUTES DETAIL**   (View all your minutes used)          Back to Usage Summary

Click column headers to sort.

| 01/20 01:02 PM | Toll Free | | DT | |
| 01/20 01:09 PM | Toll Free | 800-986-2132 | DT | |

| DATE | TIME | CALL TO | NUMBER CALLED | RATE PERIOD | FEATURE | MINUTES |
|------|------|---------|---------------|-------------|---------|---------|
| 01/19 | 01:18 PM | Toll Free | 800-366-2132 | DT | | 12 |
| 01/19 | 12:11 PM | INCOMING | 501-716-5600 | DT | | 5 |
| 01/15 | 03:40 PM | Toll Free | 800-366-2132 | DT | | 1 |
| 01/15 | 03:35 PM | Toll Free | 800-366-2132 | DT | | 6 |

'E MINUTE

| 01/15 01:42 PM | Toll Free | 800-366-2132 | DT | 70 |

previous line 6 7

**Important:** There are delays in reporting and processing call records. It may take up to two to five days for airtime usage on the AT&T wireless network to show up in any Minutes "Used" category. Additional delays may occur due to technical difficulties. Further delays may apply to roaming usage, which is based on call records received from other carriers. A delay of a minimum of two to ten days for roaming usage is usual and up to 60 days or longer is possible. During the time your invoice is being processed, you may not be able to view your usage or you may experience additional delays in reporting of usage. Minutes used in excess of those available will either be deducted from available Rollover or from another category of usage for which that call is eligible. Minutes "Used" may reflect airtime for unanswered voice mails, administrative calls, and other calls for which you are not billed. This usage information is only an estimate and, regardless of what is shown, your next invoice will be determined by the information contained in our billing system, not this usage information.

**Legend*:**

**Rate Period (PD): DT** (Daytime Minutes); **NW** (Night & Weekend Minutes); **P** (Peak Minutes); **N** (Night Minutes); **W** (Weekend Minutes); **O** (Off-Peak Minutes)

**Call To: VMAIL** (Voicemail); **CALL WAIT** (Call Waiting); **\*\*** (International Call Terminated To Mobile)

**Feature: 1** (PTT One-to-One event); **B** (Direct Assistant Call Complete); **C** (Call Waiting); **CW** (Call Waiting); **D** (Data Call); **d** (Directory Assistance); **F** (Call Forwarding); **g** (Push to Talk Group Event); **H** (Group Mobile-to-Mobile Calls); **I** (Incoming Call); **K** (Fax Call); **L** (Expanded Calling); **M** (Mobile-to-Mobile Discount); **M2AN** (A-List); **M2MCNG** (Expanded Mobile To Mobile); **MCELL** (MicroCell Unlimited Voice); **N** (Off-Network); **P** (Priority Access Service); **R** (Roam with Home); **S** (Shared Minutes); **T** (Three Way Calling); **V** (V-VPN); **v** (Voice Activated Dialing); **VM** (Voice Mail); **W** (Nights & Weekends); **Y** (Voicemail Return Call); **9** (Unity/Expanded Calling)

*The codes shown in this legend are most commonly used with Wireless service from AT&T. Additional codes may be present when viewing your bill online.

YELLOWPAGES.COM

©2009, AT&T Intellectual Property.
All Rights Reserved. AT&T, the AT&T logo and all other AT&T marks contained herein are trademarks of AT&T Intellectual Property and/or AT&T affiliated companies.

| DATE | TIME | CALL TO | NUMBER CALLED | RATE PERIOD | FEATURE | MINUTES |
|------|------|---------|---------------|-------------|---------|---------|
| 02/01 | 01:34 PM | Toll Free | 800-366-2132 | DT | | 5 |
| 02/01 | 01:34 PM | Toll Free | 800-366-2132 | DT | | 1 |
| 02/01 | 01:13 PM | Toll Free | 800-366-2132 | DT | | 19 |