WILLIAM G. MALCOLM #129271
DON ROBINSON #123411
MALCOLM ♦ CISNEROS
2112 Business Center Drive
2nd Floor
Irvine, California 92612
Telephone:     (949) 252-9400
Telecopier:     (949) 252-1032

Counsel for CENTRAL MORTGAGE COMPANY, DEUTSCHE
BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR
DOWNEY 2006-AR1, and DOWNEY SAVINGS AND LOAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SHAHIDA ALI,<br><br>           Plaintiff,<br><br>    vs.<br><br>DOWNEY SAVINGS AND LOAN;<br>CENTRAL MORTGAGE<br>COMPANY; DEUTSCHE BANK<br>NATIONAL TRUST COMPANY; and<br>DOES 1-100, Inclusive,<br><br>         Defendants. | Case No. 2:10-cv-03798-GAF-FMO<br><br>**OPPOSITION OF CENTRAL MORTGAGE COMPANY, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR DOWNEY 2006-AR1, AND DOWNEY SAVINGS AND LOAN TO MOTION TO REMAND TO SUPERIOR COURT; REPLY TO PLAINTIFF'S OPPOSITION TO NOTICE OF REMOVAL**<br><br>**[F. R. Civ. P. 12(b)(6)]**<br><br>**Date:   July 12, 2010**<br>**Time:  9:30 a.m.**<br>**Ctrm: 740** |

       Defendants Central Mortgage Company ("CMC"), Deutsche Bank National Trust Company as Trustee for Downey 2006-AR1 ("Deutsche Bank"), and Downey Savings and Loan ("Downey") respectfully submit the following opposition to the Notice of Motion and Motion to Remand to Superior Court Pursuant to 28 U.S.C. § 1446(a) and 28 U.S.C. § 1446(b) ("Remand Motion") and reply to the Opposition to Notice of Removal filed by Plaintiff Shahida Ali ("Ali").

       Defendants submit there is no basis for remand to the Los Angeles County Superior Court.  Ali's third cause of action alleges a violation of RESPA, a federal statute.

1    Consequently, the complaint involves a federal question and is subject to removal under 28

2    U.S.C. § 1441(b).  As Ali admits, many of her state law causes of action are pre-empted by

3    federal law.  Remand Motion, p. 5.  Both the removal petition and Downey's consent to removal

4    were timely and the clerk's entry of default against Deutsche Bank in the Superior Court action

5    did not deprive Defendants of the right to remove the action.

6    ### I.    __STATEMENT OF FACTS__

7           On March 15, 2010, Plaintiff Shahida Ali ("Plaintiff" or "Ali") filed a Complaint

8    for Declaratory Relief and for Damages Arising From: 1. Declaratory Relief; 2. Fraud; 3.

9    Tortious Violation of Statute; 4. Quiet Title; 5. Reformation; 6. Violation of Business and

10   Professions Code Section 17200; 7. Violation of CA Civ. Code § 2923.6; 8. Violation of CA

11   Civ. Code 2923.5; 9. Violation of CA Civ. Code 2924; 10. Violation of CA Civ. Code §

12   1788.17; 11. Injunctive Relief ("Complaint") against Downey, CMC, and Deutsche Bank in the

13   Los Angeles County Superior Court (Case No. KC058246).  Remand Motion, p. 1, ¶ 1.  The

14   Complaint's third cause of action alleges a violation of the Real Estate Settlement Procedures

15   Act ("RESPA"), 12 U.S.C. § 2601 et seq.

16          According to Ali, Deutsche Bank was served with the Complaint on April 19,

17   2010.  Remand Motion, p. 2, ¶ 2.  Ali contends that "[a]ll Defendants have been properly served

18   in this case as Angeles Legal Services properly served all Defendants by physically handing the

19   complaint to an authorized agent of each Defendant."  *Id.*, ¶ 3.   Ali cites Exhibit 2 attached to

20   the Remand Motion as proof that all Defendants have been properly served.  The Exhibit shows

21   that Downey Savings and Loan was served on May 11, 2010 and CMC was served on May 12,

22   2010.  Remand Motion, Exhibit 2, pp. 11-15 of 24.

23          On May 20, 2010, CMC and Deutsche Bank filed a Notice of Removal of the

24   Complaint in the United States District Court for the Central District of California, Western

25   Division, and a Notice of Filing of Notice of Removal in the Los Angeles County Superior

26   Court.  On the same day, Ali filed a Request for Entry of Default against Deutsche Bank and the

27   clerk of the Superior Court entered the default.

28   ///

On May 25, 2010, CMC and Deutsche Bank, which were unaware of the clerk's default entered against Deutsche Bank, filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Ali filed opposition to the motion to dismiss and the Notice of Removal on June 4, 2010 and subsequently filed the Remand Motion.

On June 10, 2010, Downey Savings and Loan filed a Notice of Consent to Removal.

II.     **DISCUSSION**

The Remand Motion is based on four arguments.  First, Ali argues that "Defendant's notice of removal compromises proper jurisdiction as determined from the pleadings, which Plaintiff, herein does not seek relief under Federal Law."  Remand Motion, p. 2, ¶ 8.

Second, Ali asserts:

> **Defendant's removal petition was untimely.  A notice of removal of a civil action must be filed within 30 days after receipt of a copy of the initial pleading (28 USC § 1446[b]).  Defendant's (sic) were served on April 19, 2010 giving them the authority to remove until May 19, 2010.  Defendant's removal petition was filed on May 20, 2010, after the 30 days.  Defendants are now in default with the California Superior Court, County of Los Angles  (Exhibit "3").**

Remand Motion, p. 2, ¶ 9 (emphasis in the original).

Third, Ali contends that the clerk's default entered against Deutsche Bank deprives Defendants of authority to remove the case to federal court.  Remand Motion, p. 3, ¶ 14a.  Finally, Ali argues that "Defendants did not consent with Co-Defendant Downey Savings and Loan, now U.S. Bank, in removing to Federal Court."  *Id.*, p. 4, ¶ 14c.

A.     **The Complaint Involves a Federal Question**

In the third cause of action for violation of RESPA, Ali alleges that Defendants "violated both the terms and spirit of sections 12 U.S.C. Section 2601, etc. et seq. …."  Complaint, p. 33, ¶ 148.  She seeks damages and punitive damages "as provided by statute."  *Id.*, p. 45, ¶¶ 1, 3.  In addition, Ali admits that many of her state law causes of action are pre-empted by federal law.  Remand Motion, p. 5.

---

[1] Downey intends to file a joinder in the motion to dismiss.

1   As such, removal was proper.   United States district courts have original

2   jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

3   States. 28 U.S.C. § 1331.  A cause of action for violation of RESPA arises under the laws of the

4   United States, as Ali recognized when she cited 12 U.S.C. §§ 2601 et seq.  The entire case may

5   be removed whenever a separate and independent claim or cause of action within the

6   jurisdiction of the district court is joined with one or more otherwise nonremovable claims or

7   causes of action.  28 U.S.C. § 1441(c).

8   As such, this Court has federal question jurisdiction and removal was

9   appropriate.

10   **B.   <u>The Removal Was Timely</u>**

11   As Ali correctly notes, a notice of removal must be filed within 30 days of

12   receipt of the initial pleading.  Deutsche Bank received the Complaint on April 19, 2010 and

13   filed the notice of removal on May 20, 2010, one day late.  What Ali fails to note, however, is

14   that she served the Complaint on CMC on May 12, 2010.  Remand Motion, p. 16.  Thus, the

15   removal by CMC on May 20, 2010 was timely as to all defendants.

16   Removal under 28 U.S.C. § 1442 can be effected by any defendant in an action.

17   See, e.g., *Akin v. Ashland Chem. Co.*, 156 F.3d 1030,1034 (10th Cir. 1998); *Ely Valley Mines,*

18   *Inc. v. Hartford Accident & Indem. Co.,* 644 F.2d 1310, 1315 (9th Cir. 1981); *Fowler v.*

19   *Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965).

20   Where a single defendant timely removes a case under § 1442, the entire
     case is thereby removed, regardless of whether the other defendants, federal

21   officials or not, properly join in the removal petition, or have themselves already
     filed untimely petitions. *Howes v. Childers*, 426 F. Supp. 358 (E.D. Ky. 1977).

22

23   *Plourde v. Ferguson*, 519 F. Supp. 14, 16 (D. Md. 1980) (removal pursuant to section 1442 was

24   timely where a defendant properly removed the case within thirty days of receipt of the initial

25   pleading in the case, notwithstanding the fact that an earlier-served defendant failed to effect

26   timely removal).

27   While there is no controlling Ninth Circuit authority, the majority rule among

28   district courts in the Ninth Circuit is that the "last served" defendant may remove a complaint

even if an earlier-served defendant missed the deadline.  See, e.g., *Lewis v. City of Fresno*, 627 F.Supp.2d 1179, 1183 (E.D. Cal. 2008); *Coleman v. Assurant, Inc.*, 463 F.Supp.2d 1164, 1168 (D. Nev. 2006); *Bonner v. Fuji Photo Film*, 461 F.Supp.2d 1112 (N.D. Cal. 2006).  The one published decision to the contrary by a district court in the Ninth Circuit, *McAnally Enterprises, Inc. v. McAnally*, 107 F.Supp.2d 1223, 1227 (C.D. Cal. 2000), has been roundly criticized by the United States District Court for the Northern District of California (*Bonner v. Fuji Photo Film*, *supra*, 461 F.Supp.2d at 1117)); the United States District Court for the Eastern District of California (*Smith v. Mails Boxes, Inc.*, 191 F.Supp.2d 1155, 1159 (E.D. Cal. 2002)); the United States District Court for the Southern District of California (*Lear v. Louisville Ladder, Inc.*, 2007 U.S. Dist. LEXIS 75008 (S.D. Cal. 2007)); the United States District Court for the District of Nevada (*Coleman v. Assurant, Inc.*, *supra*, 463 F.Supp.2d at 1167)); the United States District Court for Idaho (*Tomlinson Black N. Idaho v. Kirk-Hughes*, 2006 U.S. Dist. LEXIS 38020 (D. Id. 2006)); and the United States District Court for the Western District of New York (*Piacente v. State Univ. of N.Y. at Buffalo*, 362 F.Supp. 383, 390 (W.D. N.Y. 2004)).

Since the removal by CMC was timely, there is no basis to remand the Complaint.

### C.   <u>The Clerk's Default Did Not Deprive Defendants of Authority to Remove the Case to Federal Court</u>

On the same day the Complaint was removed from the Los Angeles County Superior Court, the clerk entered Deutsche Bank's default.  No default judgment has been entered.

"In general, a case is not removable after the state court has rendered a final judgment."  *Aiken v. Waffle House, Inc.*, 509 F.Supp.2d 541, 544 (D. S.C. 2007).  A clerk's entry of default is not a final judgment, however.

As a California Court of Appeal has observed:

A clerk's entry of default possesses none of the characteristics of a preclusive judgment. It is not final; it is not on the merits; it does not decide anything; it results from no litigation of any issue. Indeed it does not adjudicate anything; it is not a judicial act. It reflects the clerk's performance of a series of quintessentially clerical tasks: ascertaining that the request for default appears in

order, confirming that the defendant's time to plead has elapsed, noting the absence of a responsive pleading by him, and signifying these facts by entering the default. As appellant correctly asserts and respondents sometimes appear to concede (see fn. 14, ante), such an instrument can have no effect under the rules of preclusion by judgment.

*Ferraro v. Camarlinghi*, 161 Cal. App. 4th 509, 534 (2008)

Moreover, a case is removable even after a default judgment has been entered and a federal court has jurisdiction to vacate the default.  See *Murray v. Ford Motor Co.*, 770 F.2d 461, 463, 465 (5th Cir. 1985) (per curiam) (affirming order entered after removal that set aside default judgment); *Butner v. Neustadter*, 324 F.2d 783, 785-87 (9th Cir. 1963) (reversing order entered after removal that denied motion to set aside default judgment); *Munsey v. Testworth Labs.*, 227 F.2d 902, 903 (6th Cir. 1955) (*per curiam*) (affirming order entered after removal that set aside default judgment); *Cady v. Associated Colonies*, 119 F. 420, 423 (C.C.N.D. Cal. 1902) (vacating default judgment after removal).

Deutsche Bank intends to file a motion to vacate the default judgment prior to the hearing on the motion to remand.  As the United States District Court for the Middle District of Maryland noted, "there is no question that under the general removal statute, 28 U.S.C. §§ 1441-1450, it is within the power of a Federal Court to set aside a default judgment rendered by a State Court before removal of a particular case. 28 U.S.C. § 1450; *Harter Township v. Kernochan*, 103 U.S. 562, 26 L. Ed. 411 (1880); *Munsey v. Testworth Laboratories, Inc.*, 227 F.2d 902 (6th Cir. 1955); *Miners Sav. Bank v. United States*, 63 F. Supp. 305 (M.D. Pa. 1945)." *Kizer v. Sherwood*, 311 F. Supp. 809, 811-812 (M.D. Pa. 1970).

### D.    <u>All Defendants Timely Consented to Removal</u>

As the United States District Court for the Central District of California has noted:

Removal is permissible only if all defendants named in the state action "join" in the petition for removal. *Chicago, Rock Island and Pacific Railway Co. v. Martin*, 178 U.S. 245, 44 L. Ed. 1055, 20 S. Ct. 854 (1900); *Gableman v. Peoria, Decatur and Evansville Railway Co.*, 179 U.S. 335, 337, 45 L. Ed. 220, 21 S. Ct. 171 (1900). However, every defendant need not actually sign the same petition. Non-petitioning defendants may simply consent to the removal of the action, thereby satisfying the substantive requirement that the defendants be unanimous in their choice of a federal forum. *Clyde v. National Data Corp.*, 609 F. Supp. 216, 218 (D.C. Ga. 1985). In accordance with 28 U.S.C. § 1446(b), that consent must

be manifested within the thirty day period beginning from the date upon which the non-petitioning defendant is served with the complaint.

*Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F. Supp. 560, 562 (C.D. Cal. 1988).

Downey filed a Notice of Consent to Removal on June 10, 2010, within the thirty day period beginning from May 11, 2010, the date upon which it was served with the Complaint. CMC and Deutsche Bank signed the removal petition. Therefore, the unanimous consent requirement has been satisfied.

**III.    CONCLUSION**

This Court has federal question jurisdiction over the Complaint, which was properly removed. There is no basis to remand the Complaint. As such, Defendants respectfully request the Court to deny the remand motion.

Dated: June 16, 2010

MALCOLM ♦ CISNEROS

By: _____*/s/ William G. Malcolm*_____
WILLIAM G. MALCOLM
Attorneys for CENTRAL MORTGAGE COMPANY and
DEUTSCHE BANK NATIONAL TRUST COMPANY
AS TRUSTEE FOR DOWNEY 2006-AR1