SHAHIDA ALI, et al.
688 FEATHERWOOD DRIVE
DIAMOND BAR, CA 91765
(951) 743-7452
Pro Per

FILED
2010 JUN 24 PM 12:16
CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT COURT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **SHAHIDA ALI**<br><br>Plaintiff,<br><br>vs.<br><br>**DOWNEY SAVINGS AND LOAN; CENTRAL MORTGAGE COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY; and DOES 1-100, Inclusive,**<br><br>Defendants. | Case No.: 2:10-cv-03798-GAF(FMOx)<br><br>Honorable Gary A. Feess<br><br>**OPPOSITION TO DEFENDANTS MOTION TO VACATE ENTRY OF DEFAULT AGAINST DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR DOWNEY 2006-AR1; MEMORANDUM OF POINTS AND AUTHORITIES THEREOF**<br><br>DATE: July 12, 2010<br>TIME: 9:30am<br>Ctrm: 740 |

Plaintiff Shahida Ali ("Plaintiff") respectfully submits the following opposition reply to the Motion to Vacate Default against Deutsche Bank National Trust Company. Please take notice that opposition will be addressed on July 12, 2010, at 9:30 AM, in courtroom 740.

**MEMORANDUM OF POINTS AND AUTHORITY OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE DEFAULT ORDER**

Plaintiff Shahida Ali ("Plaintiff") submits this memorandum of law in opposition to the motion (the "Motion") of Defendant Deutsche Bank National Trust Company ("Defendant") to

vacate the default entered against Defendant for failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.

## I. PRELIMINARY STATEMENT

An entry of default is a serious remedy that is warranted when a party has failed to appear or defend as required by the Federal Rules of Civil Procedure. An entry of default may be set aside upon a showing of "good cause." Defendant has failed to meet this standard. First, Defendants Motion to Vacate Default Order is utterly devoid of *any* reason justifying their failure to respond to Plaintiff's summons and complaint in this action, filed nearly four months ago, served nearly three months ago to Deutsche Bank National Trust Company. Second, Defendants have not even alleged a basis for, let alone submitted evidence of, a meritorious defense.

In Defendants motion papers, Case No. 2:10-cv-03798-GAF-FMO which simply consists of methods to avoid the merits that Plaintiff holds in her case by stating timely infraction rather than addressing the merits, Defendants cryptically states that the Default was correctly entered due to the timeframe of response, however, it must be noted that trying to remove the case on the day the Default was entered clearly indicates a method in attempting to avoid further litigation in Superior Court due to an untimely filing, and filing any answer at all in response to the suit. However, neither of the statements by Defendant constitutes a defense. In short, Defendants' motion lacks any merit and fails to meet the standards required by Rule 55(c) of the Federal Rules of Civil Procedure to set aside an Entry of Default. Defendant made numerous false statements indicating their contradictory position by arguing first, they were not aware of the default prior to May 25, 2010 (*Defendant's motion to dismiss, page 3, line 23*). However, Defendants were mailed out a copy of the Default on May 20th, 2010 (*Exhibit "A"*). In addition to mailing out a copy to the Law Firm of Malcolm Cisneros, three additional locations of Deutsche Bank received a copy of the very default prior to May 25, 2010. Second, Defendants argue "the clerk was asked to enter a default judgment but could not and did not do so because Ali's Complaint contains no contract causes of action, does not seek money damages alone, and does not demand a principal amount from Deutsche Bank or any other defendant." (*Motion to Set*

*Aside Default, Page 4, Lines 19-22)*. However, Defendants have failed to address the fact that they placed a STAY upon the civil matter, causing any filings to halt after a stay has been filed. As indicated by the clerk, the reason the Judgment had not been entered was due to the STAY placed upon the case on June 02, 2010 (Exhibit "B"). The judgment was attempted on June 03, 2010, one day after the Stay was placed though the clerk and two additional law firms have justified that a Judgment is warranted in such a situation, which is clearly indicative of the civil matter at hand. Contrary to what the Defendants have stated which is false, the fact prove that the Judgment was not entered due to a STAY as seen in Exhibit "B". Thirdly, Defendants once again made another false statement by claiming "no principal amount is specified in the Complaint." Clearly, the complaint states two principal amounts on two different pages within the complaint. On Page 9 of the original complaint, Plaintiff clearly indicates a minimum amount and on Page 31 of the original complaint, Plaintiff clearly indicates an amount in total damages arising from the neglect, fraud, and unauthorized sale of the property. (*Please see Original Complaint Page 9 and Page 31*). Clearly, this is indicating a principal amount. Fourthly, as stated in the Plaintiff's opposition to Defendants Motion to Dismiss, Plaintiff originally filed all paperwork in Superior Court and deems appropriate that the civil suit which the Plaintiff set forth, to be litigated in the court that the Plaintiff chose. Fifthly, Defendant claims that the Fraud cause of action in the Original Complaint is barred by the Statute of Limitations. **What Defendant has failed to address, which is the matter and issue at hand, is that Defendant is NOT in possession of a transfer of deed which originally should have gave authority to Downey Savings. Any transaction or transfer post Downey Savings is considered VOID especially since Downey Savings falsified and created their own Deed upon the Property and quickly transferred it to Deutsche Bank, while Deutsche Bank was fully aware of Downey's act with the Deed.** Plaintiff has already taken steps in addressing this issue with the District Attorney's Office resulting in an open investigation for Fraud and Criminal Charges against Deutsche Bank which hence, Plaintiff clearly has merit and as indicated, the default was properly and appropriately entered. Sixthly, Defendant claims that since Central Mortgage Company was served on May 12, 2010, giving them up to June 12, 2010 to respond has put

**OPPOSITION REPLY TO MOTION TO VACATE DEFAULT**

Central Mortgage Company in Default of their action. Defendants had plenty of time to attempt this very motion in Superior Court and still had enough time to answer for Central Mortgage Company making this removal UNTIMELY for both Deutsche Bank and Central Mortgage Company. Seventhly, none of the deadlines to answer by were extended, even attempted to extend at all which would have been clear indications for any efforts in providing answers to the Complaint and instead of working on the answer, Defendant willfully purported a removal one day after the due date for the answer in an attempt to "cover up" the actions of its client. As such, Defendant's Motion to Vacate Default Order should be denied.

## II. FACTUAL BACKGROUND

On March 15, 2010, Plaintiff Shahida Ali ("Plaintiff") filed a Complaint for Declaratory Relief and for Damages Arising from: 1. Declaratory Relief; 2. Fraud; 3. Tortious Violation of Statute; 4. Quiet Title; 5. Reformation; 6. Violation of Business and Professions Code Section 17200; 7. Violation of California Code of Civil Procedure section 2923.6; 8. Violation of California Code of Civil Procedure section 2923.5; 9. Violation of California Code of Civil Procedure section 2924; 10. Violation of California Code of Civil Procedure section 1788.17; Injunctive Relief against Central Mortgage Company ("CMC"), Deutsche Bank, and Downey Savings and Loan in the Los Angeles Superior County Superior Court (Case No. KC058246). Defendant was personally served with a copy of the summons and complaint on April 19, 2010. On May 20, 2010, Plaintiff filed an Entry of Default against Defendant Deutsche Bank National Trust Company. Defendants do not dispute that service was proper. Rule 12(a) of the Federal Rules of Civil Procedure gives Defendants twenty (20) days to answer or otherwise respond to the complaint. Fed.R.Civ.P. 12(a). On May 20, 2010, Plaintiff mailed a copy of the Default to Defendant's Counsel and 3 additional authorized agents of Deutsche Bank National Trust Company.

On June 02, 2010, Defendants placed a stay upon the underlying matter Superior Court causing any further filings in Superior Court to halt, ultimately stopping an entry of Judgment. On June 16, 2010, almost 2 months from when the Defendant was served, Defendant brought the disputed motion to set aside Default against Deutsche Bank National Trust Company. What

Defendant fails to realize is the factual response given by the Superior Court as to the reason for non-entry of a judgment which was quite simple: There was a stay placed on all proceedings on June 02, 2010, deeming that any filings be rejected whereas Defendant has completely FALSIFIED the reason behind a non-judgment. In addition, Defendant is devoid of any legally cognizable defenses warranting setting aside the entry of default.

### III. ARGUMENT

While Rule 55(c) of the Federal Rules of Civil Procedure provides this Court with the discretionary power to set aside an entry of default, it requires a showing of "good cause" to do so. Defendants request that this Court set aside the entry of default, but offer no evidence or a legally cognizable reason – *i.e.*, "good cause" – for doing so. Courts in the Second Circuit consider three factors when deciding whether to set aside a party's default: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Powerserve Int'l Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (*quoting Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). These factors should be balanced against the competing interest in "maintaining 'an orderly efficient judicial system' in which default is a useful weapon 'for enforcing compliance with the rules of procedure.'" *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320 (2d Cir. 1986) (*quoting* 10 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure Civil 2d*, § 2693 at 478.).

#### A. Defendant's Default was Willful

In order to establish willfulness, Plaintiff need not show bad faith on the part of Defendants, but must show more than mere negligence or carelessness. Courts have found defaults willful where the conduct of the adversary was "egregious and was not satisfactorily explained." *SEC v. McNulty*, 137 F.2d 732, 738 (2d Cir. 1998). *See United States v. Cirami*, 535 F.2d 736, 739 (2d Cir. 1976) (default found willful where an attorney failed, for unexplained reasons, to respond to a motion for summary judgment). *See also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (default found willful where adversary failed, for weak reasons, to comply with scheduling orders).

Defendants do not make a reasonable argument that their default was a result of negligence or carelessness since the factual record is clear – Defendants were properly served (at multiple locations for courtesy), well before May 25, 2010, which clearly indicates a willful negligence due to Defendants attempt to remove on May 20, 2010. The Defendants Motion to Vacate Default asserts that their actions were not willful. To the contrary, the record in this case makes unmistakably clear that the Defendant has "either an intent to thwart judicial proceedings or a reckless disregard for the effect of their conduct on judicial proceedings." Thompson v. American Home Assurance Co., 95 F.3d 429, 433 (6th Cir. 1996) (quoting INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 399.

As the facts add up, the Defendants knew about the time frame of response required and neglected to respond to the complaint whatsoever, rather than filing an answer, Defendant filed for a motion to remove. **If the Defendants had intention to respond to the complaint, they would have prepared a response to the complaint to file in Superior Court rather than the removal or even provided an answer for CMC.** Nowhere in Defendants Motion to Set Aside Default do they mention that they prepared any sort of response, rather only a removal. Clearly Defendants were well aware of the required response and willfully chose NOT to respond to the complaint, and rather remove one day after the response was due. Defendants Counsel is clearly attempting to "COVER UP" for their clients actions. Defendants have merely presented an excuse otherwise known as an Affidavit of Fault rather than excusable neglect or mistake, making their attempts clearly indicative of "covering up" for their client. Despite this, Defendants failed to answer or otherwise respond to Plaintiff's Complaint, and even failed to attempt in responding or answering the Default, let alone the Complaint.

**B. Setting Aside the Default Would Prejudice Shahida Ali, Plaintiff**

Defendants themselves placed a stay on the Complaint in Superior Court in an attempt to cease any further filings by Plaintiff. Defendants are attempting to dismiss themselves from the Complaint when there is a clear indication that the underlying question at hand, indicating Fraud, has yet to be answered by Defendants. The "Subject Property", at 688 Featherwood Dr., Diamond Bar, California 91765, has been compromised by Defendants role in assisting

**OPPOSITION REPLY TO MOTION TO VACATE DEFAULT**

fraudulent actions by accepting a fraudulent and purported Deed of Trust from Downey Savings, recording a Deed of Trust upon the property, an attempting an unauthorized foreclosure. Plaintiffs have suffered a great harm due to such actions. Plaintiff's business for elderly care was closed for more than one year due to the strain that Deutsche Bank presented upon Plaintiff and her family. In addition, Plaintiff attempted to tender payment for half of the amount in default to Deutsche Bank prior to foreclosure in which Deutsche Bank rejected payment and in addition, Central Mortgage Company stated they will not offer programs to help Plaintiff facing foreclosure in this troubling time. Subsequently, Plaintiff and members of her family have had to set aside education in medical school and their business for elderly care simply to deal with the underlying matter. **Despite all of this, there are clear merits to Plaintiff's case as indicated by absolutely no Transfer of Deed given to Downey Savings in which Downey Savings purported the Deed by making it up themselves and quickly transferred the Deed to Deutsche Bank in which they acted in an unauthorized foreclosure and sale of the Subject Property.** This has caused a great harm on Plaintiff and her family causing financial, emotional, and mental strain. In fact, Defendants Central Mortgage Company and Deutsche Bank have sent out three representatives, on three different occasions to the Plaintiff's property, threatening and harassing Plaintiff for lockout of the property without court order. Defendants continued to violate Plaintiff's right and continue to attempt to dismiss themselves when the facts indicate their involvement. Further delay will surely prejudice Plaintiff in its efforts to ensure the end of infringing conduct by the Defendants.

Moreover, every day of delay and setting aside this default would make it more likely that Defendants will attempt to dismiss themselves from the Complaint avoiding the Fraud that was committed, allowing them to continue litigating with pre-emptive plans of not answering the complaint within 30 days, and "covering up" for their clients as seen here by attempting to remove one day after the answer was due. This will prejudice Plaintiff extremely and may work a hardship on innocent family members who have set aside their entire medical education and were extremely hurt by the tactics of the Defendants. Not only will it prejudice the Plaintiff, but also additional members of her family.

### C. Defendants Did Not Present a Meritorious Defense

A party seeking to vacate an entry of default must proffer some evidence beyond conclusory denials to satisfy the meritorious defense factor. "[T]he moving party on a motion to reopen a default must support its general denials with some underlying facts." *Sony Corp.*, 800 F.2d at 320. While Defendants need not establish their defense conclusively, they "must present *evidence* of facts that, 'if proven at trial, would constitute a complete defense.'" *SEC v. McNulty*, 137 F.3d at 704, *quoting Enron Oil Co. v. Diakuhara*, 10 F.3d at 98) (emphasis added). Here, Defendants failed to present *any* evidence of facts that, if proven at trial, would constitute a complete defense. Defendants' motion, in its entirety, provides conclusive statements and verbatim rather than addressing a strong Defense. Although Defendant Deutsche Bank has had actual notice of the procedural orders governing this case and other documents affecting their interests, and has had the benefit of the advice of counsel -- who also has had actual notice of all this Court's orders, has repeatedly failed to comply with deadlines set by Superior Court orders and by the Local Rules of Civil Procedure. There is no plausible basis for a finding that the default in this action is due to exceptional circumstances of "mistake, inadvertence, surprise or excusable neglect." (*Motion to Vacate Default, Page 9*).

In addition to an absence of any legal foundation, Defendants have falsified reasoning as their underlying arguments that do not constitute a meritorious defense. Defendants sole basis for setting aside the default appears to be that (1) they were not made aware of the default prior to May 25, 2010 (Plaintiff clearly indicates proof of service to multiple authorized agents) (2) Defendant has 5 days to respond to a Default and Defendant alleges that a removal is sufficient enough in terms of a response. What is interesting though is that since Defendants are aware that the Original Complaint required a response within 30 days and the Default required a response within 5 days, they are using one Motion to Remove in attempting to justify two separate responses. Simply said, they are using the Motion to Remove as their argument in justifying two separate actions that required two separate responses. However, Defendants have alleged that they were not made aware of the Default prior to May 25, 2010 (*Please refer to Motion to Set Aside Default, Page 3, Lines 23-25*). Therefore, how is it possible that Defendants are using the

Motion to Remove as a proper response to the Default and the Complaint when they were apparently not aware of the Default prior to May 25, 2010? In addition, nowhere do Defendants indicate that they intended to respond to the Complaint; rather they intended to simply remove the case indicating their willingness in not responding and attempt in "covering up" for Deutsche Bank and CMC. Neither of the Defendants "allegations" constitutes a legally cognizable defense. In fact, they simply contradict their own argument when they attempt at establishing a reason for not preparing an answer whatsoever.  Good cause to open the default was not established because Defendants' default was willful, setting aside the default would prejudice Plaintiff and Defendants failed to demonstrate that they possessed a meritorious defense. Simply put, Defendants have not even come close to meeting its burden of proving that "good cause" exists for vacating the Entry of Default. In addition, Defendant claims that the Default would have been lifted as a matter of court. However, Defendants have completely presented false pretenses and if it were true, logically, then Defendants would have attempted to set aside the Default in Superior Court, within these almost 30 days that the Default had been entered making it factual that Deutsche Bank did NOT respond promptly in seeking relief from the Default and in an attempt to "cover up" for their client, removed to Federal Court. In addition, if their actions were not willful, then they would have provided an answer for Central Mortgage Company which they had until June 12, 2010 to do so. Rather, they once again, willfully, provided no response for CMC as well. Clearly the Defendants are culpable in their actions and willfully attempted to remove this matter rather than provide answers for any of the actions whatsoever. Finally, if this Court were to decide to vacate the default, Plaintiff respectfully requests that it only do so on condition of sanction precedent that Defendants pay the costs Plaintiff has incurred in obtaining the Entry of Default and in opposing this motion, which to date are approximately $4,851.50 by seeking legal advice from paralegals and legal counselors. Conditional vacatur has often been awarded in Rule 55(c) cases. *See, e.g., Coon v. Grenier*, F.2d 73, 79 (1st Cir. 1989) (vacatur conditioned on defendant's payment of costs and fees incurred in securing entry of default); *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 398, 419 (E.D. Pa. 1981).

///

**OPPOSITION REPLY TO MOTION TO VACATE DEFAULT**

## IV. CONCLUSION

For the reasons set forth above and in the accompanying declaration, Plaintiff respectfully requests that Defendants' Motion to Vacate Default Order be denied in all respects.

DATED:    23th day of May, 2010

Respectfully submitted,

*[signature]*

SHAHIDA ALI, PLAINTIFF

# EXHIBIT "A"

ATTORNEY OR PARTY WITHOUT ATTORNEY
SHAHIDA ALI
688 FEATHERWOOD DR.
DIAMOND BAR, CA 91765
PRO PER

SUPERIOR COURT COUNTY OF LOS ANGELES
400 CIVIC CENTER PLAZA
POMONA CA, 91766
POMONA COURTHOUSE SOUTH

PLAINTIFF/PETITIONER:     Shahida Ali

DEFENDANT/RESPONDENT:     Downey Savings and Loan; Central Mortgage Company; Deutsche Bank National Trust Company; and Does 1-100 Inclusive

CASE NUMBER: KC058246 H

# REQUEST FOR ENTRY DEFAULT
## SERVICE LIST

**DEUTSCHE BANK NATIONAL TRUST COMPANY**
1761 E. Saint Andrew Pl.
Santa Ana, CA 92705

**DEUTSCHE BANK AG**
60 Wall Street
New York, NY 10005

**DEUTSCHE BANK AG**
Theodor-Heuss-Allee 70
60262 FRANKFURT AM MAIN
Germany

**MALCOLM & CISNEROS**
**William G. Malcolm**
2112 Business Center Drive
Second Floor
Irvine, CA 92612

**DATED: 05/21/2010**

POS-030(D)

| SHORT TITLE: DOWNEY SAVINGS AND LOAN, ET. AL. v. ALI | CASE NUMBER: KC058246 H |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (DOCUMENTS SERVED)

*(This Attachment is for use with form POS-030)*

The documents that were personally served by first-class mail are as follows *(describe each document specifically):*

DEUTSCHE BANK NATIONAL TRUST COMPANY
1761 E. Saint Andrew Pl., Santa Ana, CA 92705

DEUTSCHE BANK AG
60 Wall Street
New York, NY 10005

DEUTSCHE BANK AG
Theodor-Heuss-Allee 70
60262 FRANKFURT AM MAIN, Germany

MALCOLM CISNEROS - William G. Malcolm
2112 Business Center Drive, Second Floor, Irvine, CA 92612

Form Approved for Optional Use
Judicial Council of California
POS-030(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (DOCUMENTS SERVED)**
(Proof of Service)

Page ____ of ____

American LegalNet, Inc.
www.USCourtForms.com

# EXHIBIT "B"

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| WILLIAM G. MALCOLM #129271<br>MALCOLM & CISNEROS<br>2112 BUSINESS CENTER DRIVE, 2ND FL.<br>IRVINE, CALIFORNIA 92612<br><br>TELEPHONE NO.: (949)252-9400    FAX NO. *(Optional)*: (949)252-1032<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Defendants, CENTRAL MORTGAGE CO. and DEUTSCHE BANK | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 400 CIVIC CENTER PLAZA |
| MAILING ADDRESS: same as above |
| CITY AND ZIP CODE: POMONA 91766 |
| BRANCH NAME: POMONA COURTHOUSE |

PLAINTIFF/PETITIONER: SHAHIDA ALI

DEFENDANT/RESPONDENT: DOWNEY SAVINGS AND LOAN, et al.

| NOTICE OF STAY OF PROCEEDINGS | CASE NUMBER:<br>KC058246<br>JUDGE: Hon. Minto R. Bruce<br>DEPT.: H |
|---|---|

**To the court and to all parties:**

1. Declarant *(name)*: WILLIAM G. MALCOLM

   a. [X] is  [ ] the party  [X] the attorney for the party who requested or caused the stay.

   b. [ ] is  [ ] the plaintiff or petitioner  [ ] the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. [X] With regard to all parties.

   b. [ ] With regard to the following parties *(specify by name and party designation)*:


3. Reason for the stay:

   a. [X] Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

   b. [ ] Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

   c. [ ] Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

   d. [ ] Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

   e. [ ] Other:


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: JUNE 2, 2010

WILLIAM G. MALCOLM
(TYPE OR PRINT NAME OF DECLARANT)                                        ▶ *(signature)*
                                                                                                              (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Legal Solutions Plus

Page 1 of 1
Cal. Rules of Court, rule 3.650