FILED

SHAHIDA ALI
688 FEATHERWOOD DRIVE
DIAMOND BAR, CA 91765
(951) 743-7452
Pro Per

2010 JUN 28  AM 11: 36

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| SHAHIDA ALI,<br><br>Plaintiff,<br><br>-VS-<br><br>DOWNEY SAVINGS AND LOAN;<br>CENTRAL MORTGAGE COMPANY;<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY; and DOES 1-100, Inclusive<br><br>Defendants. | Case No.: 2:10-cv-03798-GAF-(FMOx)<br><br>**PLAINTIFF SHAHIDA ALI'S REPLY TO DEFENDANTS CENTRAL MORTGAGE COMPANY, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR DOWNEY 2006-AR1, AND DOWNEY SAVINGS AND LOAN OPPOSITION TO MOTION TO REMAND TO SUPERIOR COURT; REPLY TO DEFENDANT'S OPPOSITION**<br><br>Date: July 12, 2010<br>Time: 9:30 a.m.<br>Ctrm: 740 |

Plaintiff Shahida Ali submits this Reply to Defendants' Opposition to her Motion to Remand in continual support to Remand this matter at hand back to California Superior Court County of Los Angeles. This opposition will be addressed on July 12, 2010, at 9:30 AM, in courtroom 740 before Honorable Judge Gary A. Feess.

## I.  INTRODUCTION

Defendants first argue that since the initial complaint contained federal issues, which the Defendants have shadowed into seeming as though there is federal question, Defendants state that this matter should not be remanded even though there are not any federal issues at question in the case. In addition, Defendants state that Plaintiff's third cause of action "alleges" a

1

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO REMAND

violation of RESPA which Defendants fail to state that RESPA is not mentioned at all within the original complaint. Defendants are simply "alleging" that RESPA is suggested for only one cause of action within the complaint when there is no question about RESPA within the entire complaint. Though there may be references to federal codes, as every law in this country uses the United States Constitution as a basis for determining state laws, the cause of action is not anywhere near in suggesting federal question. Next, the Defendants argue that the removal was timely. Defendants are simply claiming that only one out of the two Defendants that counsel represents still had time to answer the complaint before June 11, 2010 when the only way a removal can be considered timely is if it is removed within the 30 days from the time the FIRST defendant was served. Downey Savings and Loan consented outside of the 30 day period. Defendants fail to see that Deutsche Bank National Trust Company attempted to remove outside of the 30-day jurisdiction in removing a case to Federal Court. Though Central Mortgage Company ("CMC") still had time to answer, which any answer at all is yet to be filed, Defendants could have filed CMC's answer before removing, proving their good faith attempt. But, neither Defendant even attempted at filing a response before any of the deadlines. In fact, in the motions on file, Defendants do not mention, whatsoever, even working towards filing an answer, attempting to file an answer, or even having intentions to file an answer. Instead, their intentions were simply to file a removal which clearly display's Defendants disregard for attempting a good faith effort towards filing an answer. In addition, if Defendants felt they were timely in their removal, which should have been before May 19, 2010, Defendants could have still filed an answer for CMC since the Stay upon the proceedings was not placed until June 2, 2010, in which the Defendant's themselves placed upon the matter, avoiding filing any sort of answer. Defendants also argue that the Default does not deprive authority to remove the case to Federal Court. If Defendants felt that was true, they could have attempted to deal with the Default in Superior Court rather than attempting to use their Notice of Removal as a substitute answer to two separate pleadings: 1. Original Complaint; 2. Entry of Default.

///

///

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO REMAND

A. **The Removal Was Untimely, Defendant Downey Savings and Loan Did Not Consent Timely**

It is not sufficient to have a single defendant or even a majority of defendants seek removal. All must do so, or the court will hold the removal improper. *See, e.g.,* Schmidt v. Nat'l Org. for Women, 562 F. Supp. 210, 212 (N.D. Fla. 1983); McKinney v. Rodney, 464 F.Supp. 59, 62 (D.N.C. 1978); Reiken v. Nationwide Leisure Corp., 458 F. Supp 179, 182 (S.D.N.Y. 1978). See also *Adams v. Aero Servs. Int'l, Inc.*, 657. F. Supp. 519 (E.D. Va. 1987) (when removal made under 28 USC §1441(a) or §1441(b) defendants must be treated collectively and all who may properly join in removal petition (notice of removal) must join in or consent to it unless an exception exists).

**Each defendant who has been served must at least communicate its consent to removal to the court no later than thirty days from the day on which the FIRST defendant was served.** *See* Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262-63 (5th Cir. 1988), Smith v. Union Nat'l Life Ins. Co., 187 F. Supp. 2d 635, 641-647 (D. Miss. 2001). In this case, there is no current record that shows or indicates that a Notice of Consent to Removal was actually filed by Downey Savings and Loan prior to May 20, 2010. In the alternative, the notice of joinder of all defendants may be attached as an Exhibit to the notice of removal. Deutsche Bank's and CMC's Notice of Removal, which does not contain such Exhibit, is, therefore, defective.

28 U.S.C. §1446(c) clearly states that an answer is required within 30 days from the time of service. Default was entered in a timely manner whereas removal for DEUTSCHE BANK NATIONAL TRUST COMPANY was untimely and not according to 28 U.S.C. §1446(c). Lastly, Defendants claim that "all Defendants Timely Consented to Removal". Firstly, Plaintiff never received Downey Savings' Consent via mail at all. Secondly, William G. Malcolm, Malcolm Cisneros, representing law firm for Central Mortgage Company and Deutsche Bank, are not the attorney's on record for Downey Savings and Loan, now U.S. Bank. In addition, Defendant Downey Savings allegedly consented to the removal by an attorney that does not represent Downey Savings, well after the petition to remove was filed on May 20, 2010, meaning

3

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO REMAND

that at the time of removal, Downey Savings did not consent when necessary. Moreover, Deutsche Bank or CMC, in its Notice of Removal, has not made any allegations the filing defendant or its attorney had been authorized by the co-defendant to speak on their behalf on the removal issue. The court, therefore, does not now have to consider what, if any, effect such allegation would have. *See, e.g., Production Stamping*, 829 F.Supp. at 1076. Defendant prays that her motion to remand be granted before the Courts.

## II. FEDERAL LAW ENCOURAGES REMAND

As the U.S. Supreme Court said in *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987), the presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face on the plaintiff's properly pleaded complaint. In order to permit removal to federal court under 28 U.S.C. § 1441, the federal issue must be "substantial." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005). References to federal statutes in a petition or complaint should not trigger federal question jurisdiction. Where a complaint merely references federal regulations, federal question jurisdiction does not arise. *Coil v. Recovery Management Corp.*, 2005 WL 1182366 (W.D. Mo. 2005); *Sarantino v. American Airlines, Inc.*, 2005 WL 2406024 (E.D. Mo. 2005).

In determining whether federal question jurisdiction is present, courts are directed to determine whether the federal questions are " 'basic' and 'necessary' as opposed to 'collateral' and 'merely possible.' " *Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033, 1045 (9th Cir. 2003). In addition, courts must consider whether "the federal question is 'pivotal' as opposed to merely 'incidental.' " *Id.* "Is the federal question 'direct and essential' as opposed to 'attenuated?' " *Id.*

In view of these standards, a brief mention of federal regulations in the Complaint does not give rise to federal question jurisdiction because they do not raise a substantial issue in the case. The U.S. Supreme Court recognizes that the breach of federal statutes may, for example, support negligence per se claim as a matter of state law. *Grable*, 545 U.S. at 319. In *Grable*, the

Court addressed numerous situations where federal laws are implicated within the context of state common law claims yet there is no resulting federal question jurisdiction. *Id.*

Where a federal regulation may constitute an element of the state law claim it must be 'pivotal,' or 'substantial,' as opposed to merely 'incidental,' and the resolution of the federal question must play a significant role in the proceedings." See <u>Berg v. Leason, 32 F.3d 422, 424 (9th Cir. 1994)</u>, <u>North American Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229, 233 (2d Cir.1978)</u>, *Franchise Tax Board v. Construction Laborers Vacation* Trust, 103 S.Ct. at 2848, <u>Postal Instant Press v. Clark, 741 F.2d 256 at 257 (9th Cir.1984)</u>, <u>Smith v. Grimm, 534 F.2d 1346, 1350-51 (C.A.Cal. 1976)</u>, <u>Div. 1287, Amal. Trans. Union v. Kansas City Area Transp. Auth., 582 F.2d 444, 450 (8th Cir.1978)</u> (quoting <u>Baker v. Riss & Co., 444 F.2d 257, 259 (8th Cir.1971)</u>), *cert. denied*, <u>439 U.S. 1040 (1979)</u>. Thus, the resolution of the federal question must play a significant role in the proceedings. <u>Hunter v. United Van Lines, 746 F.2d 635, 646 (C.A.Cal. 1984)</u>

As the U.S. Supreme Court recently said, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." <u>Grable</u>, 545 U.S. at 313 (citing <u>Chicago v. Int. Coll. of Surgeons, 522 U.S. 156, 164 (1997)</u>; <u>Merrell Dow, 478 U.S. at 814 and at n.12</u>; and <u>Franchise Tax Bd. of Cal. v. Constr. Laborers Vac. Trust for So. Cal., 463 U.S. 1, 28 (1983)</u>).

### III. NO FEDERAL QUESTIONS/ISSUES

Defendants then attempt to fabricate federal jurisdiction with two arguments. One is that there are somehow federal issues in the complaint since the plaintiff refers to RESPA without RESPA ever being mentioned within the original complaint. There are no allegations of violation of federal law alleged. There are no federal issues which require interpretation. Following this line of thought, every complaint involves a federal question since all of our laws are answerable to the Constitution of the United States, and specifically to the Bill of Rights. Using the defendants' logic, a federal question arises when a state law is simply answering to the Constitution of the United States, which is unreasonable. The argument for federal question

arising is simply wrong, disingenuous, and is designed to both confuse and mislead this Court into the manufacture of federal jurisdiction based on Federal preemption.

### A. The Federal Issue Must Be a Necessary and "Essential Element" of the Claim

To permit removal under 28 U.S.C.§ 1441, the federal issue must involve a necessary and "essential element" of a claim. *See Grable, 545 U.S. at 315*. In Grable, the underlying controversy depended on the meaning of one federal notice statute. *Id*. ("it (the federal statute) appears to be the only legal or factual issue contested in the case"). Because the *entire case* turned on the interpretation of the federal statute, the interpretation of federal law was "essential" to the case.

Federal District Courts have examined a number of federal question jurisdiction cases subsequent to *Grable*. The post- *Grable* decisions have uniformly taken a very narrow view of *Grable*, and held that where a cause of action filed in state court is based on *both* state and federal theories, there is no federal question jurisdiction. In other words, if a claim of negligence is based on violation of state common law duties as well as federal regulations, the theory based on federal regulations is not "necessary" or "essential." *See, e.g., In re Circular Thermostat, 2005 WL 2043022 (N.D.Cal. August 24, 2005), Armitage v. Deutsche Bank AG, 2005 WL 3095909 (N.D.Cal. November 14, 2005), Coil v. Recovery Mgmt. Corp., 2005 WL 1182366 (W.D. Mo. 2005); Sarantino v. Am. Airlines, Inc., 2005 WL 2406024 (E.D. Mo. 2005)*. In the present case at bar, the Complaint states mainly state contracts, tort and property causes of action, such as Civil Conspiracy, Intentional and Negligent Infliction of Emotional Distress while not having a particular federal question as a cause of action. In addition to these state claims, Plaintiff pleaded violations of California and referenced Federal Statutes, which also comprise an element to the state claims. State courts are perfectly able to, and indeed they do every day, interpret the federal statutes for violations pleaded under both state and federal law.

**The complaint focuses on claims, not theories, and just because an element that is essential to a particular theory might be governed by federal law does not mean that the entire claim 'arises under' federal law.** *Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 811-13 (1988)*. By adhering to these rules, federal courts are prevented from becoming

"entangled" in state law controversies. *Patrickson v. Dole Food Company*, 251 F.3d 795, 799 (9th Cir. 2001).

Further, some courts have analyzed federal question jurisdiction under 28 U.S.C. §1331 in terms of whether or not the federal question is a "dispositive issue." Thus, in *First Hawaiian Bank v. Alexander*, 558 F.Supp. 1128 (D.C. Hawaii 1983), the court noted that "[o]nly where dispositive issues require the application of federal common law will §1331(a) be invoked." *Id.* at 1131. This same rule concerning "dispositive issues" was mentioned in *Heichman v. American Tel. & Tel. Co.*, 943 F.Supp. 1212 (C.D. Cal. 1995). The same approach was approved by the court in *Republic of Philippines v. Marcos*, 806 F.2d 344 (2nd Cir. 1986), wherein the court noted that the presence of "dispositive issues" should be used to interpret the extent and meaning of 28 U.S.C.§ 1331. *Id.*, at 353. In the case at bar, the third cause of action, as pleaded by Plaintiff, is nowhere dispositive of the entire case; in fact, it is but one of 11 causes of action. Because the federal regulations mentioned in a complaint are not "dispositive issues," there can be no argument that the issues are "essential" or "necessary" or "substantial" to the case. Accordingly, the case should be remanded to the state court for further proceeding.

**B. Removal Must not Disturb the Congressionally Prescribed Balance of Federal and State Judicial Responsibilities**

Furthermore, the *Grable* Court noted that even if there was a substantial and essential federal issue in the pleading, removal might still be inappropriate if the exercise of federal jurisdiction were to disturb "any congressionally approved balance of federal and state judicial responsibilities." *Grable*, at 2368.

Tort law, property law, and contract law are traditionally areas of law within the jurisdiction of state courts. *Wagner v. Chevron Oil Co.*, 321 F.Supp.2d 1195 (D.Nev. 2004) ("principles of federalism favor resolution of traditional state law causes of action arising under areas traditionally reserved to state law (such as tort, contract, and property law) in state court despite potentially significant federal interest").

The U.S. Supreme Court has found on several occasions that formally federal causes of action were not properly brought under federal-question jurisdiction because of the

7

overwhelming predominance of state-law issues in the case. Merrell Dow, 478 U.S. at 814; *see also* Shulthis v. McDougal, 225 U.S. 561, 569-570, 32 S.Ct. 704, 706-707, 56 L.Ed. 1205 (1912) ("A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends"); Shoshone Mining Co. v. Rutter, 177 U.S. 505, 507 (1900) ("[I]t was well settled that a suit to enforce a right which takes its origin in the laws of the United States is not necessarily one arising under the Constitution or laws of the United States, within the meaning of the jurisdiction clauses, for if it did every action to establish title to real estate (at least in the newer States) as all titles in those States come from the United States or by virtue of its laws").

According to the foregoing authorities, even if the Court should determine that the Complaint contained cause(s) of action which originated in federal law, the overwhelming majority of state causes of action in the present case would still tilt the scale towards a decision for remanding the proceedings to the state court where it originated.

### C. Unavailability of Federal Remedy Supports Remand

The unavailability of a federal remedy for claims based on federal statutes or rules mitigates against removal to federal court. The Court in *Grable* refers to the unavailability of a federal cause of action as being a "missing welcome mat" to any attempts at removal. *Grable*, at 318. "Ordinarily, of course, federal jurisdiction does not lie under 28 U.S.C. § 1331 where there is no right of action conferred by federal statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 841 (9th Cir. 2004). Remand is the general rule where there is no federal cause of action.

As such, it can be concluded that Congress did not intend for federal jurisdiction to arise from a state tort claim based on the mere reference to those regulations. Even if there was a cause of action provided to Plaintiff in the subject case, the availability of the federal remedy should not be dispositive of the issue. Under due process guarantees, the federal remedy not only must be available, but it also must be adequate for the federal courts to wrest jurisdiction from

the state court. For example, a plaintiff under TILA may only obtain a $1000 dollar fine for Defendants TILA violations, the remedy provided under the federal law, while available, is not adequate to compensate Plaintiff for his or her damages, which vastly exceed one thousand dollars. Consequently, this court should remand the case to the state court where it originated, and where the remedy available would be also adequate to compensate Plaintiff for the damages.

### D. Federal Jurisdiction is Further Limited to "Extraordinary" Situations Where There is "Complete Preemption"

It is expected that Defendants will attempt to base some arguments on the alleged "complete" preemption they claim is provided by the federal statutes mentioned in the Complaint. However, federal question jurisdiction based on preemption is limited to those "extraordinary" situations where there has been "complete" preemption. *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 862 (9th Cir. 2003). The *Ansley* court went on to note that the "United States Supreme Court has identified only three federal statutes that satisfy the test (of complete preemption)": (1) § 301 of the Labor-Management Relations Act, 29 U.S.C. §185; (2) § 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132; and (3) the usury provisions of the National Bank Act, 12 U.S.C. § 85, 86. *Id.* at 862 (internal citations omitted). By direct implication, the *Ansley* court held that other federal laws, such as TILA and RESPA, do not provide for "complete" preemption. Accordingly, if Defendants attempted to further some arguments for federal question jurisdiction based on preemption, Plaintiff prays that this Court reject those argument as specious and without merit.

The burden of proof is on Defendants Deutsche Bank National Trust Company, Central Mortgage Company, and Downey Savings and Loan to prove by a preponderance of the evidence that there is a federal nature still in plaintiff's claim. *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F2d 564, 566; *B., Inc. v. Miller Brewing Co.* (5th Cir. 1981) 663 F2d 545, 549; *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (CD CA 2002) 199 F.Supp.2d 993, 1000. Where removal was based on a federal question, and none of the causes of action within the original complaint state federal question, the court has wide discretion to retain or remand the supplemental state claims. *Taylor v. First of America Bank-Wayne* (6th Cir. 1993) 973 F2d 1284,

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO REMAND

1287 - court retains and decides state law claims; <u>Robertson v. Neuromedical Center (5th Cir. 1998) 161 F3d 292, 296</u> - "wide discretion" to remand. Remand is generally "preferable" to a dismissal. *Carnegie-Mellon University v. Cohill* (1988) 484 US 343, 351-352, 108 S.Ct. 614, 619-620; *Harrell v. 20th Century Ins. Co.* (9th Cir. 1991) 934 F2d 203, 205 - district court may decide state claims at the same time.

    In good faith and with respect to the Federal Court, there is no good reason for this Court to keep this case. All of the causes of action are California State Law claims. In the initial complaint, there were references to 12 U.S.C. Section 2601. It was based on these references that the Defendants found federal questions. It is not a cause of action, though it was referenced does not strictly mean that there is federal question, especially when all of the causes of action are California State Law claims. If this Court retains this case, it will place itself in a position of interpreting exclusively California State Law. The California State Courts are better equipped to handle state law issues.

## IV. CALIFORNIA LAW

    This Court will be called upon to make exhaustive interpretations of California law. This Court will be asked to interpret <u>California Civil Code §2924c(b)(1)</u> and its legal effect upon the notice provisions of non-judicial foreclosure law, and the propriety of the non-judicial foreclosure in this matter. It will be called upon to evaluate the California legislative intent of <u>California Civil Code §2923.5</u>, and the declaration, whether sworn or unsworn, that this section requires. This Court will be asked to determine the personal knowledge and particularity of the declaration required by <u>California Civil Code §2923.5</u>, and whether it is in agreement with the trial Court in Shahida Ali v. Deutsche Bank, Los Angeles County Superior Court Case 10U00237, which required personal knowledge and specificity. This Court will be asked to determine California Commercial Paper Law's which requires interpretations of the holder of the Note and the assignee of the deed of trust. This Court will be asked to establish whether there were proper assignments of the note to Downey Savings and Loan and to any successor after that. This Court will be asked to interpret what the California Legislature's intent was in enacting

Senate Bill 1137, and how should this intent be implemented through the statutes it enacted. This Court will be asked to interpret the relationship of Senate Bill 1137 to Assembly Billx2-7, and the avalanche of foreclosures which has befallen California. This Court will be asked to interpret whether the circumstances of and the terms of the loan upon the subject property located at 688 Featherwood Drive, Diamond Bar, California, 91765 were unconscionable. This Court will be asked to render novel interpretations of California law. Defendants seek to sell this Court on the argument that an interpretation of one cause of action simply "alleging" Defendants opinion that a federal question arises, doesn't seem to clear the burden of proof resting upon Defendants. All of this can be avoided by a remand of this matter to State Court.

## V. CONCLUSION

With respect to the Court, there is no good reason for this Court to retain this case. There are no federal questions remaining in this case. There is no federal preemption. This case will call for definitive interpretations of California State Law and none of any federal law. The California State Courts will be in a much better position to interpret recently enacted California law, and the requirements of California non-judicial foreclosure law than will Federal Court.

This matter is still early in the proceedings. The complaint is not settled. A first case management conference has not occurred, and Rule 26 disclosures have not been made as of the filing of this Reply. No discovery has occurred. Convenience and fairness concerns weigh in favor of remand. Despite Defendants' contentions, timing is very convenient for remand for several reasons. First, this case is very early in the proceedings. There is no answer on file. There has not been a single item of discovery exchanged between the parties. Therefore, it is a proper, appropriate, and convenient time for remand.

Additionally, these are state law claims arising under California common and statutory law. Although this court is certainly competent to adjudicate these issues, such state law claims are within the expertise and province of state court judges. In addition, Plaintiff never once alleged a federal claim for relief. Lastly, removal was untimely and all Defendants did not consent in time for proper removal. For all of the foregoing reasons and those set forth in

Plaintiff's moving papers, Plaintiff respectfully requests that this Court remand this action to the Superior Court of California for the County of Los Angeles.

Executed in Diamond Bar, California, on this 28th day of June 2010.

Respectfully Submitted,

*/s/ Shahida Ali*

SHAHIDA ALI