1  WILLIAM G. MALCOLM #129271
   DON ROBINSON #123411
2  MALCOLM ♦ CISNEROS
   2112 Business Center Drive
3  2nd Floor
   Irvine, California 92612
4  Telephone:     (949) 252-9400
   Telecopier:     (949) 252-1032
5
   Counsel for DEUTSCHE BANK NATIONAL TRUST COMPANY AS
6  TRUSTEE FOR DOWNEY 2006-AR1
7

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10 | SHAHIDA ALI,                          | Case No. 2:10-cv-03798-GAF -FMO
11 |                  Plaintiff,           |
12 |                                       | **REPLY TO PLAINTIFF'S OPPOSITION TO**
13 |          vs.                          | **MOTION TO VACATE CLERK'S ENTRY OF**
   |                                       | **DEFAULT AGAINST DEUTSCHE BANK**
14 |                                       | **NATIONAL TRUST COMPANY AS TRUSTEE**
   |                                       | **FOR DOWNEY 2006-AR1**
15 |                                       |
16 | DOWNEY SAVINGS AND LOAN;              |
   | CENTRAL MORTGAGE                      | **Date:  July 12, 2010**
17 | COMPANY; DEUTSCHE BANK                | **Time: 9:30 a.m.**
   | NATIONAL TRUST COMPANY; and           | **Ctrm: 740**
18 | DOES 1-100, Inclusive,                |
   |                  Defendants.          |
19 |                                       |

20         Defendant Deutsche Bank National Trust Company as Trustee for Downey 2006-

21 AR1 ("Deutsche Bank") respectfully submits the following reply to the opposition of Plaintiff

22 Shahida Ali ("Ali") to Deutsche Bank's motion to vacate the default entered against Deutsche

23 Bank by the Clerk of the Los Angeles County Superior Court on May 20, 2010 ("Ali

24 Opposition"), the same day that Central Mortgage Company removed the Complaint to this

25 Court.

26         Ali's opposition is based upon three major premises and a host of minor and

27 largely irrelevant arguments.  First, Ali asserts that Deutsche Bank's default was willful.  Ali

28 Opposition, pp. 5-6.  Second, Ali contends that "Defendants have not even alleged a basis for,

1    let alone submitted evidence of, a meritorious defense." *Id.* Third, Ali argues that setting aside

2    the default would prejudice her. *Id.*, pp. 6-7.

3                    **A.    <u>Deutsche Bank's Default Was Not Willful</u>**

4                As Ali concedes, in order to establish willfulness, "Plaintiff need not show bad

5    faith on the part of the Defendants, but must show more than mere negligence or carelessness."

6    Ali Opposition, p. 5.  Ali has failed to do so.  Indeed, she concedes that Defendants "neglected

7    to respond to the complaint ...." *Id.*, p. 6.

8                Ali's only "evidence" that the default was willful is the fact that Defendants filed

9    a notice of removal of the case rather than an answer.  Ali Opposition, p. 6.   This ignores the

10   fact that but for the default the removal would have extended the time to answer or present

11   defenses by seven days, a deadline Defendants met by filing the motion to dismiss on May 25,

12   2010, five days after the removal.

13               Deutsche Bank was served with the complaint on April 19, 2010.   Central

14   Mortgage Company ("CMC") was served on May 12, 2010. See Ali's Remand Motion, Exhibit

15   2.  An answer or notice of removal must be filed within 30 days of receipt of the initial pleading.

16   Thus, Deutsche Bank had until May 19, 2010 and CMC had until June 11, 2010 to answer or

17   remove the complaint.  Deutsche Bank and CMC filed the Notice of Removal on May 20, 2010,

18   the same day that Ali applied for the clerk's default.  The removal was timely as to CMC but

19   one day late as to Deutsche Bank.

20               Where a single defendant timely removes a case under § 1442, the entire
             case is thereby removed, regardless of whether the other defendants, federal
21           officials or not, properly join in the removal petition, or have themselves already
             filed untimely petitions. *Howes v. Childers*, 426 F. Supp. 358 (E.D. Ky. 1977).
22

23   *Plourde v. Ferguson*, 519 F. Supp. 14, 16 (D. Md. 1980); See also *Lewis v. City of Fresno*, 627

24   F.Supp.2d 1179, 1183 (E.D. Cal. 2008); *Coleman v. Assurant, Inc.*, 463 F.Supp.2d 1164, 1168

25   (D. Nev. 2006); *Bonner v. Fuji Photo Film*, 461 F.Supp.2d 1112 (N.D. Cal. 2006).

26               Pursuant to Rule 81(c)(2)(C) of the Federal Rule of Civil Procedure, a defendant

27   who has not answered before removal, must answer or present other defenses within 7 days after

28   the notice of removal is filed.  Deutsche Bank and CMC, which were unaware of the default,

1  fulfilled this requirement by filing a motion to dismiss the complaint pursuant to Rule 12(b)(6)

2  on May 25, 2010, five days after the notice of removal was filed.

3  William G. Malcolm, Deutsche Bank's attorney, has filed a declaration under

4  penalty of perjury stating that he overlooked the May 19, 2010 deadline. Declaration of

5  William G. Malcolm in Support of Motion to Vacate Clerk's Entry of Default ("Malcolm

6  Declaration"), p. 2, ¶ 2. According to Malcolm:

> The failure to file the Notice of Removal a day earlier was inadvertent. I did not make a conscious decision to wait until May 20, 2010 to remove the Complaint, nor did I intend to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process by doing so. I simply forgot the removal was due on May 19, 2010 and did not prod the assistant who had been delegated responsibility for preparing the Notice of Removal for my signature. She prepared the Notice of Removal on May 20, 2010 and I signed it on that date, unaware that it should have been filed a day earlier.

Malcolm Declaration, p. 2, ¶ 3.

13  Given the declaration, relief would be mandatory under California Code of Civil

14  Procedure § 473(b), which provides that "the court shall, whenever an application for relief is

15  made no more than six months after entry of judgment, is in proper form, and is accompanied by

16  an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect,

17  vacate any (1) resulting default entered by the clerk against his or her client, and which will

18  result in entry of a default judgment, or (2) resulting default judgment or dismissal entered

19  against his or her client, unless the court finds that the default or dismissal was not in fact

20  caused by the attorney's mistake, inadvertence, surprise, or neglect. [ …. ]

21  Relief is also appropriate under federal law. "Excusable neglect 'encompass[es]

22  situations in which the failure to comply with a filing deadline is attributable to negligence,"

23  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394, 113 S.Ct. 1489, 123

24  L.Ed.2d 74 (1993), and includes 'omissions caused by carelessness, *id.* at 388." *Lemoge v.*

25  *United States*, *supra*, 587 F.3d at 1192.

26  As the Ninth Circuit Court of Appeal has declared:

> While a district court has discretion to grant or deny a Rule 60(b) motion to vacate a default judgment, that discretion is limited by three policy considerations. First, since Rule 60(b) is remedial in nature, it must be liberally applied. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.), *cert. denied*, 484 U.S. 976,

108 S. Ct. 486, 487, 98 L. Ed. 2d 485 (1987). Second, default judgments are generally disfavored, and "whenever it is reasonably possible, cases should be decided upon their merits." *Pena v. Seguros Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Third, where a defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment. *Meadows*, 817 F.2d at 521.

*Gregorian v. Izvestia*, 871 F.2d 1515, 1523 (9th Cir. 1989)

## B. <u>Deutsche Bank Has Established a Meritorious Defense</u>

According to the Ninth Circuit Court of Appeals, "the burden on a party seeking to vacate a default judgment" in establishing a meritorious defense "is not extraordinarily heavy. See, e.g., *In re Stone*, 588 F.2d 1316, 1319 n.2 (10th Cir. 1978) (explaining that the movant need only demonstrate facts or law showing the trial court that 'a sufficient defense is assertible')." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001).

Deutsche Bank has demonstrated facts and law showing that a sufficient defense is assertible in both the motion to vacate the clerk's default and the motion to dismiss the complaint. Thus, Ali's assertion that "Defendants have not even alleged a basis for, let alone submitted evidence of, a meritorious defense" is utter nonsense.

As Deutsche Bank pointed out in the motion to vacate the default, Ali's declaratory relief cause of action is based upon a theory rejected by every court to consider the issue: that defendants cannot foreclose without producing the original promissory note. The fraud causes of action are barred by the statute of limitations and are based upon representations by parties other than Deutsche Bank. Although the caption of the complaint contains a ninth cause of action for violation of Civil Code § 2924, the ninth cause of action actually alleges a violation of Civil Code § 1572, which relates to "actual fraud." That cause of action is also barred by the statute of limitations, as is the cause of action for tortuous violation of statute (RESPA).

The reformation cause of action is largely a restatement of the fraud cause of action and does not name Deutsche Bank as a defendant. The quiet title cause of action is fatally defective in that it is not accompanied by a valid and viable tender of payment of the indebtedness owing. The cause of action for violation of Business and Professions Code §

17200 does not allege or identify any violation of the statute and is barred by the statute of limitations. Ali lacks standing to allege a violation of Civil Code § 2923.6 and cannot state a claim for violation of the Rosenthal Fair Debt Collection Practices Act since foreclosing on a property pursuant to a deed of trust is not debt collection within the meaning of the statute.

The injunction cause of action is moot since the foreclosure sale has already occurred. "The sole function of an action for injunction is to forestall future violations." *United States v. Oregon State Medical Soc.*, 343 U.S. 326, 332, 72 S. Ct. 690, 695, 96 L. Ed. 978 (1952). Though courts "'possess great authority, they lack the power, once a bell has been rung, to unring it.'" *Knaust v. City of Kingston, N.Y.*, 157 F.3d 86, 88 (2d Cir. 1998)(quoting *CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc.*, 48 F.3d 618, 621 (1st Cir. 1995)). "Where the activities sought to be enjoined already have occurred, … the action is moot, and must be dismissed." *Bernhardt v. County of L.A.*, 279 F.3d 862, 871 (9th Cir. 2002).

### C.   Ali Has Failed to Establish Prejudice

Ali's discussion of prejudice is largely incomprehensible[1] and largely revolves around the prejudice she allegedly suffered as a result of the acts allegedly giving rise to the complaint rather than any prejudice she would suffer as a result of vacating the default. In the one paragraph arguably relevant to the default, Ali asserts:

> [E]very day of delay and setting aside this default would make it more likely that Defendants will attempt to dismiss themselves from the Complaint avoiding the Fraud that committed, allowing them to continue litigating with pre-emptive plans of not answering the complaint within 30 days, and "covering up" for their clients as seen here by attempting to remove one day after the answer was due. This will prejudice Plaintiff extremely and may work hardship on innocent family members who have set aside their entire medical education and were extremely hurt by the tactics of the Defendants. Not only will it prejudice the Plaintiff, but also additional members of her family.

Ali's Opposition, p. 7.

Having to litigate a complaint on the merits is not prejudice. As the Ninth Circuit Court of Appeals has observed:

---

[1] See, e.g., the allegation that "Defendants are attempting to dismiss themselves from the Complaint when there is a clear indication that the underlying question at hand, indicating Fraud, has yet to be answered by Defendants." Ali's Opposition, p. 6.

1       To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk, supra*, 739 F.2d at 463; see also *Thompson v. American Home Assurance, supra*, 95 F.3d 429, 433-34 (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion").

    It should be obvious why merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment. For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so. A default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation. See *Bateman*, 231 F.3d at 1225 (no prejudice simply because a party loses a quick victory due to an opponent's procedural default and must litigate on the merits).

    Janet filed her motion to set aside the default judgment less than a month after it was entered, well within the one-year limit imposed by Rule 60(b). Since the entry of the default judgment against her, Janet has litigated diligently, and Kathleen points to no harm due to the short delay. Rather, Kathleen argues only that vacating the judgment would harm her because it would require her to continue litigating. But, as we have seen, the ordinary cost of litigating is simply not cognizable under Falk's prejudice factor. Nor has Kathleen suffered any cognizable prejudice merely by incurring costs in litigating the default. While Kathleen was, of course, entitled to litigate her claim any way she chose to, the fact that she chose to oppose vacating the default and was unsuccessful in doing so cannot establish prejudice.

*TCI Group Life Ins. Plan v. Knoebber, supra*, 244 F.3d at 701.

In the present case, Deutsche Bank also filed the motion to vacate the clerk's default less than a month after it was entered and has litigated diligently, having filed the motion to dismiss the complaint five days after the removal of the action from state court. Ali points to no harm due to the short delay other than being required to continue litigating and the cost of litigating the default. As such, Ali has failed to establish prejudice.

As a pro se litigant, she is not entitled to reimbursement of her fees in seeking legal advice from "paralegals and legal counselors." Ali Opposition, p. 9. See *Hannon v. Security National Bank*, 537 F.2d 327, 328-29 (9th Cir. 1976) (pro se litigants are not entitled to attorney's fees without express statutory authorization); *Ellis v. Cassidy*, 625 F.2d 227, 230 n.2 (9th Cir. 1980) (noting traditional federal rule denying attorney's fees to pro se litigants).

///

# I.   CONCLUSION

Although the application of Rule 60(b) is committed to the discretion of the district courts, the Ninth Circuit Court of Appeals "has admonished that, as a general matter, Rule 60(b) is 'remedial in nature and … must be liberally applied.' *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam)." *TCI Group Life Ins. Plan v. Knoebber, supra*, 244 F.3d 691, 695-696 (9th Cir. 2001).

The rule of liberal application is all the more appropriate in the present case because the clerk's default is not final; it is not on the merits; and it is not a judicial act.  161 Cal. App. 4th 509, 534 (2008).  Thus, the interest in the finality of judgments is not implicated and the interest in deciding the case on the merits is paramount.

Deutsche Bank did not willfully default, acted promptly in seeking relief from the clerk's default, and has a meritorious defense.  Ali will not be prejudiced by being forced to litigate on the merits.

As such, Deutsche Bank respectfully requests the Court to vacate the clerk's default.

Dated:  June 29, 2010

MALCOLM ♦ CISNEROS

By: _____
WILLIAM G. MALCOLM
Attorneys for DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR DOWNEY 2006-AR1