JS - 6    **LINK: 7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3798 GAF (FMOx) | Date | July 7, 2010 |
|---|---|---|---|
| Title | Shahida Ali v. Downey Savings and Loan et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

## ORDER REMANDING CASE

### I.
### INTRODUCTION & BACKGROUND

Plaintiff Shahida Ali ("Plaintiff") filed this action against Downey Savings and Loan, Central Mortgage Company, and Deutsche Bank National Trust Company (collectively, "Defendants") in Los Angeles County Superior Court on March 15, 2010. (See Not., Ex. A [Complaint].)[1]  Plaintiff served each defendant with the complaint on various dates thereafter: Deutsche Bank National Trust Company ("Deutsche Bank") was served on April 19, 2010 (Mot. to Remand, Ex. 2.); Downey Savings and Loan ("Downey") on May 11, 2010 (id., Ex. 1.), and Central Mortgage Company ("CMC") on May 12, 2010 (id.).  Defendants do not contest the accuracy of these dates of service. (See Opp. to Remand at 2.)

On May 20, 2010, default was entered against Deutsche Bank in state court. (Mot. to Remand ¶¶ 7, 14, Ex. 3.) The same day, Deutsche Bank and CMC removed the action to this Court. (Docket No. 1.) Downey separately filed a consent to removal on June 10, 2010. (Docket No. 15.)

Defendants' notice indicates that removal was "timely filed as thirty (30) days have not

---

[1] Plaintiff alleges "Defendants acted improperly in the origination and servicing of a mortgage loan" and "failed to disclose relevant information concerning the details and the origination of the loan...." (Mot. to Remand ¶¶ 4-5.)

JS - 6   **LINK: 7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3798 GAF (FMOx) | Date | July 7, 2010 |
|---|---|---|---|
| Title | Shahida Ali v. Downey Savings and Loan et al | | |

elapsed since Defendants became aware of the Complaint in this action." (Not. ¶ 11.) However, Defendants subsequently clarified that removal was timely only for CMC, and not for Deutsche Bank. (Opp. to Remand at 4.) Nevertheless, Defendants contend that because removal was timely for CMC, it was therefore timely for all Defendants. (Id.)

Plaintiff now moves to remand the case on four separate grounds: (1) Defendants removed after the 30-day statutory period and removal was therefore untimely; (2) Downey failed to join in the removal in violation of the unanimity requirement; (3) default against Deutsche Bank deprives Defendants of the ability to remove the case to federal court;[2] and (4) Plaintiff's claim does not involve a federal question.[3] Because this Court finds that Defendants' removal was both untimely, and in violation of the unanimity requirement, the Court **GRANTS** Plaintiff's remand motion. The Court explains its reasoning in greater detail below.

**II.
DISCUSSION**

**1. DEFENDANTS' REMOVAL WAS UNTIMELY**

In order to remove an action that was removable at the time of filing, a defendant must file a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b).

"There is currently a split of authority on the construction of § 1446(b) when applied to multiple defendants." United Computer Sys. v. AT&T Info. Sys., 298 F.3d 756, 763 n.4 (9th Cir. 2002); Bonner v. Fuji Photo Film, 461 F. Supp. 2d 1112, 1117 (N.D. Cal. 2006). Under the

---

[2] Default was entered against Deutsche Bank on May 20, 2010, the same date Deutsche Bank and CMC filed their notice of removal. (Mot. to Remand ¶¶ 7, 14; see id., Ex. 3 [Entry of Default].) Without citing any legal authority, Plaintiff argues that Deutsche Bank should be prohibited from removing this action due to the entry of default in the state court proceeding. (Id. ¶¶ 7, 14.) However, the Ninth Circuit does not prohibit a defendant from removing a case, assuming that removal is timely, even if default judgment has been previously entered against the defendant. See Butner v. Neustadter, 324 F.2d 783, 785 (9th Cir. 1963) ("The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as though it had been validly rendered in the federal proceeding."). Therefore, an entry of default against a single defendant does not abrogate Defendants' right to removal.

[3] Plaintiff's third claim for relief alleges Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. Federal law provides Plaintiff with this federal cause of action, and the Court therefore concludes that Plaintiff's complaint presents a federal question.

JS - 6   LINK: 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3798 GAF (FMOx) | Date | July 7, 2010 |
|---|---|---|---|
| Title | Shahida Ali v. Downey Savings and Loan et al | | |

"first-served" rule, the thirty-day period begins to run on the date the first defendant receives a copy of the initial complaint. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000) (collecting cases and adopting the first-served rule); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262-63 (5th Cir. 1988) ("In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)."). By contrast, under the "last-served" defendant rule, the last-served defendant is provided a full thirty days to remove after being served. See, e.g., Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999) (collecting cases and adopting the last-served rule); Bonner, 461 F. Supp. 2d at 1116-19 (N.D. Cal. 2006) (same). This Court maintains discretion to apply either the "first-served" or the "last-served" rule, and elects to adopt the former.

Under the "first-served" rule, the first-served defendant's failure to remove a state court action within thirty days precludes removal by later-served defendants. McAnally Enters., Inc., 107 F. Supp. 2d at 1226-28. The failure to file a timely notice of removal constitutes a procedural defect under 28 U.S.C. § 1446(b). Id. at 1226. Accordingly, because "remand may be ordered...for 'any defect' in the removal procedure," Aguon-Schulte v. Guam Election Com'n., 469 F.3d 1236, 1240 (9th Cir. 2006) (citing 28 U.S.C. § 1447(c)), remand is appropriate if the first-served defendant fails to file a timely removal notice. Id.

Here, CMC and Deutsche Bank filed their removal notice on May 20, 2010 (see [Docket No. 1].), and now concede that removal was more than thirty days after Deutsche Bank received Plaintiff's complaint. (See Opp. to Remand at 4 ("Deutsche Bank received the Complaint on April 19, 2010, and filed the notice of removal on May 20, 2010, one day late.").) Because Deutsche Bank failed to remove within the thirty-day time limit, Deutsche Bank is precluded from removing this action pursuant to 28 U.S.C. § 1446(b). Applying the "first-served" rule, CMC and Downey are also precluded from removing the action. The Court may therefore remand this matter for failure to file a timely notice of removal.

### 2. DEFENDANT DOWNEY FAILED TO PROPERLY JOIN IN THE REMOVAL

Alternatively, the court notes that remand is also appropriate because Defendants failed to file a unanimous notice of removal. In cases with multiple defendants, all defendants must join in the removal within the applicable thirty-day period. See 28 U.S.C. § 1446; Emrich v. Touche Ross & Co., 846 F. 2d 1190, 1193 n.1 (9th Cir. 1988); Foley v. Allied Interstate, Inc., 312 F. Supp. 2d 1279, 1282 (C.D. Cal. 2004) (citations omitted). This is known as the "rule of unanimity." Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) (citation omitted).

JS - 6  **LINK: 7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3798 GAF (FMOx) | Date | July 7, 2010 |
|---|---|---|---|
| Title | Shahida Ali v. Downey Savings and Loan et al | | |

Where, as here, a defendant has not joined in the removal, the removing party has the burden of explaining affirmatively the absence or non-joinder of any co-defendant in the notice of removal.  Prize Frize v. Matrix (U.S.), Inc., 167 F.3d 1261, 1266 (9th Cir. 1999); Parking Concepts, Inc. v. RSUI Group, Inc., 2009 WL 2973118, at *2-3 (C.D. Cal. Sept. 11, 2009).

Here, although Downey was served with the complaint on May 11, 2010 (Mot. to Remand, Ex. 1.), Downey initially failed to join in the removal and absent from the removal notice is any explanation for Downey's failure to consent.  Downey ultimately filed a separate consent to removal on June 10, 2010, but did so after the thirty-day statutory period had expired.  Accordingly, the Court finds that Deutsche Bank and CMC's failure to explain Downey's non-joinder in the removal, and Downey's failure to consent to the removal within the thirty-day statutory period, constitute additional procedural defects in Defendants' removal that mandate remand of the present action.

### III.
### CONCLUSION

Because Defendants' removal was both untimely, and in violation of the unanimity requirement, Plaintiff's remand motion is **GRANTED**.  The case is **REMANDED** to Los Angeles County Superior Court for all further proceedings.

The hearing presently scheduled for Monday, July 12, 2010, is hereby **VACATED**.

**IT IS SO ORDERED.**